IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION RECEIVED

| | | |
|---|---|---|
| KOCH FOODS OF ALABAMA, LLC,<br>an Alabama limited liability company, | ) ) ) | 2007 JUN 13  A 11: 45 |
| Plaintiff, | ) ) | |
| v. | ) ) ) | Case No. 2:07cv 522-MHT |
| GENERAL ELECTRIC CAPITAL<br>CORPORATION,<br>a Delaware corporation, | ) ) ) ) | |
| Defendant. | ) ) | **DEMAND FOR JURY TRIAL** |

## ANSWER TO COMPLAINT FOR DECLARATORY JUDGMENT AND FOR UNJUST ENRICHMENT AND COUNTERCLAIM FOR CONVERSION

Now comes Defendant General Electric Capital Corporation ("GE Capital") and files its Answer to Plaintiff Koch Foods of Alabama, LLC's ("Koch Foods") Complaint for Declaratory Judgment and for Unjust Enrichment (the "Complaint") and Counterclaim for Conversion (the "Counterclaim") against Koch Foods. In support thereof, GE Capital states as follows:

### ANSWER

1.    GE Capital admits the allegations contained in Paragraph 1 of the Complaint.

2.    GE Capital admits the allegations contained in Paragraph 2 of the Complaint.

3.    Paragraph 3 of the Complaint contains only a legal contention requiring no response; therefore, GE Capital makes none.

4.    Paragraph 4 of the Complaint contains only a legal contention requiring no response; therefore, GE Capital makes none.

5.    GE Capital admits the allegations contained in Paragraph 5 of the Complaint.

6.      GE Capital admits that Koch Foods was not originally a party to the Equipment Lease and denies the remaining allegations contained in Paragraph 6 of the Complaint.

7.      GE Capital admits the allegations contained in Paragraph 7 of the Complaint.

8.      GE Capital admits the allegations contained in Paragraph 8 of the Complaint.

9.      GE Capital admits the allegations contained in Paragraph 9 of the Complaint.

10.     GE Capital admits the allegations contained in Paragraph 10 of the Complaint.

11.     GE Capital admits that Koch Foods did not assume the Equipment Lease under the terms of the Bankruptcy Court Order and denies the remaining allegations contained in Paragraph 11 of the Complaint.

12.     GE Capital states that Koch Foods was aware since a time well prior to the date of the Bankruptcy Court Order (May 26, 2006) that the Equipment was owned by GE Capital as lessor under the Equipment Lease and denies the remaining allegations contained in Paragraph 12 of the Complaint.

13.     GE Capital denies that it has demanded that Koch Foods pay rental charges (other than in the context of pre-litigation settlement negotiations in which the potential amount of such charges was discussed) and states that GE Capital has demanded that Koch Foods pay the value of items and units of the Equipment converted by Koch Foods, as is more particularly alleged in the Counterclaim, and denies the remaining allegations contained in Paragraph 13 of the Complaint.

14.     GE Capital denies the allegations contained in Paragraph 14 of the Complaint.

15.     GE Capital restates its answers to Paragraphs 1 through 14 of the Complaint as its answer to Paragraph 15 of the Complaint.

16.     GE Capital admits the allegations contained in Paragraph 16 of the Complaint.

17.     GE Capital admits that it is the owner of the Equipment as lessor under the Equipment Lease and denies the remaining allegations contained in Paragraph 17 of the Complaint.

WHEREFORE, GE Capital prays that this Court deny Koch Foods all relief under Count I of the Complaint.

18.     GE Capital restates its answers to Paragraphs 1 through 17 of the Complaint as its answer to Paragraph 18 of the Complaint.

19.     GE Capital admits the allegations contained in Paragraph 19 of the Complaint.

20.     GE Capital reaffirms and restates its answer to Paragraph 13 of the Complaint as its answer to Paragraph 20 of the Complaint.

WHEREFORE, GE Capital prays that this Court deny Koch Foods all relief under Count II of the Complaint.

21.     GE Capital restates its answers to Paragraphs 1 through 20 of the Complaint as its answer to Paragraph 21 of the Complaint.

