**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| KOCH FOODS OF ALABMA, LLC, ) <br> An Alabama Limited Liability company ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GENERAL ELECTRICAL CAPITAL ) <br> CORPORATION ) <br> A Delaware corporation ) <br> ) <br> Defendant. ) | Case No. 07-cv-522-MHT <br><br> Honorable Myron H. Thompson <br> Honorable Terry F. Moorer <br><br> Jury Trial Demanded |

**ANSWER OF KOCH FOODSTO GENERAL ELECTRICAL**
**CAPITAL CORPORATION'S COUNTERCLAIM**

Koch Foods of Alabama, LLC ("Plaintiff"), through its undersigned attorneys, hereby answers the counterclaim (the "Counterclaim") of General Electrical Capital Corporation ("Defendant") as follows:

1. GE Capital is a corporation organized under the laws of Delaware with its principal place of business located in Stamford, Connecticut. At all times relevant hereto, GE Capital was in the business, <u>inter alia,</u> of leasing food processing equipment to food processors.

**ANSWER TO PARAGRAPH 1:** Upon information and belief, Plaintiff admits the allegations set forth in Paragraph 1 of the Counterclaim.

2. Koch Foods is a limited liability corporation organized under the laws of Alabama with its headquarters located in Park Ridge, Illinois, and a production facility located in Montgomery, Alabama. At all times relevant hereto, Koch Foods was in the business of processing and selling poultry products.

**ANSWER TO PARAGRAPH 2:** Plaintiff denies that its headquarters is located in Park Ridge, Illinois. Plaintiff admits the remaining allegations set forth in paragraph 2 of the Counterclaim.

GE Capital's Lease of Equipment
To Sylvest Farms

3. On or about December 29, 2005, GE Capital, as lessor, and Sylvest Farms, Inc. ("Sylvest Farms"), as lessee, entered into a Master Lease Agreement of that date (the "Master Lease"). Pursuant to the Master Lease, Sylvest Farms leased from GE Capital the food processing equipment and related items listed on Schedule No. 001 to the Master Lease ("Schedule 001"). Sylvest Farms took possession of the equipment listed on Schedule 001 at its chicken de-boning and processing facility located at 4530 Mobile Road, Montgomery, Alabama (the "Facility"), on or shortly after the date of the Master Lease. True and correct copies of the Master Lease and Schedule 001 are attached to the Complaint.

**ANSWER TO PARAGRAPH 3:** Upon information and belief, Plaintiff admits that GE Capital, as lessor, and Sylvest Farms, as lessee, entered into the Master Lease. Upon information and belief, Plaintiff admits that, pursuant to the Master Lease, Sylvest Farms leased from GE Capital the food processing equipment and related items listed on Schedule No. 001. Plaintiff lacks information sufficient to form a belief as to the truth or falsity of the remaining allegations set forth in paragraph 3, and therefore denies the same.

4. The equipment listed on Schedule 001 and leased by Sylvest Farms from GE Capital includes the following: Model 2006 de-boner with double cone lure [sic], product conveyors, and loading bin; serial number 36019-01A; manufactured by D&F Equipment Sales; and having a capitalized lessor's cost of $846,545.00 (collectively, the "Equipment").

**ANSWER TO PARAGRAPH 4:** Plaintiff lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 4, and therefore denies the same.

The Bankruptcy and Sale<br>of Sylvest Farms

5. On or about April 18, 2006, Sylvest Farms filed a voluntary petition for bankruptcy in Case No. 06-40525-TBB11 (the "Bankruptcy Case") in the United States Bankruptcy Court for the Northern District of Alabama, Eastern Division (the "Bankruptcy Court").

**ANSWER TO PARAGRAPH 5:    Upon information and belief, Plaintiff admits the allegations set forth in Paragraph 5 of the Counterclaim.**

6. Also on or about April 18, 2006, Sylvest Farms, as seller, and Koch Foods, as buyer, entered into an Asset Purchase Agreement of that date, which provided for the sale of substantially all of the assets of Sylvest Farms. This sale included the Facility.

**ANSWER TO PARAGRAPH 6:    Plaintiff admits the allegations set forth in Paragraph 6 of the Counterclaim.**

7. On or about May 26, 2006, the Bankruptcy Court approved the Asset Purchase Agreement, and, at that time, Koch Foods purchased substantially all of the assets of Sylvest Farms.

**ANSWER TO PARAGRAPH 7:    Plaintiff admits the allegations set forth in Paragraph 7 of the Counterclaim.**

8. On or about June 6, 2006, the Bankruptcy Court entered its Order Granting Debtors' Motion for Entry of Order Authorizing the Rejection of Certain Unexpired Leases and Executory Contracts (the "Rejection Order"). The Master Lease was rejected pursuant to the Rejection Order.

