**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| KOCH FOODS OF ALABAMA, LLC, an Alabama limited liability company, | ) ) ) | Case No. 07-cv-522-MHT |
| Plaintiff and Counter-Defendant, | ) ) | |
| v. | ) ) | Honorable Myron H. Thompson Honorable Terry F. Moorer |
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation, | ) ) ) ) | |
| Defendant and Counter-Plaintiff. | ) ) | |

GE CAPITAL'S RESPONSE TO THE COURT'S ORDER TO
SHOW CAUSE ENTERED OCTOBER 25, 2007, AND RESPONSE
TO KOCH'S MOTION FOR PROTECTIVE ORDER AND FOR
SANCTIONS AGAINST COUNSEL FOR GE CAPITAL

Defendant and Counterclaim-plaintiff, General Electric Capital Corporation

("GE Capital"), through its attorneys, responds to the Court's Order to Show Cause entered

October 25, 2007, Court Docket No. 23, and to the Motion for Protective Order and for

Sanctions Against Counsel for GE Capital ("Koch's Motion") as filed by Plaintiff and

Counterclaim-defendant, Koch Foods of Alabama, LLC ("Koch"), Court Docket No. 22, as

follows:

## I. INTRODUCTION

1.      Koch fails to establish a legal basis upon which this Court can grant any of the

relief sought in its Motion.  Koch seeks:  (1) a protective order with respect to a document

(defined by Koch as "KOCH 939") which it produced to GE Capital during discovery; and

(2) sanctions against counsel for GE Capital for not promptly notifying counsel for Koch of the

disclosure.  The Court should deny Koch's Motion in its entirety on both procedural and

substantive grounds.

## II. KOCH'S MOTION IS PROCEDURALLY DEFECTIVE

2.      Koch's Motion is procedurally defective.  Koch seeks a protective order with respect to KOCH 939.  *See* Koch's Motion, ¶¶ 1-15.  Federal Rule of Civil Procedure 26(c) ("Rule 26(c)") expressly requires that any motion seeking a protective order must be "accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action[.]" Fed. R. Civ. P. 26(c).[1]  Koch has failed to accompany its Motion with the required certification. Accordingly, because Koch has violated the express requirements of the procedure under which it seeks relief, the Court is obligated to deny Koch's Motion in its entirety.

## III. KOCH'S MOTION IS SUBSTANTIVELY DEFECTIVE

3.      Koch's Motion is substantively defective as well.  First, Koch's analysis with respect to KOCH 939 ignores Federal Rule of Civil Procedure 26(b)(5)(B) ("Rule 26(b)(5)(B)"), which precisely defines the proper procedure to be followed where, as here, a party claims that a privilege attaches to a previously produced document.  Second, the analysis which Koch does provide fails to establish that any privilege claim regarding KOCH 939 survived its disclosure to GE Capital.  Third, Koch has not and cannot cite any controlling ethical rule which counsel for GE Capital has violated, and fails to advise the Court of controlling authority which directly undermines its position.

---

[1] Koch also seeks sanctions against counsel for GE Capital.  *See* Koch's Motion, ¶¶ 16-22. Although Koch fails to identify the rule under which it seeks sanctions, Rule 37, which addresses, *inter alia*, sanctions for violations of Rule 26, imposes a similar certification requirement.  Fed. R. Civ. P. 37(a)(2) ("The motion must include a certification that the movant has in good faith conferred or attempted to confer with the [opposing] party[.]").

A.    Rule 26(b)(5)(B) Governs This Dispute

4.    Koch in its Motion fails to discuss or even reference Rule 26(b)(5)(B). This rule precisely addresses the matter at hand, i.e., the procedure with which to address whether Koch lost any privilege claim with respect to KOCH 939 by producing it to GE Capital during discovery. GE Capital addresses Rule 26(b)(5)(B) and Koch's claim of privilege regarding KOCH 939 in GE Capital's Motion Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) for a Determination of Whether Koch's Alleged Claim of Privilege Attaches to Produced Documents ("GE Capital's Rule 26(b)(5)(B) Motion"), filed by GE Capital on October 25, 2007, as Court Docket No. 24-25. GE Capital incorporates herein, in partial response to Koch's Motion, the entirety of GE Capital's Rule 26(b)(5)(B) Motion.

