IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| KOCH FOODS OF ALABAMA, LLC, an Alabama limited liability company,   ) ) ) | Case No. 07-cv-522-MHT |
| Plaintiff and Counter-Defendant,   ) ) | |
| v.   ) ) | Honorable Myron H. Thompson Honorable Terry F. Moorer |
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation,   ) ) ) ) ) | |
| Defendant and Counter-Plaintiff.   ) | |

GE CAPITAL'S SUPPLEMENTAL BRIEF ADDRESSING ALABAMA
STATE LAW WITH RESPECT TO GE CAPITAL'S MOTION PURSUANT
TO FEDERAL RULE OF CIVIL PROCEDURE 26(b)(5)(B) AND KOCH'S
MOTION FOR PROTECTIVE ORDER AND FOR SANCTIONS

Defendant and Counterclaim-plaintiff, General Electric Capital Corporation ("GE Capital"), through its attorneys, responds to the Order of this Court dated November 6, 2007, Court Docket No. 28, requiring supplemental briefs addressing Alabama state law with respect to GE Capital's Motion Pursuant to Federal Rule of Civil Procedure 26(b)(5)(B) for a Determination of Whether Koch's Alleged Claim of Privilege Attaches to Produced Documents ("GE Capital's Motion"), Court Docket No. 26, and the Motion for Protective Order and for Sanctions Against Counsel for GE Capital ("Koch's Motion"), Court Docket No. 22, as filed by Plaintiff and Counterclaim-defendant, Koch Foods of Alabama, LLC ("Koch"), as follows:

I. INTRODUCTION

Alabama state law establishes that Koch has waived, through its voluntary production of the document in question (defined in Koch's Motion as "KOCH 939"), any claim to privilege that may have existed prior to disclosure. Accordingly, under Alabama law, GE Capital is entitled to use the document in the course of proving its claims and defenses in this matter. For

these reasons, the Court should (1) deny Koch's Motion in its entirety, and (2) grant GE Capital's Motion in its entirety.

## II. PROCEDURAL BACKGROUND

The parties have extensively briefed the facts and issues in this matter in their prior motions and responses.[1] On September 7, 2007, Koch voluntarily disclosed KOCH 939 as part of its document production. *See* Koch's Motion, ¶ 1; GE Capital's Motion, ¶ 3. KOCH 939 appears to be the second page of a three page e-mail exchange between Eugene Geekie, counsel for Koch in this matter, and Mark Kaminsky, chief financial officer of Koch. *See* GE Capital's Motion, ¶ 5. Koch's production included other e-mails between Mr. Geekie and Mr. Kaminsky. *See* GE Capital's Response, ¶ 6. Not until after the voluntary production of KOCH 939 did Koch produce a privilege log which for the first time asserted an attorney-client privilege with respect to KOCH 939. *Id.*, fn. 3.

The contents of KOCH 939 undermine Koch's position with respect to the claims and defenses alleged by it in this lawsuit.[2] At the deposition of Mr. Kaminsky on October 19, 2007, counsel for GE Capital asked Mr. Kaminsky a question related to Koch's claims in this matter. *See* GE Capital's Motion, ¶ 9. Mr. Kaminsky's sworn response contradicted the contents of KOCH 939. *Id.* Following Mr. Kaminsky's response, counsel for GE Capital sought to question

---

[1] GE Capital incorporates herein the entirety of its Motion and its Response to the Court's Order to Show Cause Entered October 25, 2007, and Response to Koch's Motion for Protective Order and for Sanctions Against Counsel for GE Capital ("GE Capital's Response"), Court Docket No. 27.

[2] In Koch's Motion, Koch represents that "Koch Foods will provide a copy of [KOCH 939] for the Court's inspection *in camera*." *See* Koch's Motion, ¶ 3. Based on this representation, GE Capital has not submitted a copy of KOCH 939 to the Court. To date, however, GE Capital has not received any notification that Koch has in fact submitted KOCH 939 to the Court. In the event Koch has failed to do so, GE Capital will do so promptly upon notification from the Court.

Mr. Kaminsky regarding KOCH 939, but Mr. Geekie instructed Mr. Kaminsky not to answer any questions relating to KOCH 939. *Id.* at ¶¶ 9-10.

After an exchange of letters between counsel agreeing that Federal Rule of Civil Procedure 26(b)(5)(B) provided the appropriate procedural mechanism to resolve this dispute,[3] Koch instead filed its Motion seeking a protective order pursuant to Federal Rule of Civil Procedure 26(c). GE Capital subsequently filed its Motion pursuant to Federal Rule of Civil Procedure 26(b)(5)(B). Pursuant to this Court's Order of October 25, 2007, GE Capital filed its Response to Koch's Motion.

