**UNITED STATES DISTRICT COURT**
MIDDLE DISTRICT OF ALABAMA
OFFICE OF THE CLERK
POST OFFICE BOX 711
MONTGOMERY, ALABAMA 36101-0711

DEBRA P. HACKETT, CLERK

TELEPHONE (334) 954-3600

November 14, 2007

# NOTICE OF CORRECTION

**From:**              **Clerk's Office**

**Case Style:**        **Koch Foods of Alabama, LLC v. General Electric Capital Corp.**

**Case Number:**       **#2:07-cv-00522-MHT**

**Referenced Document:** **Document #30**
**Supplemental Brief on Alabama Law regarding Waiver of Attorney-Client Privilege**

**This notice has been docketed to enter the corrected pdf of the referenced document into the record. The original pdf did not contain a certificate of service. The corrected pdf is attached to this notice.**

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA NORTHERN DIVISION

| | |
|---|---|
| KOCH FOODS OF ALABAMA, LLC,<br>an Alabama limited liability company,<br><br>Plaintiff,<br><br>v.<br>GENERAL ELECTRIC CAPITAL<br>CORPORATION, a Delaware corporation,<br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. 2:07cv522-MHT<br>)<br>)<br>) |

**KOCH FOODS' SUPPLEMENTAL BRIEF ON ALABAMA LAW REGARDING
WAIVER OF ATTORNEY-CLIENT PRIVILEGE**

Koch Foods of Alabama, LLC ("Koch") hereby files its supplemental brief, pursuant to this Court's order, regarding Alabama law on the subject of waiver of attorney-client privilege.

1. Alabama Rule of Evidence 510 states that:

   A person whom these rules confer a privilege against disclosure waives the privilege of the person or the person's predecessor while holder of the privilege voluntarily discloses or consents to disclosure of any significant part of the privileged matter.

2. The case of Ex Parte Bettis, 549 So.2d 23 (AL. 1989) is the only Alabama case that Koch could locate dealing with inadvertent disclosure of privileged material and whether that inadvertent disclosure waives the privilege. In Bettis the Alabama Supreme Court affirmed the denial of a writ of mandamus after the trial court had barred the use of a privileged letter that was inadvertently disclosed. Id at 24. The Court observed that:

   [The defendants] further argued that the letter contains privileged communications protected by attorney-client privilege and that the inadvertent disclosure of the letter did not work as a waiver of the right to claim that privilege; that the admission of the letter would inject the issue of insurance into the case; and that the prejudice resulting from admission of the letter would greatly out weigh any probative value it may have. I agree with the arguments of the defendants.

Id at 26. See also Matter of the Reorganization of Elec. Mot. Liability Ins. Co., Ltd., 681 N.E.2d 838, 84, (Mass. 1997) (determining that inadvertent disclosure did not waive privilege under Mass. R. Evid. 510 "[w]here it can be shown...that reasonable precautionary steps were taken, the presumption will be that the disclosure was not voluntary and therefore unlikely that there has been a waiver"); Farm Credit Bank of St. Paul v. Huether, 454 N.W.2d 710, 720 (N.D. 1990) (affirming denial of waiver under North Dakota R. Evid. 510, when letter inadvertently disclosed by counsel "because there was no opportunity for client, as the holder of the privilege, to claim the privilege").

3.  Here, the privileged communication at issue – KOCH 939 – was clearly attorney-client communication, and, as this court can observe from the copy of KOCH 939 provided for in camera review, related to settlement discussions between Koch and General Electric Capital.[1] In fact, the deposition testimony of Koch's CFO, Mark Kaminsky, confirms this. See **Ex. A** attached hereto at pages 97-104. To find waiver of the privilege here would inject into this case the extensive settlement discussion between the parties, which are generally inadmissible under the Federal Rules of Evidence. See F.R.E. 408. Moreover, Koch took precautions to protect the privileged KOCH 939 emails, listing them on the privilege log and withholding them from production -- except for the one page that was accidentally placed in a copy of the equipment lease. For the same reasons found in Bettis, the inadvertent disclosure by Koch should be held to not waive Koch's attorney-client privilege with respect to KOCH 939.

