IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| KOCH FOODS OF ALABAMA, LLC, an Alabama limited liability company,  )<br>)<br>Plaintiff and Counter-Defendant, )<br>)<br>v. )<br>)<br>GENERAL ELECTRIC CAPITAL )<br>CORPORATION, )<br>a Delaware corporation, )<br>)<br>Defendant and Counter-Plaintiff. ) | Case No. 07-cv-522-MHT<br><br>Honorable Myron H. Thompson<br>Honorable Terry F. Moorer |

GE CAPITAL'S OBJECTIONS TO ORDER AND PROTECTIVE ORDER
ENTERED BY MAGISTRATE JUDGE MOORER ON NOVEMBER 15, 2007

Defendant and Counterclaim-plaintiff, General Electric Capital Corporation ("GE Capital"), through its attorneys, submits, pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A), the following objections to the Order and Protective Order (the "Order") entered by Magistrate Judge Moorer on November 15, 2007 (Doc. 32):

I. OBJECTIONS TO ORDER

GE Capital objects to the Order on the following grounds:

(1) The Order ignores Rule 510 of the Alabama Rules of Evidence;

(2) The Order overlooks the import of *Bassett v. Newton*, 658 So. 2d 398 (Ala. 1995), which directly addresses voluntary disclosure and waiver;

(3) The Order overlooks the import of Opinion of Alabama State Bar, April 8, 1996, which directly addresses the claim of "inadvertent" disclosure;

(4) The Order relies on a letter opinion of the American Bar Association ("ABA"), despite the fact that the opinion is based on Model Rules which Alabama has not adopted and despite the fact that the ABA has formally withdrawn the cited opinion; and

(5) Even were the Court to adopt the federal standard apparently relied upon in the Order, Koch has failed to establish that it has not waived the privilege under this standard.

II.  ANALYSIS

In the Order, the Court properly notes that "Alabama law determines the applicability of the attorney-client privilege." *See* Order, pp. 1-2.  The Court further properly notes the elements and exceptions to the attorney-client privilege:

> (1) Where legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal advisor, (8) *except the protection may be waived*.

*Id*., p. 2, *citing Richards v. Lennox Indus., Inc.,* 574 So. 2d 736, 739 (Ala. 1990) (emphasis supplied).

The Court, however, ignores Alabama Rule of Evidence 510, which addresses waiver of the privilege.[1]  Rule 510 states the rule succinctly:  "A person upon whom these rule confer a privilege against disclosure waives the privilege if the person . . . voluntarily discloses . . . any significant part of the privileged matter."  Ala. R. Evid. 510; *see also* Advisory Committee Notes to Rule 510 ("[T]he privilege falls when that which is protected by the privilege is voluntarily disclosed by the holder.").  The Rules focus on whether the *act of disclosure* was voluntary, not whether the disclosing party intended his or her act of disclosure to affect a waiver of any otherwise applicable privilege.  *Id*.

Koch's disclosure of KOCH 939 was plainly voluntary.  This fact is attested to by counsel for Koch himself.  *See* Affidavit of Zhiyuan Xu ("Xu Affidavit") (Doc. 22, Exhibit D).  Moreover, the disclosure, consisting of page 2 of a three-page e-mail chain which flatly

---

[1] GE Capital cited, quoted, and discussed Rule 510 in its Supplemental Brief Addressing Alabama State Law With Respect to GE Capital's Motion Pursuant to Fed. R. Civ. P. 26(b)(5)(B) and Koch's Motion for Protective Order and for Sanctions ("GE Capital's Supplemental Brief") (Doc. 29).  *See* GE Capital's Supplemental Brief, pp. 5-6.

contradicts the current testimony of the chief financial officer of Koch (Mark Kaminsky ("Mr. Kaminsky")), is a "significant part" of the allegedly otherwise privileged matter. Accordingly, Koch waived any claim that KOCH 939 is privileged when it disclosed the document.

*Bassett v. Newton*, 658 So. 2d 398 (Ala. 1995), the import of which the Court overlooked in the Order, underscores this result. In affirming the trial court's ruling that a privilege once waived is lost, the Alabama Supreme Court stated:

> *Voluntary disclosure bars a subsequent claim of privilege based on confidentiality*. Waiver includes not merely words or conduct expressing an intention to relinquish a known right, but conduct, such as partial disclosure, that would make it unfair for the client to insist on the privilege thereafter. [T]he waiver principle says a person upon whom the rules confer a privilege against disclosure of the confidential matter or communication *waives the privilege by voluntarily disclosing or consenting to disclosure of any significant part of the matter or communication*.

*Bassett*, 658 So. 2d at 402 (citations omitted; emphasis added).[2]

The Court in the Order next references, but overlooks the import of, an opinion issued by the Office of General Counsel of the Alabama State Bar which is on all fours with the issue at bar. In a letter opinion issued on April 8, 1996, and which has been in force ever since, the Alabama State Bar addressed the following situation:

> You represent a client in a dispute with a local bank over overdraft checks and accumulated service charges. When you requested a breakdown of the amount of the services the bank responded by providing you with all of your client's bank statements, canceled checks and bank records since 1989. Included in the documents provided was a letter to the bank from the bank's attorney which states that the amount owed is substantially less than that claimed by the bank. Your question is whether you may use this letter to support your client's position that the amount claimed by the bank is incorrect and excessive.