22.     This paragraph does not require a response.

23.     GE Capital denies the allegations contained in Paragraph 23 of the Complaint.

24.     GE Capital denies the allegations contained in Paragraph 24 of the Complaint.

25.     GE Capital denies the allegations contained in Paragraph 25 of the Complaint.

WHEREFORE, GE Capital prays that this Court deny Koch Foods all relief under Count III of the Complaint.

26.     GE Capital restates its answers to Paragraphs 1 through 25 of the Complaint as its answer to Paragraph 26 of the Complaint.

27.     This paragraph does not require a response.

28.      GE Capital denies the allegations contained in Paragraph 28 of the Complaint.

29.      GE Capital denies the allegations contained in Paragraph 29 of the Complaint.

30.      GE Capital denies the allegations contained in Paragraph 30 of the Complaint.

WHEREFORE, GE Capital prays that this Court deny Koch Foods all relief under Count IV of the Complaint.

## AFFIRMATIVE DEFENSES

### FIRST DEFENSE

Koch Foods' Complaint, and each and every count therein, fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

Except as expressly admitted herein, GE Capital denies all allegations contained in Koch Foods' Complaint.

### THIRD DEFENSE

Koch Foods' claims are barred, in whole or in part, by the doctrine of unclean hands or failure to do equity.

### FOURTH DEFENSE

Koch Foods' claims are barred pursuant to the equitable doctrines of judicial estoppel, equitable estoppel, and/or collateral estoppel.

### FIFTH DEFENSE

Koch Foods' claims are barred pursuant to the doctrines of waiver and laches.

### SIXTH DEFENSE

Koch Foods' claims, in whole or in part, are barred by lack of standing or lack of capacity.

## SEVENTH DEFENSE

Koch Foods is not entitled to a possessory lien from GE Capital under Alabama law.

## EIGHTH DEFENSE

GE Capital denies that Koch Foods is entitled to damages of the nature, type, and amount sought in the Complaint.

## NINTH DEFENSE

To the extent that discovery may show or demonstrate, Koch Foods, at all relevant times herein, failed to take reasonable action to mitigate the damages alleged in the Complaint.

## TENTH DEFENSE

GE Capital hereby gives notice that it intends to rely upon such other affirmative or supplemental defenses as may become available or apparent during the course of discovery and thus reserves the right to amend its Answer to assert any such defenses.

## **COUNTERCLAIM**

1.     GE Capital is a corporation organized under the laws of Delaware with its principal place of business located in Stamford, Connecticut. At all times relevant hereto, GE Capital was in the business, _inter_ _alia_, of leasing food processing equipment to food processors.

2.     Koch Foods is a limited liability corporation organized under the laws of Alabama with its headquarters located in Park Ridge, Illinois, and a production facility located in Montgomery, Alabama. At all times relevant hereto, Koch Foods was in the business of processing and selling poultry products.

GE Capital's Lease of Equipment
to Sylvest Farms

3.     On or about December 29, 2005, GE Capital, as lessor, and Sylvest Farms, Inc.

("Sylvest Farms"), as lessee, entered into a Master Lease Agreement of that date (the "Master

Lease").   Pursuant to the Master Lease, Sylvest Farms leased from GE Capital the food

processing equipment and related items listed on Schedule No. 001 to the Master Lease

("Schedule 001").   Sylvest Farms took possession of the equipment listed on Schedule 001 at

its chicken de-boning and processing facility located at 4530 Mobile Road, Montgomery,

Alabama (the "Facility"), on or shortly after the date of the Master Lease.   True and correct

copies of the Master Lease and Schedule 001 are attached to the Complaint.

4.     The equipment listed on Schedule 001 and leased by Sylvest Farms from GE

Capital includes the following:   Model 2006 de-boner with double cone lure, product

conveyors, and loading bin; serial number 36019-01A; manufactured by D&F Equipment

Sales; and having a capitalized lessor's cost of $846,545.00 (collectively, the "Equipment").

The Bankruptcy and Sale
of Sylvest Farms

5.     On or about April 18, 2006, Sylvest Farms filed a voluntary petition for

bankruptcy in Case No. 06-40525-TBB11 (the "Bankruptcy Case") in the United States

Bankruptcy Court for the Northern District of Alabama, Eastern Division (the "Bankruptcy

Court").