**ANSWER TO PARAGRAPH 8:    Plaintiff lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 8, and therefore denies the same.**

Conversion of the Equipment<br>by Koch Foods

9. Following entry of the Rejection Order and the rejection of the Master Lease, GE Capital contacted Koch Foods regarding the need to relocate the Equipment from the Facility. Koch Foods advised GE Capital that it would not be necessary to relocate the Equipment at that time, and that it could remain stored at the Facility while GE Capital marketed it for resale.

**ANSWER TO PARAGRAPH 9:** **Plaintiff denies the allegations set forth in paragraph 9 of the Counterclaim. Plaintiff states that Plaintiff has demanded on several occasions that Defendant remove the Equipment from its plant in an effort to settle the dispute. Plaintiff further states that, on these occasions of Plaintiff's demand, Plaintiff reserved the remedies available to Plaintiff, including the right to claim that Plaintiff owns the Equipment.**

10. Following entry of the Rejection Order and the rejection of the Master Lease, and without the consent of GE Capital, Koch Foods began using the Equipment for its own purposes. Specifically, Koch Foods began using the Equipment for the de-boning and processing of chicken. This included the use by Koch Foods of portions of the Equipment that were not previously in use by Sylvest, and indeed had not even been installed and made operational, at the time Koch Foods purchased the Facility.

**ANSWER TO PARAGRAPH 10:** **Plaintiff denies the allegations set forth in paragraph 10 of the Counterclaim because Plaintiff used the Equipment with Defendant's knowledge and consent, to the extent any consent was necessary.**

## BACKGROUND FACTS

11. Koch Foods continues to use the Equipment.

**ANSWER TO PARAGRAPH 11:** **Plaintiff denies the allegations set forth in paragraph 11 of the Counterclaim.**

12. Koch Foods has not made any payments to GE Capital for its continued and continuing use of the Equipment.

**ANSWER TO PARAGRAPH 12:** **Plaintiff admits that it has not made any payments to Defendant because Plaintiff does not owe them, and denies the remaining allegations set forth in paragraph 12 of the Counterclaim. Plaintiff states that Defendant has**

**never made demand for such payments or provided any invoices or bills for use of the Equipment.**

      13.    Koch Foods is currently exercising dominion and control over the Equipment inconsistent with the rights of GE Capital.

      **ANSWER TO PARAGRAPH 13:**    **Plaintiff denies the allegations set forth in paragraph 13 of the Counterclaim.**

      14.    GE Capital owns the Equipment and has owned the Equipment at all times relevant hereto. At no time has GE Capital consented to use of the Equipment by Koch Foods.

      **ANSWER TO PARAGRAPH 14:**    **Plaintiff lacks information sufficient to form a belief as to the truth or falsity of the allegations set forth in paragraph 14, and therefore denies the same. Plaintiff states that, because the Equipment are fixtures attached to Plaintiff's plant, Plaintiff owns the Equipment. Plaintiff further states that, in the alternative to Plaintiff's ownership claim of the Equipment, Plaintiff maintains a possessory lien as a bailee for hire on the Equipment because Plaintiff incurred storage costs after Defendant refused to remove the Equipment despite Plaintiff's demand.**

      15.    Koch Foods has:(a)committed unauthorized acts by which GE Capital has been deprived of its personal property indefinitely; (b) made an unauthorized assumption or exercise of the right of ownership over personal chattels belonging to GE Capital through the alteration of their condition or the exclusion of GE Capital's rights; (c) exercised dominion over property inconsistent with the rights of GE Capital; and/or (d) exercised unauthorized acts of dominion or ownership over property belonging to GE Capital.

      **ANSWER TO PARAGRAPH 15:**    **Plaintiff denies the allegations set forth in paragraph 15 of the Counterclaim.**

      16.    GE Capital has made demand upon Koch Foods for return and surrender of the Equipment, but, despite demand, Koch Foods failed to surrender the Equipment and instead used and converted it to its own purposes.

**ANSWER TO PARAGRAPH 16:   Plaintiff denies the allegations set forth in Paragraph 16 of the Counterclaim.  Plaintiff states that, despite Plaintiff's demand made in an effort to settle this matter, Defendant has refused to remove the Equipment from Plaintiff's plant.**

17.     Koch Foods has knowingly violated GE Capital's rights in the Equipment and continues to do so.

**ANSWER TO PARAGRAPH 17:   Plaintiff denies the allegations set forth in Paragraph 17 of the Counterclaim.**

18.     In its conversion of the Equipment, Koch Foods has acted with legal malice, willfulness, insult, and/or other aggravated circumstances.