5.    GE Capital has followed Rule 26(b)(5)(B) to the letter.[2] Counsel for Koch first made a claim that KOCH 939 was privileged on October 19, 2007, during the deposition of Mark Kaminsky. *See* GE Capital's Rule 26(b)(5)(B) Motion, ¶¶ 9-10. Counsel for Koch then made this claim in writing in his letter dated October 22, 2007. *Id.* at ¶ 11; *see also* Geekie Letter, Exhibit A thereto. The next day, counsel for GE Capital advised Koch in writing that GE Capital would file a motion pursuant to Rule 26(b)(5)(B), and further advised Koch that GE Capital would, pursuant to Rule 26(b)(5)(B), sequester KOCH 939 until the Court ruled on such motion. *Id.* at ¶ 12; *see also* Harris Letter, Exhibit B thereto. Two days after that, GE Capital filed its Motion for Leave to File Motion Under Seal, which this Court granted on October 26, 2007. *See*

---

[2] GE Capital's prompt compliance with Rule 26(b)(5)(B) underscores that no harm has been suffered by Koch, irrespective of the Court's ultimate ruling regarding Koch's waiver of any privilege with respect to KOCH 939. Even ignoring the various controlling authorities discussed *infra* regarding Koch's sanctions request, this absence of harm alone renders frivolous Koch's request for sanctions.

Court Docket Nos. 24 and 25.  GE Capital followed by filing GE Capital's Rule 26(b)(5)(B) Motion on October 26, 2007.  *See* Court Docket No. 26.

6.  In the Geekie Letter, counsel for Koch cited Rule 26(b)(5)(B) as the proper course to resolve this dispute.  *Id.,* Exhibit A.  In the Harris Letter, counsel for GE Capital concurred, acknowledging that Rule 26(b)(5)(B) provided the proper procedure for resolution of this issue. *Id.*, Exhibit B.  Inexplicably, Koch the next day filed the Koch Motion pursuant to Rule 26(c). Even more inexplicably, Koch in its Motion argues that counsel for GE Capital somehow acted improperly despite GE Capital's meticulous compliance with Rule  26(b)(5)(B) – the very rule suggested by counsel for Koch.

B.    Koch Has Waived Any Privilege With Respect to KOCH 939

7.  As set forth in detail in GE Capital's Rule 26(b)(5)(B) Motion, Koch waived any claimed privilege with respect to KOCH 939 when it produced the document to GE Capital during discovery.  *See* GE Capital's Rule 26(b)(5)(B) Motion, ¶¶ 18-29 and authorities cited therein.  This is the result irrespective of whether this Court applies the law of those circuits holding that the claim of privilege is waived upon production of a document, *id.* at ¶¶ 22-24, or whether the Court adopts the multi-factor test favored by other circuits. *Id.* at ¶¶ 25-29.  Nothing in Koch's Motion establishes otherwise.[3]

8.  The Eleventh Circuit has failed to address the issue of whether a producing party can seek to claim privilege with respect to disclosed documents on grounds that the disclosure was allegedly inadvertent.  *See* GE Capital's Rule 26(b)(5)(B) Motion, ¶ 22.  Substantial authority exists, however, stating that the voluntary disclosure of privileged documents in

---

[3] Koch's reference to its privilege log does not save it.  Koch admits in its Motion that it failed to supply any privilege log until three days *after* it produced KOCH 939.  *See* Koch's Motion, ¶¶ 1-2.  By that time the document had already been produced and any otherwise applicable privilege waived.