On November 6, 2007, the Court entered an order stating, "[B]ecause this is a diversity action, state law controls the privileged nature of the material sought in discovery." *See* Order, dated November 6, 2007, Court Docket No. 28. In the same order, the Court directed GE Capital and Koch to file supplemental briefs addressing, under Alabama law, the effect of Koch's voluntary disclosure of KOCH 939 on Koch's subsequent privilege claim. *Id.* As discussed below, Alabama law establishes that Koch through its voluntary disclosure of KOCH 939 has waived any privilege which may otherwise have been applicable.

### III. ANALYSIS

The elements of the attorney-client privilege in Alabama are well established:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) *except the protection may be waived.*

---

[3] *See* GE Capital's Motion, Exhibits A (letter of October 22, 2007, from Mr. Geekie to Timothy Harris, counsel for GE Capital, citing Federal Rule of Civil Procedure 26(b)(5)(B)) and B (letter of October 23, 2007, from Mr. Harris to Mr. Geekie concurring that Federal Rule of Civil Procedure 26(b)(5)(B) provides the appropriate procedure and stating that GE Capital would file GE Capital's Motion).

*Richards v. Lennox Ind., Inc.*, 574 So. 2d 736, 739 (Ala. 1990), *citing* Ala. Code 1975, § 12-21-161; C. Gamble, *McElroy's Alabama Evidence*, § 388.01 (3d ed. 1977); B. Wigmore, *Evidence* § 2292 (McNaughton rev. 1961) (emphasis added).

Alabama places the burden of establishing the attorney-client privilege squarely on the shoulders of the party claiming it. "It is well established that the party who asserts the attorney-client privilege must establish (1) the presence of an attorney-client relationship, (2) the facts demonstrating the communications were within the privilege, and (3) the prejudicial effect to the client that would result from any disclosure of the privileged information." *Basset v. Newton*, 658 So. 2d 398, 402 (Ala. 1995); *see also Harris v. State of Alabama*, 281 Ala. 622, 625, 206 So. 2d 868, 871 (1968) ("[T]he burden of showing the confidential character of a communication rests on the party objecting to the introduction of the evidence.").

Alabama also recognizes that the privilege may be waived. "[T]he privilege may be waived, either directly or constructively, by the client." *Swain v. Terry*, 454 So. 2d 948, 953-54 (Ala. 1984). An attorney may waive the privilege on behalf of his or her client. Under Alabama law, absent fraud or collusion on the attorney's part, a client is generally bound by the acts of his or her attorney. *Arkel Land Co. v. Cagle*, 445 So. 2d 858, 862 (Ala. 1983) ("'Omissions and commissions of an attorney are to be regarded as the act of the client whom he represents.'"), *quoting Lawrence v. Gayle*, 294 Ala. 91, 94, 312 So. 2d 385, 387 (1975), and *Nelson v. Darling Shop of Birmingham, Inc.*, 275 Ala. 598, 605, 157 So. 2d 23, 30 (1963).

Koch has failed to meet this burden with respect to KOCH 939. The Alabama Rules of Evidence, the decisions of the Alabama Supreme Court, and the opinions issued by the Office of the General Counsel of the Alabama State Bar all establish that Koch's voluntary disclosure of

KOCH 939 waived any privilege, and that GE Capital is permitted to use the document to support the position of GE Capital in this lawsuit.

The Alabama Rules of Evidence establish that where a party voluntarily discloses an otherwise privileged communication, the party waives the privilege. Rule 510 states the rule succinctly: "A person upon whom these rules confer a privilege against disclosure waives the privilege if the person . . . voluntarily discloses . . . any significant part of the privileged matter." Ala. R. Evid. 510; *see also* Advisory Committee Notes to Rule 510 ("[T]he privilege falls when that which is protected by the privilege is voluntarily disclosed by the holder.")[4] The Rules focus on whether the *act of disclosure* was voluntary, not whether the disclosing party intended his or her act of disclosure to effect a waiver of any otherwise applicable privilege. *Id*.

Koch's disclosure here was plainly voluntary. This fact is attested to by counsel for Koch himself. *See* Xu Affidavit. Moreover, the disclosure, consisting of page 2 of a three-page e-mail chain which flatly contradicts the current testimony of the chief financial officer of Koch, is a "significant part" of the allegedly otherwise privileged matter. Accordingly, Koch waived any claim that KOCH 939 is privileged when it disclosed the document.