4.  If this Court does not find Bettis sufficient to guide its ruling, Koch suggests that the five-part balancing test adopted by the Fifth Circuit in Alldread v. City of Grenada, 988 F.2d

---

[1] Koch will not extensively repeat the facts regarding its inadvertent waiver, which are fully set forth in its motion, but will reiterate that KOCH 939 was inadvertently placed inside a copy of a voluminous equipment lease, separate and apart from the other emails that were produced, and Koch identified the two emails contained on KOCH 939 on its privilege log.

2

1425 (5th Cir, 1993), commonly known as the Hydraflow test.[2] See Hydraflow, Inc. v. Enidine, Inc., 145 F.R.D. 626 (W.D.N.Y. 1993). This five-part test has been adopted by numerous Federal and State courts, and would likely be adopted by the Alabama Supreme court because of its focus on the facts surrounding the inadvertent disclosure. See Gray v. Bicknell, 86 F.3d 1472, 1483-84 (8th Cir. 1996) (finding that Missouri Supreme court would adopt Hydraflow test); Truckstop.Net, L.L.C. v. Spring Communic. Co., L.P., 2007 WL 23800001 (D. Id. August 29, 2007) (applying balancing test to Idaho R. Evid. 510); Sterling v. Keidan, 412 N.W.2d 255 (Mich. Ct. App. 1987) (no waiver where attorney inadvertently failed to remove privileged document from "fairly voluminous file").

5. The Hydraflow/Alldread test is a multi-factor test to the facts surrounding the disclosure, including (1) the reasonableness of precaution taken to prevent disclosure; (2) the amount of time taken to remedy the error; (3) the scope of discovery; (4) the extent of the disclosure; and (5) the overriding issue of fairness. Alldread, 988 F2d. at 1433.

6. The application of all these factors mandates a finding that the disclosure of KOCH 939 did not waive the attorney-client privilege. KOCH 939 is a single page containing two short e-mails in a 3758-page document production. Koch Foods' counsel have went through the documents several times and did not discover the single page printout buried in the lease. Koch Foods produced all non-privileged e-mails together in two bundles and they are separate and apart from the lease. Koch Foods' counsel did not intend to produce KOCH 939 and would have removed the e-mail from production had he saw it. See Affidavit of Zhiyuan Xu, which is

---

[2] The Hydraflow test is a middle-of-the-road approach. There is a "lenient" test, where the attorney-client privilege exist for the benefit of the client and cannot be waived except by a knowing and intentional act. See Georgetown Manor, Inc. v. Ethan Allen, Inc., 753 F.Supp. 936 (S.D. Fla. 1991). There is also a "strict" test where any document produced, intentionally or not, loses its privilege. See In re Sealed Case, 676 F2d 793 (D.C. Cir. 1982). See Gray v. Bicknell, 86 F.3d 1472, 1483-84 (8th Cir. 1996) rejects these polar approaches and adopts Hydraflow as the test Missouri Courts would choose.

3

attached as **Exhibit D** to Koch's Motion. In addition, Koch Foods' counsel immediately demanded return after learning of the disclosure. In short, these circumstances dictate that the inadvertent disclosure did not waive the privilege under Hydraflow/Alldread.

7. Because the disclosure did not waive the privilege inherent in the two e-mails on KOCH 939, pursuant to Rule 26(b)(5)(B) of Federal Rules of Civil Procedure, GE Capital must promptly return or destroy KOCH 939 and all copies it has, and must not use or disclose the information on KOCH 939.

November 9th, 2007.

Respectfully submitted,

_____
One of the Attorneys for Plaintiff

OF COUNSEL:
Thomas Mancuso
Mancuso & Franco, P.C.
7515 Halcyon Summit Drive
Suite 301
Montgomery, AL 36117
Telephone: (334)481-1800

Eugene J. Geekie, Jr.
Mike Xu
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
Telephone: (312)258-5500

4

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on November 9, 2007, copies of *Koch Foods' Supplemental Brief on Alabama Law Regarding Waiver of Attorney-Client Privilege* were caused to be served via email and United States mail, to the following:

Timothy Scott Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606
312-207-1000
Fax: 312-207-6400
Email: tharris@reedsmith.com

Alexander Terras
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606
312-207-1000
Fax: 312-207-6400

Rusha Christina Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
205-521-8010
Fax: 205-488-6010
Email: rsmith@bradleyarant.com
       cmstewart@bradleyarant.com

_____
Of Counsel