---

[2] In the Order, the Court cites *Bassett* but only generically and not as to this point. *See* Order, p. 2. GE Capital cited, quoted, and discussed *Bassett* in its Supplemental Brief. *See* GE Capital's Supplemental Brief, pp. 5-6.

*See* Opinion of Alabama State Bar, April 8, 1996, p. 1, attached as Exhibit 2 to GE Capital's Response (Doc. 27).[3] The opinion concluded, in language directly on point, as follows:

> Based on the facts as stated in your letter it appears that the document in question was received by you *as a result of the failure of the opposing party to adequately review the documents provided in response to your request*. This situation is obviously different from a facsimile transmission inadvertently received by the wrong party or examination of opposing counsel's notes inadvertently left on the counsel table.
>
> [T]he Office of General Counsel is of the opinion that there would be no ethical impropriety in *your using the document in question to support your client's position.*

*Id.*, p. 2 (emphasis added).

The distinction drawn by the Alabama State Bar is clear. Where the intent is to disclose a group of documents to a specific person and a privileged document is included in the package due to a failure to adequately review the documents, the privilege is waived. Where, on the other hand, a privileged document is misdirected to a person who is not the intended recipient, the privilege is not waived. In the first instance there is an intent to disclose a group of documents to the party to whom they were sent, where in the second instance there is no intent to disclose anything to the receiving party.

In the Order, the Court references the April 8, 1996, opinion, but rather than applying it to resolve the case at bar instead relies – without explanation – on an opinion of the ABA. *See* Order, pp. 4-5.[4] In doing so, the Court takes several missteps. First, the Alabama opinion is directly on point and no need exists to go beyond Alabama authority in an effort to determine

---

[3] GE Capital cited, quoted, and discussed this opinion in its Supplemental Brief. *See* GE Capital's Supplemental Brief, pp. 7-9.

[4] The opinion cited is ABA 92-368.

Alabama law.[5]  Second, the Court overlooks that the ABA opinion is based upon the ABA Model Rules, which Alabama has not adopted.  Third, the ABA formally withdrew ABA 92-368 effective October 1, 2005.  *See* ABA 05-437.  Accordingly, GE Capital respectfully suggests that this Court should follow the Alabama opinion which is squarely on point, rather than an opinion which is not on point; which is based on Model Rules that Alabama has not accepted; which is based on out-of-state precedent; and which has been withdrawn.

Finally, even were the Court to adopt the federal standard cited in the Order, KOCH has failed to establish that it has preserved the privilege.  In the Order the Court cites *Alldread v. City of Grenada*, 988 F.2d 1425 (5th Cir. 1993), suggesting that the Court should adopt the standard set forth there.  The multi-factor test adopted by *Alldread* examines the facts surrounding the disclosure and evaluates:  (1) the reasonableness of the precautions taken to prevent disclosure, (2) the amount of time taken to remedy the error, (3) the scope of discovery, (4) the extent of the disclosure, and (5) the overriding issue of fairness.  *Alldread*, 988 F.2d at 1434.

The first and fifth factors in this test weigh heavily in favor of waiver.  KOCH 939 was not the only attorney-client communication disclosed by Koch.[6]  Koch's review of the documents prior to production reaches beyond mere inadvertent mistake into carelessness. Moreover, the content of KOCH 939 bears directly on Koch's ability to prevail on the claims it asserts in the Complaint.  The testimony given by Mr. Kaminsky prior to his knowledge that KOCH 939 was in GE Capital's possession is in direct contradiction to the information contained in KOCH 939.  *See* KOCH 939, filed under seal by Koch; *see also* Order, p. 3 ("[T]he Court determines the disclosure of the partial e-mail would have a prejudicial effect on Koch[.]").

---

[5] As noted by the Court in the Order, ABA 92-368 cites as authority a New Mexico decision.  *See* Order, p. 4.

[6] *See* GE Capital's Motion (Doc. 26), ¶ 24.

Consequently, it is virtually impossible for Koch to put the proverbial genie back in the bottle by asserting that the privilege still exists. Now that the information in KOCH 939 has been voluntarily disclosed by Koch, it would be contrary to the interests of justice to permit Mr. Kaminsky to continue to testify in contravention of the facts. To permit Koch to present evidence to the trier of fact which contradicts KOCH 939 would serve only to obscure the truth and pervert justice.

## IV. CONCLUSION

Based on the objections stated above, the Court should modify the Order and rule that, under Alabama law, any privilege with respect to KOCH 939 has been waived by its voluntary disclosure, and that based on this waiver, GE Capital is free to use KOCH 939 to support its position.

Dated: November 21, 2007.

Respectfully submitted,

By: /s/ Timothy S. Harris
Attorney for General Electric Capital Corporation

/s/ Rusha C. Smith
Attorney for General Electric Capital Corporation

OF COUNSEL:
Rusha C. Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

OF COUNSEL:
Alexander Terras
Timothy S. Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

## CERTIFICATE OF SERVICE

I hereby certify that on November 21, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Thomas G. Mancuso, Esq.
    Mancuso & Franco, P.C.
    7515 Halcyon Summit Drive
    Suite 301
    Montgomery, AL 36177

    Eugene J. Geekie, Jr., Esq.
    Mike Xu, Esq.
    Schiff Hardin LLP
    6600 Sears Tower
    Chicago IL 60606

    /s/ Rusha C. Smith
    COUNSEL