6.     Also on or about April 18, 2006, Sylvest Farms, as seller, and Koch Foods, as

buyer, entered into an Asset Purchase Agreement of that date, which provided for the sale of

substantially all of the assets of Sylvest Farms.   This sale included the Facility.

- 6 -

7.     On or about May 26, 2006, the Bankruptcy Court approved the Asset Purchase Agreement, and, at that time, Koch Foods purchased substantially all of the assets of Sylvest Farms.

8.     On or about June 6, 2006, the Bankruptcy Court entered its Order Granting Debtors' Motion for Entry of Order Authorizing the Rejection of Certain Unexpired Leases and Executory Contracts (the "Rejection Order"). The Master Lease was rejected pursuant to the Rejection Order.

Conversion of the Equipment<br>by Koch Foods

9.     Following entry of the Rejection Order and the rejection of the Master Lease, GE Capital contacted Koch Foods regarding the need to relocate the Equipment from the Facility. Koch Foods advised GE Capital that it would not be necessary to relocate the Equipment at that time, and that it could remain stored at the Facility while GE Capital marketed it for resale.

10.     Following entry of the Rejection Order and the rejection of the Master Lease, and without the consent of GE Capital, Koch Foods began using the Equipment for its own purposes. Specifically, Koch Foods began using the Equipment for the de-boning and processing of chicken. This included the use by Koch Foods of portions of the Equipment that were not previously in use by Sylvest, and indeed had not even been installed and made operational, at the time Koch Foods purchased the Facility.

11.     Koch Foods continues to use the Equipment.

12.     Koch Foods has not made any payments to GE Capital for its continued and continuing use of the Equipment.

13.    Koch Foods is currently exercising dominion and control over the Equipment inconsistent with the rights of GE Capital.

14.    GE Capital owns the Equipment and has owned the Equipment at all times relevant hereto. At no time has GE Capital consented to use of the Equipment by Koch Foods.

15.    Koch Foods has:

    (a)    committed unauthorized acts by which GE Capital has been deprived of its personal property indefinitely;

    (b)    made an unauthorized assumption or exercise of the right of ownership over personal chattels belonging to GE Capital through the alteration of their condition or the exclusion of GE Capital's rights;

    (c)    exercised dominion over property inconsistent with the rights of GE Capital; and/or

    (d)    exercised unauthorized acts of dominion or ownership over property belonging to GE Capital.

16.    GE Capital has made demand upon Koch Foods for return and surrender of the Equipment, but, despite demand, Koch Foods failed to surrender the Equipment and instead used and converted it to its own purposes.

17.    Koch Foods has knowingly violated GE Capital's rights in the Equipment and continues to do so.

18.    In its conversion of the Equipment, Koch Foods has acted with legal malice, willfulness, insult, and/or other aggravated circumstances.

19.    Under controlling law, Koch Foods is liable to GE Capital for the value of the Equipment as of the date of its conversion, the said amount being at or near its capitalized cost of $846,545.00.

20.    Under controlling law, Koch Foods is liable to GE Capital for interest at the applicable rate on the value of the Equipment as of the date of its conversion.

21.    Under controlling law, Koch Foods is liable to GE Capital for punitive damages.

WHEREFORE, GE Capital prays this Court to enter judgment in its favor and against Koch Foods in an amount equal to the value of the Equipment at the time of its conversion, plus interest at the applicable rate from the date of its conversion, plus punitive damages, said amounts to be proven at trial in this matter, together with any and all other and additional amounts to which justice and equity entitle GE Capital. GE Capital demands a trial by jury in this matter.

Respectfully submitted,

*Rusha C. Smith*

Rusha C. Smith
Attorney for Defendant General Electric Capital Corporation

OF COUNSEL:
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

OF COUNSEL:
Alexander Terras
Timothy Scott Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606
Telephone: (312)207-1000
Facsimile: (312) 207-6400

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing pleading has been served upon counsel of record addressed as follows:

Thomas G. Mancuso, Esq.
Mancuso & Franco, P.C.
7515 Halcyon Summit Drive
Suite 301
Montgomery, AL 36117

Eugene J. Geekie, Jr., Esq.
Mike Xu, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606

by placing same in the United States mail, postage prepaid, on this the 13th day of June, 2007.



OF COUNSEL