**ANSWER TO PARAGRAPH 18:   Plaintiff denies the allegations set forth in Paragraph 18 of the Counterclaim.**

19.     Under controlling law, Koch Foods is liable to GE Capital for the value of the Equipment **as** of the date of its conversion, the said amount being at or near its capitalized cost of $846,545.00.

**ANSWER TO PARAGRAPH 19:   Plaintiff denies the allegations set forth in paragraph 19 of the Counterclaim.**

20.     Under controlling law, Koch Foods is liable to GE Capital for interest at the applicable rate on the value of the Equipment as of the date of its conversion.

**ANSWER TO PARAGRAPH 20:   Plaintiff denies the allegations set forth in paragraph 20 of the Counterclaim.**

21.     Under controlling law, Koch Foods is liable to GE Capital for punitive damages.

**ANSWER TO PARAGRAPH 21:   Plaintiff denies the allegations set forth in paragraph 21 of the Counterclaim.**

## **AFFIRMATIVE DEFENSES**

### **First Affirmative Defense**

Defendant's Counterclaim, each and every count, thereof, separately and severally, fails to state a claim upon which relief can be granted.

### **Second Affirmative Defense**

Defendant consented to Plaintiff's alleged use of the Equipment.

### **Third Affirmative Defense**

Plaintiff fails to plead its claims giving rise to punitive damages with particularity.

### **Fourth Affirmative Defense**

Defendant's counterclaims is barred by the doctrine of unclean hands.

### **Fifth Affirmative Defense**

Plaintiff maintains a possessory lien on the Equipment that Defendant claimed that it owned.

### **Sixth Affirmative Defense**

Plaintiff has rights of setoff and recoupment against any sums found owing on Defendant's counterclaim.

### **Seventh Affirmative Defense**

Defendant's counterclaim is barred due to estoppel resulting from Defendant's conduct, or lack thereof, and by detrimental reliance on such conduct by Koch.

### Eighth Affirmative Defense

Plaintiff reserves its right to assert additional defenses that may become apparent upon further investigation, discovery, examination or cross-examination.

WHEREFORE, Plaintiff, Koch Foods of Alabama LLC, requests judgment in its favor as to all claims against it in the Counterclaim, for costs and attorneys' fees, and for such other and further relief as is just and proper.

### DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), the Defendant hereby demands a jury trial on all claims against it that are so triable.

Dated: July 10, 2007

        Respectfully submitted,

        By: /s/ Zhiyuan Xu
        One of the attorneys for Plaintiff

Thomas G. Mancuso
Mancuso & Franco, P.C.
7515 Halcyon Summit Drive, Suite 301
Montgomery, Alabama 36117
334481-1800

OF COUNSEL
Eugene J. Geekie, Jr. (Illinois Bar No. 6195060)
Zhiyuan "Mike" Xu (Illinois Bar No. 6292094)
SCHIFF HARDIN LLP

6600 Sears Tower
Chicago, IL 60606
(312) 258-5500 (telephone)
(312) 258-5600 (facsimile)

CH2\ 1926853.2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | |
|---|---|
| KOCH FOODS OF ALABMA, LLC, ) <br> An Alabama Limited Liability company ) <br> Plaintiff, ) <br> v. ) <br> GENERAL ELECTRICAL CAPITAL ) <br> CORPORATION ) <br> A Delaware corporation ) <br> Defendant**.** ) | Case No. 07-cv-522-MHT <br><br><br><br> Honorable Myron H. Thompson <br> Honorable Terry F. Moorer |

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on the 10th day of July, 2007, service of true and complete copies of *Answer of Koch Foods To General Electrical Capital Corporation's Counterclaim* was made upon:

Rusha Christina Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Email: rsmith@bradleyarant.com
cmstewart@bradleyarant.com

Timothy Scott Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Suite 4000
Chicago, IL 60606
Email: tharris@reedsmith.com

Thomas Glenn Mancuso
Mancuso & Franco, PC
7515 Halcyon Summit Drive, Suite 301
Montgomery, AL 36117
Email: tgm@mancusofranco.com
kh@mancusofranco.com

Zhiyuan Xu
Schiff Hardin LLP
233 S Wacker Drive
Chicago, IL 60606
Email:mxu@schiffhardin.com
micxu@yahoo.com

electronically via the Case Management/Electronic Case Filing (CM/ECF) system maintained by the United States District Court for the Middle District of Alabama, and upon:

Alexander Terras
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606

by placing the same in the United States mail, postage prepaid, on this the 11th day of July, 2007.

/s/ Zhiyuan Xu
Zhiyuan Xu

CH2\ 1936621.1