discovery waives any claim to privilege. *Id.* at ¶¶ 22-24; *see also Underwater Storage, Inc. v. United States Rubber Co.*, 314 F. Supp. 546, 549 (D.D.C. 1970). ("If a party turns over documents to be produced during discovery and privileged communications are included, the privileged information is considered part of 'the public domain."); *Wichita Land & Cattle Co. v. American Federal Bank*, 148 F.R.D. 456, 457 (D.D.C. 1992) ("Disclosure of otherwise-privileged materials, even where the disclosure was inadvertent, serves as a waiver of the privilege."); *United States v. AT&T Co.*, 642 F.2d 1285, 1299 (D.C. Cir. 1980) ("Any voluntary disclosure by the holder of such a privilege is inconsistent with the confidential relationship and thus waives the privilege."); *In re Sealed Case*, 676 F.2d 793, 818 (D.C. Cir. 1982) (same); *In re Sealed Case*, 877 F.2d 976, 980 (D.C. Cir. 1989) ("The courts will grant no greater protection to those who assert the privilege than their own precautions warrant. We therefore agree with those courts which have held that the privilege is lost 'even if the disclosure is inadvertent.'") (internal quotation omitted); *In re Grand Jury Proceedings*, 727 F.2d 1352, 1357 (4th Cir. 1984) ("It is of the essence of the attorney-client privilege that it is limited to those communications which are intended to be confidential. 'The moment the confidence ceases, . . . privilege ceases.'") (internal citations omitted); *Bellsouth Advertising & Pub. Corp. v. American Business Lists, Inc,*, 1992 WL 338392, *8 (N.D. Ga. Sept. 8, 1992) ("[b]oth inadvertent and deliberate disclosure of privileged communications waives the privilege.") (*citing In re Sealed Case*, 877 F.2d 976, 980 (D.C. Cir. 1989)); *Texaco Puerto Rico, Inc. v. Dept. of Consumer Affairs*, 60 F.3d 867, 883 (1st Cir. 1995) ("It is apodictic that inadvertent disclosures may work a waiver of the attorney-client privilege."); *In re Horowitz*, 482 F.2d 72, 82 (2d Cir. 1973), ("It is not asking too much to insist that if a client wishes to preserve the privilege under such circumstances, he must take some affirmative action to preserve confidentiality.").

9.     Even were this Court to instead adopt the multi-factor test adopted by other circuits, GE Capital in its Rule 26(b)(5)(B) Motion establishes that Koch has failed to satisfy its burden under even this more lenient test. *See Alldread v. City of Grenada*, 988 F.2d 425, 1434 (5th Cir. 1993) (court must examine the facts surrounding the disclosure and evaluate:  (1) the reasonableness of the precaution taken to prevent disclosure, (2) the amount of time taken to remedy the error, (3) the scope of discovery, (4) the extent of the disclosure, and (5) the overriding issue of fairness).  Koch simply has failed to satisfy the requisites necessary to put the genie back in the bottle. *See* GE Capital's Rule 26(b)(5)(B) Motion, ¶¶ 25-29.

10.     Koch might have found some slight support for its position in the Seventh Circuit, but Koch, having selected Alabama as its forum, has wedded itself to the jurisprudence of Alabama and this District rather than the Illinois roots of its parent company and counsel.

C.     Koch's Request For Sanctions Is Frivolous

11.     Koch in its request for sanctions fails to establish a basis upon which this Court could sanction counsel for GE Capital.  Rather, Koch in its Motion cites an ethical duty promulgated by a non-governmental body whose authority does not extend to this case, while failing to inform the Court that Alabama has not only refused to impose this duty but has instead issued an opinion which expressly refutes the imposition of such a duty.  As such, Koch's request for sanctions is frivolous.

12.     Koch's sanctions request is based on its stated position that counsel for GE Capital did not "promptly" notify Koch of Koch's disclosure of KOCH 939 in violation of

Rule 4.4(b) ("Model Rule 4.4(b)") of American Bar Association's (the "ABA") Model Rules of

Professional Conduct (the "Model Rules").[4]

13.    The problem with Koch's analysis is that it relies on a rule which does not apply

here.  Rule 4.4(b) has not been adopted by any ethical rules promulgated by this Circuit or this

District, and has not been adopted by Alabama.[5]  Koch cites no authority, and none exists, which

would suggest that Model Rule 4.4(b) applies to the actions of counsel for GE Capital with

respect to this lawsuit generally or KOCH 939 specifically.