*Basset v. Newton*, 658 So. 398 (Ala. 1995), underscores this result. In affirming the trial court's ruling that a privilege once waived is lost, the Alabama Supreme Court stated:

> *Voluntary disclosure bars a subsequent claim of privilege based on confidentiality.* Edward W. Cleary et al., *McCormick on Evidence* § 93 n. 3 (3d ed. 1984). Waiver includes not merely words or conduct expressing an intention to relinquish a known right, but

---

[4] There exists only two exceptions to this rule. Rule 511 states that, "[A] claim of privilege is not defeated by a disclosure which was (a) compelled erroneously or (b) made without opportunity to claim the privilege." Ala. R. Evid. 511; *see also* Advisory Committee Notes to Rule 511 ("[A] disclosure ordinarily waives a privilege.") Neither exception applies here. Nothing "compelled" Koch to produce KOCH 939. *See* Affidavit of Zhiyuan Xu ("Xu Affidavit"), attached as Exhibit D to Koch's Motion. Similarly, Koch had every opportunity to claim a privilege with respect to KOCH 939. *Id*.

> conduct, such as partial disclosure, that would make it unfair for the client to insist on the privilege thereafter. *McCormick* § 93; 8 Wigmore, *Evidence* §§ 2327-2329 (McNaughton rev. 1961). Professor Gamble writes that the model statement on the waiver principle says a person upon whom the rules confer a privilege against disclosure of the confidential matter or communication *waives the privilege by voluntarily disclosing or consenting to disclosure of any significant part of the matter or communication.*

*Basset*, 658 So. 2d at 402 (emphasis added).

Nor is Koch aided by its argument that its voluntary disclosure was "inadvertent." This argument is contrary to opinions issued by both the Alabama Supreme Court and the Office of the General Counsel of the Alabama State Bar.

In *Ex parte Bettis*, 549 So. 2d 23 (Ala. 1989), the Alabama Supreme Court upheld a lower court ruling that an inadvertent disclosure constitutes waiver. In a per curiam decision, the court denied petitions for writ of mandamus seeking to keep out of evidence a letter written by counsel which defendants unsuccessfully argued had been "inadvertent[ly] disclos[ed]." *Bettis*, 549 So. 2d at 26 (Maddox, J., dissenting in part).[5] *Bettis* involved the inadvertent production of an attorney's letter containing "only the legal theories and impressions of the attorneys who wrote it." *Id.* Two sets of defendants filed motions in limine to exclude the inadvertently produced privileged letter from evidence. The trial court denied one motion in limine as to one set of defendants and granted the other motion as to the other set of defendants; i.e., the trial court's rulings would allow the letter in evidence as to one set of defendants and exclude it as to the others. *Bettis*, 549 So. 2d at 24. Writs of mandamus were filed as to both the grant and the denial of the two motions in limine. *Id.* The Alabama Supreme Court denied both writs. *Bettis*,

---

[5] *Bettis* as published contains only the dissenting (in part) opinion of Justice Maddox.

549 So. 2d at 23. Thus, the Alabama Supreme Court upheld the trial court's decision to allow the counsel's letter to be used as evidence against one set of defendants.

Similarly, and as previously discussed in GE Capital's Response, the Office of General Counsel of the Alabama State Bar has issued an opinion which flatly rejects the arguments made by Koch. In a letter opinion issued on April 8, 1996, and which has been in force ever since, the Alabama State Bar addressed the following situation:

> You represent a client in a dispute with a local bank over overdraft checks and accumulated service charges. When you requested a breakdown of the amount of the services the bank responded by providing you with all of your client's bank statements, canceled checks and bank records since 1989. Included in the documents provided was a letter to the bank from the bank's attorney which states that the amount owed is substantially less than that claimed by the bank. Your question is whether you may use this letter to support your client's position that the amount claimed by the bank is incorrect and excessive.

*See* Opinion of Alabama State Bar, April 8, 1996, p. 1, attached as Exhibit 2 to GE Capital's Response. The Alabama State Bar stated that whether the disclosure constitutes waiver "depends on whether receipt of the documents was due to failure on the part of the opposing party to exercise due diligence." *Id*. The opinion concluded, in language which defeats Koch's privilege claim, as follows:

> Based on the facts as stated in your letter it appears that the document in question was received by you *as a result of the failure of the opposing party to adequately review the documents provided in response to your request*. This situation is obviously different from a facsimile transmission inadvertently received by the wrong party or examination of opposing counsel's notes inadvertently left on the counsel table.
>
> [T]he Office of General Counsel is of the opinion that there would be *no ethical impropriety in your using the document in question to support your client's position*.