14.    To the contrary, although Koch fails to acknowledge it, Alabama has flatly

rejected imposition of the purported duty suggested by Koch.  Alabama chose not to adopt

Model Rule 4.4(b), but instead adopted a version that does not include a subsection (b) and does

not address the issue of inadvertent disclosure, much less impose any duty upon receiving

counsel. Ala. R. Prof. Conduct 4.4.[6]

---

[4] Koch also tacks on an assertion that counsel for GE Capital "embarrass[ed] and burden[ed] a third person," also purportedly in violation of the Model Rules, by showing KOCH 939 to Mark Kaminsky.  This assertion is nonsensical.  First, Mr. Kaminsky is hardly a "third person." Rather, he is the Chief Financial Officer of Koch and the recipient of one of the E-mails in question and the creator of the other.  Nor is Eugene Geekie a "third person."  Again, Mr. Geekie is counsel to Koch and sent the first E-mail and received the other.  Second, there was no "embarrass[ment]" or "burden" here.  Rather, there was only the effort to impeach the sworn testimony of Mr. Kaminsky with a document with which he was fully aware and which contraverted his sworn testimony.  Unfortunately, this attempt to ascertain the truth has been frustrated to date by Mr. Geekie's instruction to Mr. Kaminsky that he not answer any questions regarding KOCH 939.

[5] The ABA itself, of course, recognizes that its promulgations do not control the ethical obligations of attorneys.  Rather, "[t]he laws, court rules, regulations, rules of professional conduct, and opinions promulgated in the individual jurisdictions are controlling." *See, e.g.,* ABA Formal Opinion 05-437, p. 1, fn. 1, attached hereto as Exhibit 1.

[6] Alabama Rule of Professional Conduct 4.4, entitled "Respect for Rights of Third Persons," states only, "in representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person, or use means of obtaining evidence that violate the legal rights of such a person." Ala. R. Prof. Conduct 4.4.  Plainly this rule does not address the issue of inadvertent disclosure.  It has no other applicability to this matter. *See supra*, fn. 4.

Continued on following page

15.     In addition, the Office of General Counsel of the Alabama State Bar has issued an opinion which flatly rejects the arguments made by Koch.  In a letter opinion issued on April 8, 1996, and which has been in force ever since, the Alabama State Bar addressed the following situation:

> You represent a client in a dispute with a local bank over overdraft checks and accumulated service charges.  When you requested a breakdown of the amount of the services the bank responded by providing you with all of your client's bank statements, canceled checks and bank records since 1989.  Included in the documents provided was a letter to the bank from the bank's attorney which states that the amount owed is substantially less than that claimed by the bank.  Your question is whether you may use this letter to support your client's position that the amount claimed by the bank is incorrect and excessive.

*See* Opinion of Alabama State Bar, dated April 8, 1996, p.1, a copy of which is attached hereto as Exhibit 2.

16.     The Alabama State Bar stated that whether the disclosure constitutes waiver "depends on whether receipt of the documents was due to failure on the part of the opposing party to exercise due diligence."  The opinion concluded, in language which defeats both Koch's privilege claim with respect to KOCH 939 and its request to impose sanctions, as follows:

> Based on the facts as stated in your letter it appears that the document in question was received by you *as a result of the failure of the opposing party to adequately review the documents provided in response to your request*.  This situation is obviously different from a facsimile transmission inadvertently received by the wrong party or examination of opposing counsel's notes inadvertently left on the counsel table.

---

Continued from previous page
Koch likewise finds no support in Illinois.  Illinois, the state in which the actions complained of occurred and the state in which counsel for GE Capital is a member of the bar, also has not adopted Model Rule 4.4(b).  In language nearly identical to that adopted by Alabama, Illinois has adopted a rule that does not include a subsection (b) and does not address the issue of inadvertent disclosure.  *See* Ill. R. Prof. Conduct, 4.4.

> [T]he Office of General Counsel is of the opinion that there would be *no ethical impropriety in your using the document in question to support your client's position.*

*Id.*, p. 2 (emphasis added).