*Id.*, p. 2 (emphasis added).

This is precisely the issue at hand. The Xu Affidavit itself establishes a "failure [on the part of Koch] to adequately review the documents provided in response to" GE Capital's document request.[6] *Id.*, p. 2; *see also* Xu Affidavit. Thus, just as counsel in the April 8, 1996, Opinion who received the letter inadvertently included in a package of documents was entitled to "us[e] the document in question to support [his] client's position," GE Capital in the case at bar is free to use KOCH 939 for the same purpose. *Id.*

The Alabama State Bar supplies further support for this conclusion in its companion opinion dated April 12, 1996. In that case the inquiring attorney received an otherwise privileged document which had been misdirected to his office by facsimile. *See* Opinion of Alabama State Bar, dated April 12, 1996, attached as Exhibit 3 to GE Capital's Response. The opinion concluded that the letter should not be used by the receiving attorney, and he had no duty to report the possible regulatory violations referenced therein. *Id.*; *compare* Opinion of Alabama State Bar, April 8, 1996, p. 2 ("This situation [regarding the attorney letter included in a package of unprivileged, previously requested documents] is obviously different from a facsimile transmission inadvertently received by the *wrong party* or examination of opposing counsel's notes inadvertently left on the counsel table.") (emphasis added).

The distinction drawn by the Alabama State Bar in the two opinions is clear. Where the intent is to disclose a group of documents to a specific person and a privileged document is included in the package due to a failure to adequately review the documents, the privilege is waived. Where, on the other hand, a privileged document is misdirected to a person who is not the intended recipient, the privilege is not waived. In the first instance there is an intent to

---

[6] KOCH 939 was not the only communication between Schiff Hardin attorneys and Koch employees produced by Koch in the discovery responses. *See* GE Capital's Motion, ¶ 24.

disclose a group of documents to the party to whom they were sent, where in the second instance there is no intent to disclose anything to the receiving party. Mr. Xu in his Affidavit does not state that he did not intend the package of documents to go to GE Capital, but only that through carelessness Koch was over-inclusive in the documents produced. *See* Xu Affidavit. In other words, all that Mr. Xu states is that Koch's review was inadequate. As the Alabama State Bar has already determined, where the disclosure was "a result of the failure of the [disclosing] party to adequately review the documents provided in response to [a] request," the privilege is waived and the receiving party is permitted to "use[ ] the document in question to support [his or her] client's position." *See* Opinion of Alabama State Bar, April 8, 1996, p. 2.

## IV. CONCLUSION

Koch has failed to meet its burden in its effort to establish that KOCH 939 is privileged. Under the Alabama Rules of Evidence and controlling Alabama case law, Koch waived any privilege which may otherwise have attached to KOCH 939 when Koch voluntarily disclosed it to GE Capital. *See* Ala. R. Evid. 510; *see also Basset, supra*. Koch's claim of "inadvertence" fails as well since, according to the Affidavit submitted by Koch itself, the disclosure was not caused by misdirection of the document to an unintended recipient, but rather by Koch's own "failure . . . to adequately review the documents provided in response to [a] request." *See* Opinion of Alabama State Bar, April 8, 1996, p. 2; *see also Bettis, supra*.

Accordingly, for the reasons stated, the Court should rule that any privilege with respect to KOCH 939 has been waived by its voluntary disclosure; should deny Koch's Motion in its entirety; and should grant GE Capital's Motion in its entirety.

Dated: November 9, 2007.                Respectfully submitted,

                                        GENERAL ELECTRIC CAPITAL CORPORATION

                                        By:   /s/ Timothy S. Harris
                                              Attorney for General Electric Capital
                                              Corporation


                                              /s/ Rusha C. Smith
                                              Attorney for General Electric Capital
                                              Corporation

OF COUNSEL:
Rusha C. Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

OF COUNSEL:
Alexander Terras
Timothy S. Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

CERTIFICATE OF SERVICE

I hereby certify that on November 9, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas G. Mancuso, Esq.
Mancuso & Franco, P.C.
7515 Halcyon Summit Drive
Suite 301
Montgomery, AL 36177

Eugene J. Geekie, Jr., Esq.
Mike Xu, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago IL 60606

/s/ Rusha C. Smith
COUNSEL