17.    This is precisely the issue at hand.  At most, Mr. Xu's affidavit as attached to Koch's Motion establishes a "failure . . . to adequately review the documents provided in response to" a document request.[7]  *Id.*, p. 2.  This failure is much different from a secretary accidentally faxing a letter to the wrong party.  *Id.*  Thus, there is "no ethical impropriety in" counsel for GE Capital "using the document in question to support [his] client's position."  *Id.* As made clear in the Opinion of Alabama State Bar, dated April 8, 1996, coupled with its companion Opinion, dated April 12, 1996, receiving counsel has no duty to notify sending counsel were, as here, receiving counsel believed that sending counsel has waived any privilege. *Id.*; *see also* Opinion of Alabama State Bar, dated April 12, 1996, a copy of which is attached hereto as Exhibit 3.

18.    Koch likewise fails to acknowledge the duty of counsel for GE Capital which *is* in place and which *does* apply to counsel for GE Capital.  Namely, counsel owes a duty to GE Capital to represent it zealously.  *See* Ala. R. Prof. Conduct, "Preamble:  A Lawyer's Responsibilities" ("As a representative of clients, a lawyer performs various functions. . . .  As advocate, a lawyer zealously asserts the client's position under the rules of the adversary system.").  This duty must prevail in the absence of a duty which overrides it in a particular instance.  Indeed, given this duty, and in light of the ethical rules and opinions which govern the actions of counsel in this matter, it arguably would have been *un*ethical for counsel for GE

---

[7] Indeed, KOCH 939 was not the only communication between Schiff Hardin attorneys and Koch employees produced by Koch in the discovery responses.  *See* GE Capital's Rule 26(b)(5)(B) Motion, ¶ 24.

Capital to have ignored his duty to zealously represent his client and not have "us[ed] the document in question to support [his] client's position." *See* Opinion of Alabama State Bar, dated April 8, 1996, p. 2.

19.    The two cases cited by Koch in its Motion fail to support its request for sanctions. *Allen v. Int'l Truck & Engine*, 2006 WL 2578896 (S.D. Ind.), points out precisely the fatal deficiency in Koch's sanctions request. *Allen* involved a case pending in the Southern District of Indiana. Indiana, unlike Alabama and Illinois, has adopted Model Rule 4.4(b). *Id.* at pp. 6, 11-12 (holding a violation of Indiana Rule of Professional Conduct 4.4(b), which mirrors Model Rule 4.4(b)). In the instant matter, on the other hand, no similar ethical obligation has been imposed on counsel, and, in fact, Alabama has stated quite clearly that no such obligation exists.

20.    *American Express v. Accu-Weather, Inc.*, 1996 WL 346388 (S.D.N.Y.), also cited by Koch, similarly fails to support its sanctions request. In *American Express*, the alleged misconduct occurred when an attorney producing documents mistakenly included privileged documents in a mailed package, realized the mistake, and called the office of the receiving attorney and requested that the receiving attorney not open it upon its arrival. The producing attorney also sent by facsimile a letter making the same request. The receiving attorney rejected the request and opened the package. In language which not only succinctly establishes that the situation before it was wholly inapposite to the instant matter but which also undermines Koch's position, the court stated:

> In an evaluation of competing principles, [ABA Formal Ethics Opinion 92-368][8] acknowledges that protection of confidential materials may be useless once the materials are mistakenly sent. However, they point out that this is not an issue when the receiving

---

[8] Although also cited by Koch in its Motion, the ABA withdrew Opinion 92-368 on October 1, 2005, based upon its adoption of Model Rule 4.4(b). *See* ABA Opinion 05-437.

> lawyer is aware of the mistake prior to reviewing the documents, as in this case.
>
> [I]t may be asserted that once confidential materials are missent there is nothing really to protect. Of course, this does not apply if the receiving lawyer becomes aware of the advertence *before* the materials are examined.

*Id.* at p. 2 (*quoting* ABA Opinion 92-368) (emphasis added). In the case at bar, there was no prior warning. Rather, any attempt to "protect" the materials would be "useless" since "there is nothing really to protect." *Id.*

21.    Finally, Koch ignores Federal Rule of Civil Procedure 26(f) ("Rule 26(f)"). Rule 26(f) afforded counsel for Koch an opportunity – which he chose to ignore – to avoid disputes such as this. Rule 26(f) states that the parties, in the course of the scheduling conference, should discuss "any issues relating to claims of privilege or of protection as trial-preparation material, including – if the parties agree on a procedure to assert such claims after production – whether to ask the court to include their agreement in an order[.]"[9]  Fed. R. Civ. P. 26(f).  Counsel for Koch never proposed such an agreement during the scheduling conference in this matter, and none was presented to the Court or entered in the Scheduling Order. Had Koch believed that it would or might produce documents over which it later would desire to assert a privilege, the scheduling conference was the time to have addressed the issue.

22.    In summary, Koch's Motion is procedurally defective since it fails to provide the certification required by Rule 26(c). Koch's request that KOCH 939 be deemed privileged is substantively deficient based on the case law and for the reasons stated in GE Capital's Rule

---

[9]  In the Advisory Committee Notes to the 2006 Amendments to Rule 26(f), the Committee tellingly notes that, "[T]he Committee has repeatedly been advised about the discovery difficulties that can result from efforts to guard against waiver of privilege and work product protection. . . . A failure to withhold even one such item may result in an argument that there has been a waiver of privilege as to all other privileged materials on that subject matter. . . ."

26(b)(5)(B) Motion and herein.  Koch's request to have sanctions imposed upon counsel for GE Capital for allegedly not following a rule promulgated by a body which has no governing authority over counsel, and which not only has not been adopted in Alabama but which has been rejected by the Alabama State Bar, is frivolous.

WHEREFORE, for the reasons stated, the Court should deny Koch's Motion in its entirety.

Dated:  October 31, 2007.

Respectfully submitted,

GENERAL ELECTRIC CAPITAL CORPORATION

By:    /s/ Timothy S. Harris
       Attorney for General Electric Capital
       Corporation

       /s/ Rusha C. Smith
       Attorney for General Electric Capital
       Corporation

OF COUNSEL:
Rusha C. Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

OF COUNSEL:
Alexander Terras
Timothy S. Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 31, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas G. Mancuso, Esq.
Mancuso & Franco, P.C.
7515 Halcyon Summit Drive
Suite 301
Montgomery, AL 36177

Eugene J. Geekie, Jr., Esq.
Mike Xu, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago IL 60606

/s/ Rusha C. Smith
COUNSEL

# EXHIBIT 1

ABA/BNA Lawyers' Manual on Professional Conduct
ISSN 1545-9845

Source: ABA Ethics Opinions > ABA Formal Ethics Opinions > Formal Opinion 05-437 October 1, 2005

**Formal Opinion 05-437**
**October 1, 2005**

**Inadvertent Disclosure of Confidential Materials: Withdrawal of Formal Opinion 92-368 (November 10, 1992)**

*A lawyer who receives a document from opposing parties or their lawyers and knows or reasonably should know that the document was inadvertently sent should promptly notify the sender in order to permit the sender to take protective measures. To the extent that Formal Opinion 92-368 opined otherwise, it is hereby withdrawn.*

On November 10, 1992, the Committee issued Formal Opinion 92-368, "Inadvertent Disclosure of Confidential Materials," in which we opined as follows:

A lawyer who receives materials that on their face appear to be subject to the attorney-client privilege or otherwise confidential, under circumstances where it is clear they were not intended for the receiving lawyer, should refrain from examining the materials, notify the sending lawyer and abide the instructions of the lawyer who sent them.

The opinion covered the circumstances where a lawyer received information subject to the attorney-client privilege or that could otherwise be deemed confidential in a situation where it was clear that the information was inadvertently sent. In that instance, the Committee opined that the receiving lawyer had three obligations: (1) to refrain from examining the materials; (2) to notify the sending lawyer of the receipt of the materials; and (3) to abide by the instructions of the sending lawyer.

In February 2002, the ABA Model Rules of Professional Conduct[1] were amended pursuant to the recommendations of the ABA Commission on Evaluation of the Rules of Professional Conduct. The amendment to Rule 4.4, "Respect for Rights of Third Persons," not only directly addressed the precise issue discussed in Formal Opinion 92-368, but narrowed the obligations of the receiving lawyer. The amendment added Rule 4.4(b), which states that "[a]lawyer who receives a document relating to the representation of the lawyer's client and knows or reasonably should know that the document was inadvertently sent shall promptly notify the sender."

---

[1] This opinion is based on the Model Rules of Professional Conduct as amended by the ABA House of Delegates through August 2003. The laws, court rules, regulations, rules of professional conduct, and opinions promulgated in the individual jurisdictions are controlling.

---

Rule 4.4(b) thus only obligates the receiving lawyer to notify the sender of the inadvertent transmission promptly. The rule does not require the receiving lawyer either to refrain from examining the materials or to abide by the instructions of the sending lawyer. Comment [2] to Rule 4.4 explains, "[w]hether the lawyer is required to take additional steps, such as returning the original document, is a matter of law beyond the scope of these Rules, as is the question of whether the privileged status of a document has been waived." Comment[3] goes on to state the following:

Some lawyers may choose to return a document unread, for example, when the lawyer learns before

Copyright 2007, by the American Bar Association and The Bureau of National Affairs, Inc.,
Washington, D.C.
Reproduction or redistribution, in whole or in part, and in any form, without express written permission, is prohibited except as permitted by the BNA Copyright Policy. http://www.bna.com/corp/index.html#V

ABA/BNA Lawyers' Manual on Professional Conduct
ISSN 1545-9845

receiving the document that it was inadvertently sent to the wrong address. Where a lawyer is not required by applicable law to do so, the decision to voluntarily return such a document is a matter of professional judgment ordinarily reserved to the lawyer. See Rules 1.2 and 1.4.

Thus, because the conclusion of Formal Opinion 92-368 presently conflicts with amended Rule 4.4, the opinion is hereby withdrawn.

## ABA Formal Opinions

The following formal opinions are issued by the ABA Standing Committee on Ethics and Professional Responsibility. They appear here in full text and are copyrighted by the ABA.

Copyright 2007, by the American Bar Association and The Bureau of National Affairs, Inc.,
Washington, D.C.
Reproduction or redistribution, in whole or in part, and in any form, without express written permission, is prohibited except as
permitted by the BNA Copyright Policy.  http://www.bna.com/corp/index.html#V

# EXHIBIT 2



**ALABAMA STATE BAR**
OFFICE OF GENERAL COUNSEL
415 Dexter Avenue • Post Office Box 671 • Montgomery, Alabama 36101
Telephone: 334 / 269-1515 • Fax: 334 / 261-6311

April 8, 1996

████████████
Attorney at Law
P.O. Box ███
████████████

Re:  Written Ethical Inquiry

Dear ████████:

I am writing in response to your letter of April 3, 1996, requesting an ethics opinion from
this office. █████████████████████████████████████.  According to
your letter, you represent a client in a dispute with a local bank over overdraft checks and
accumulated service charges.  When you requested a breakdown of the amount of the
services the bank responded by providing you with all of your client's bank statements,
canceled checks and bank records since 1989.  Included in the documents provided was
a letter to the bank from the bank's attorney which states that the amount owed is
substantially less than that claimed by the bank.  Your question is whether you may use
this letter to support your client's position that the amount claimed by the bank is
incorrect and excessive.

I am enclosing for your review the American Bar Association Formal Opinion 92-368
issued on November 10, 1992.  This opinion concluded that a lawyer who inadvertently
receives a facsimile transmission which on its face appears to be subject to the attorney-
client privilege or otherwise confidential, under circumstances where it is clear that the
fax was not intended for the receiving lawyer should refrain from examining the faxed
documents, notify the sending lawyer and abide by the instructions of the lawyer who
sent them.  In the course of this opinion, the American Bar Association discusses
circumstances under which confidentiality may be waived in connection with the
inadvertent receipt of confidential documents.  According to the opinion, waiver depends
upon whether receipt of the documents was due to failure on the part of the opposing
party to exercise due diligence.  The opinion states in pertinent part as follows:



Page 2
April 8, 1996

"A review of the relevant cases demonstrates, with few
exceptions, an unwillingness to permit mere inadvertence
to constitute a waiver. Something more, like a failure of
counsel to spend any time reviewing the documents to be
produced in discovery, is required before a waiver is found.
ABA 92-368 citing Hartman v. El Paso Natural Gas Co.
107 N.M. 679, 763 P.2d 1144, 1152 (1988)."

Based on the facts as stated in your letter it appears that the document in question was
received by you as a result of the failure of the opposing party to adequately review the
documents provided in response to your request. This situation is obviously different
from a facsimile transmission inadvertently received by the wrong party or examination
of opposing counsel's notes inadvertently left on the counsel table.

Based on ABA opinion 92-368 and our analysis thereof, the Office of General Counsel is
of the opinion that there would be no ethical impropriety in your using the document in
question to support your client's position.

I trust the above is sufficient to answer your inquiry. If you have additional questions or
if this office may be of further assistance, please feel free to contact me.

Sincerely,

L. Gilbert Kendrick
Assistant General Counsel

enclosures

LGK/vf

# EXHIBIT 3



**ALABAMA STATE BAR**
OFFICE OF GENERAL COUNSEL
415 Dexter Avenue • Post Office Box 671 • Montgomery, Alabama 36101
Telephone: 334 / 269-1515 • Fax: 334 / 261-6311

April 12, 1996

▮▮▮▮▮▮▮▮▮▮▮▮
Attorney at Law
▮▮▮▮▮▮▮▮▮▮▮
▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮

Dear ▮▮▮▮▮▮▮▮▮▮,

I am writing in response to your letter of April 11, 1996, requesting an ethics opinion from this office. A copy of your letter is attached hereto for reference purposes. According to your letter, you represent the State ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ Agency (▮▮▮▮▮▮). J▮▮▮ ▮▮M▮▮▮▮▮▮▮ is an attorney who frequently represents healthcare facilities seeking Certificates of Need from S▮▮▮▮. Mr. M▮▮▮▮▮▮▮'s office inadvertently copied you with a letter by facsimile transmission which was suppose to have been copied to an employee of one of Mr. M▮▮▮▮▮▮'s clients, a Mr. P▮▮▮ L▮▮▮▮▮▮. This letter indicates that Mr. M▮▮▮▮▮'s client is, or may be, in violation of S▮▮▮▮ regulations. Since Mr. M▮▮▮▮▮▮'s office frequently copies you by facsimile transmission with correspondence concerning S▮▮▮▮ applications, you assumed the letter was intended for you and read the letter before you realized the error. When Mr. M▮▮▮▮▮▮'s office realized the error, they asked you to destroy the letter. Your inquiry is whether you have an obligation to report the violation as disclosed in the letter to your client, S▮▮▮▮.

On November 10, 1992, the American Bar Association issued Formal Opinion 92-368 which addresses this question. The synopsis of that opinion is as follows:

> "A lawyer who receives materials that on their face appear to be
> subject to the attorney-client privilege or otherwise confidential,
> under circumstances where it is clear they were not intended for
> the receiving lawyer, should refrain from examining the materials,
> notify the sending lawyer and abide by the instructions of the law-
> yer who sent them."

Although the Alabama State Bar Association has not issued an opinion on this question, the Disciplinary Board of the Alabama State Bar, in a recent disciplinary proceeding, relied upon and followed the ABA opinion in reaching its decision.

███████████████████
Page 2
April 12, 1996

Based on the above, it is therefore the opinion of the Office of General Counsel that you should destroy the letter as instructed by Mr. M████████'s office and that you should not report the possible violation as disclosed in the letter to your client, S█████. A copy of ABA Formal Opinion 92-368 is enclosed for your review.

Sincerely,

L. Gilbert Kendrick
Assistant General Counsel

enclosures

LGK/vf