**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| KOCH FOODS OF ALABAMA, LLC,<br>an Alabama limited liability company, | ) ) ) | Case No. 07-cv-522-MHT |
| Plaintiff and Counter-Defendant, | ) ) | |
| v. | ) ) | Honorable Myron H. Thompson<br>Honorable Terry F. Moorer |
| GENERAL ELECTRIC CAPITAL<br>CORPORATION,<br>a Delaware corporation, | ) ) ) ) | |
| Defendant and Counter-Plaintiff. | ) ) | |

**DEFENDANT'S OBJECTIONS TO PLAINTIFF'S DEPOSITION NOTICE OF**
**MICHAEL LEONARD AND EMERGENCY MOTION FOR PROTECTIVE ORDER**

Defendant and Counter-Plaintiff General Electric Capital Corporation ("GE") objects to the Deposition Notice and Amended Deposition Notice of Michael Leonard (collectively referred to as the "Deposition Notice") issued by Plaintiff and Counter-Defendant Koch Foods of Alabama, LLC ("Plaintiff"), scheduling Michael Leonard's ("Leonard") deposition for December 7, 2007, at 11:00 a.m. EST, in Atlanta, Georgia, and, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, respectfully requests that this Court issue a protective order stating that the deposition will not proceed after the discovery deadline as noticed by Plaintiff. As grounds for this objection and motion, GE states the following:

1.    Pursuant to Section 7 of this Court's Uniform Scheduling Order (Doc. 14), the discovery deadline in this case was December 4, 2007.[1]

---

[1] While this Court issued an Order on October 23, 2007 (Doc. 21), extending the dispositive motion deadline in this case to December 7, 2007, the discovery deadline remained December 4, 2007.

2.     Plaintiff served its Supplemental Disclosures in this case on October 16, 2007, a copy of which is attached hereto as Exhibit A.  In those disclosures, Plaintiff names Leonard as person who may possess discoverable information, specifically "information relating to the installation, the use, the value, and/or the operation of the equipment at issue." Exh. A.

3.     In accordance with the December 4, 2007, discovery deadline in this Court's Uniform Scheduling Order, GE attempted to serve a deposition subpoena to Leonard on or about November 20, 2007, in order to take Leonard's deposition on November 30, 2007, in Atlanta, Georgia, a copy of which is attached hereto as Exhibit B.  GE provided notice of the same to Plaintiff's counsel.  Plaintiff never served a cross-notice of Leonard's deposition and never indicated a desire of its own to depose Plaintiff.

4.     On November 26, 2007, GE learned that Leonard no longer lived at the address it had for Leonard, and, as a result thereof, GE was unable to serve Leonard with his deposition subpoena.  Accordingly, GE cancelled Leonard's deposition because it could not timely serve Leonard with his deposition subpoena before the November 30, 2007, deposition date.  GE provided notice of the deposition cancellation to Plaintiff's counsel on November 28, 2007, as evidenced by the copy of the e-mail attached hereto as Exhibit C.  Plaintiff's counsel, who was physically with counsel for GE taking depositions in Atlanta, Georgia, the following day (November 29, 2007), did not object to the deposition cancellation.

5.     One day before the discovery deadline, on Monday, December 3, 2007, at 4:58 p.m., Plaintiff's counsel sent an e-mail to GE's counsel, a copy of which is attached hereto as Exhibit D, indicating that Plaintiff's counsel had issued a deposition subpoena to Leonard on Friday, November 30, 2007, for his deposition in Atlanta, Georgia, on December 4, 2007, at 11:00 a.m.  GE's counsel had not seen the deposition subpoena before that time.  In the same e-mail, Plaintiff's counsel stated that "[Leonard] is unavailable for deposition tomorrow, but will

notify us in the next few days when he is available. . ." Exh. D. Interestingly, Plaintiff had never issued a deposition subpoena or deposition notice for Leonard before November 30, 2007 (four consecutive days and two business days before the December 4, 2007, discovery deadline), and, in fact, had never previously expressed any interest in taking Leonard's deposition.

6.    Without any further communication regarding the same, on December 5, 2007, one day after the discovery deadline, Plaintiff's counsel issued the Deposition Notice for Leonard by e-mail, copies of which are collectively attached hereto as Exhibit E, stating that Leonard's deposition would take place on December 7, 2007, in Atlanta, Georgia, at 11:00 a.m. EST.

7.    On the same date, GE's counsel then sent an e-mail to Plaintiff's counsel, a copy of which is attached hereto as Exhibit F, stating that the Deposition Notice was "served after the close of discovery, and notice the deposition for a date beyond the close of discovery. Further, even if the notice were proper or timely, we are unavailable to attend the deposition on that date. Please call to discuss." Exh. F. In response thereto, Plaintiff's counsel did not telephone GE's counsel, but, instead, informed GE's counsel by e-mail that it intended to proceed with the deposition on December 7, 2007. Exh. F. In the same e-mail chain, GE's counsel subsequently told Plaintiff's counsel that they would have to file an objection and motion for protective order regarding Leonard's deposition if Plaintiff's counsel intended to proceed with the same. Exh. F.

8.    Plaintiff's attempt to depose Leonard after the discovery deadline is improper and untimely and should not be allowed at all, particularly when Plaintiff did not even express an interest in deposing Leonard until the "eleventh hour," despite the fact the Plaintiff has known about Leonard and the information he possesses since mid-October, if not before then. Moreover, GE's lead counsel is located in Chicago, and it would be extremely demanding and difficult, if not impossible, for him to travel to Atlanta today for a deposition there tomorrow.

Based on the aforementioned reasons, GE respectfully requests that this Court issue a protective order relieving the parties from attending Leonard's deposition on December 7, 2007, and forbidding the parties from proceeding with Leonard's deposition after the December 4, 2007, discovery deadline.

Respectfully submitted,

By:     /s/ Timothy S. Harris
        Attorney for General Electric Capital
        Corporation


        /s/ Rusha C. Smith
        Attorney for General Electric Capital
        Corporation

OF COUNSEL:
Rusha C. Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

OF COUNSEL:
Alexander Terras
Timothy S. Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 6, 2007, I electronically filed the foregoing with the

Clerk of the Court using the CM/ECF system, which will send notification of such filing to the

following:

      Thomas G. Mancuso, Esq.
      Mancuso & Franco, P.C.
      7515 Halcyon Summit Drive
      Suite 301
      Montgomery, AL 36177

      Eugene J. Geekie, Jr., Esq.
      Mike Xu, Esq.
      Schiff Hardin LLP
      6600 Sears Tower
      Chicago IL 60606

                        /s/ Rusha C. Smith
                        COUNSEL

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| KOCH FOODS OF ALABMA, LLC,<br>An Alabama Limited Liability company | ) | Case No. 07-cv-522-MHT |
| | ) | |
| Plaintiff and Counterclaim-defendant, | ) | |
| | ) | Honorable Myron H. Thompson |
| v. | ) | Honorable Terry F. Moorer |
| | ) | |
| GENERAL ELECTRIC CAPITAL | ) | |
| CORPORATION, | ) | |
| A Delaware corporation, | ) | |
| | ) | |
| Defendant and Counterclaim-plaintiff. | ) | |

## KOCH FOODS' SUPPLEMENTAL DISCLOSURES

Pursuant to Federal Rule of Civil Procedure 26(a)(1), Plaintiff and Counterclaim-defendant Koch Foods of Alabama, LLC ("Koch Foods") makes the following supplemental disclosures to Defendant and Counterclaim-plaintiff General Electric Capital Corporation ("GE Capital"):

## GENERAL LIMITATIONS AND EXCEPTIONS

1.     These disclosure are made upon a good faith review of information reasonably available to Koch Foods at this time and address claims currently asserted in this action.  Koch Foods reserves the right to make subsequent disclosures in the course of discovery and/or asserts any applicable objection to the disclosure of any such additional information or documents.

2.     Koch Foods will withhold information protected from disclosure by any applicable privilege, including without limitation, the attorney-client privilege and/or work-product immunity doctrine.

3.    Koch Foods, in making these disclosures, does not waive any objections it may later has to discovery propounded by GE Capital based on relevance, overbreadth, burdensomeness, materiality, competence, or other grounds.

4.    Koch Foods, in making these disclosures, does not consent to, or waives any objection to, any attempt by GE Capital to contact the employees of the corporate defendants. Such contacts must be made through undersigned counsel.

## INITIAL DISCLOSURES

**A.    Individuals Possessing Discoverable Information**

Pursuant to Fed. R. Civ. P. 26(a)(1)(A), set forth below are additional individual(s) who may have discoverable information relevant to the issues raised in Koch Foods' Complaint ("Complaint")  and its Answer ("Answer") to GE Capital's Counterclaim or that may be relied upon or introduced into evidence:

| Name | Subjects of Possible Discoverable Information |
|---|---|
| Michael Leonard<br>MTL Services<br>(404)386-6011 | Mr. Leonard have or may have information relating to the installation, the use, the value, and/or the operation of the equipment at issue. |

Dated:  October 16, 2007                          **KOCH FOODS OF ALABAMA, LLC**

                                                  By: /s/ Zhiyuan Xu_____
                                                     **One of Its Attorneys**

Eugene J. Geekie, Jr. (ARDC # 6195060)
Zhiyuan "Mike" Xu (ARDC # 6292094)
**SCHIFF HARDIN LLP**
6600 Sears Tower
Chicago, Illinois  60606-6473
(312) 258-5500 (phone)
(312) 258-5700 (fax)

-and-

Thomas G. Mancuso
Mancuso & Franco, P.C.
7515 Halcyon Summit Drive, Suite 301
Montgomery, Alabama 36117
(334)481-1800

**Counsel for Koch Foods of Alabama, LLC**

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on October 16, 2007, copies of *Koch Foods' Supplemental disclosures* were caused to be served via e-mail and U.S. mail, to the following:

Alexander Terras
Timothy Scott Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606
312-207-1000
Fax: 312-207-6400
Email: tharris@reedsmith.com

Rusha Christina Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
205-521-8010
Fax: 205-488-6010
Email: rsmith@bradleyarant.com

/s/     Zhiyuan Xu

CH2\2109122.1

-4-

# EXHIBIT B



**Bradley Arant**

BRADLEY ARANT ROSE & WHITE LLP

ONE FEDERAL PLACE
1819 FIFTH AVENUE NORTH
BIRMINGHAM, AL 35203-2119
205.521.8000   FAX 205.521.8800
WWW.BRADLEYARANT.COM

Rusha C. Smith

Direct Dial: (205) 521-8010
Direct Fax: (205) 521-8800
rsmith@bradleyarant.com

November 20, 2007

**VIA HAND DELIVERY**
Michael Leonard
2301 Towne Lake Heights
Woodstock, GA  30189

     Re:    <u>Koch Foods of Alabama, Inc. v. General Electric Capital Corporation</u>
            United States District Court for the Middle District of Alabama
            Case No.: 07-cv-522-MHT

Dear Mr. Leonard:

     We represent Defendant General Electric Capital Corporation in the above-styled cause. Enclosed find a subpoena for you, which directs you to appear for deposition on November 30, 2007, at 9:00 a.m. EST, at the law firm of Morris, Manning & Martin, LLP, 1600 Atlanta Financial Center, 3343 Peachtree Road NE, Atlanta, Georgia, 30326. Furthermore, the subpoena authorizes you to disclose and furnish to us at the time of deposition a copy of the information described in the subpoena that you may have relating to Koch Foods of Alabama LLC, with an address of 4530 Mobile Highway in Montgomery, Alabama.

     Please ask for either Tom Gryboski or Cynthia Jordan when you arrive at Morris Manning for your deposition. A check for your witness fee and mileage, as required by law, will be delivered to you at the deposition.

                 Sincerely,

                 *Rusha Smith /cs*

                 Rusha C. Smith

RCS/cs

Enclosure

cc:    Thomas G. Mancuso, Esq. (w/ encl.)
       Eugene J. Geekie, Jr., Esq. (w/ encl.)
       Mike Xu, Esq. (w/ encl.)
       Alexander Terras, Esq. (w/ encl.)
       Timothy Scott Harris, Esq. (w/ encl.)

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

NORTHERN                     DISTRICT OF                    GEORGIA

Koch Foods of Alabama, LLC

V.

General Electric Capital Corporation

**SUBPOENA IN A CIVIL CASE**

UNITED STATES DISTRICT COURT
OF ALABAMA
MIDDLE DISTRICT

Case Number:[1] 2:07 CV 522-MHT

TO:  Michael Leonard
     2301 Towne Lake Heights
     Woodstock, GA  30189

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Morris, Manning & Martin, LLP, 1600 Atlanta Financial Center, 3343 Peachtree Road NE, Atlanta, Georgia, 30326 | 11/30/2007 9:00 am EST |

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

All documents in your possession, including, but not limited to, e-mails, correspondence, facsimiles, valuations, records, or notes, related in any way to any equipment located at the facility owned by Koch Foods of Alabama LLC, with an address of 4530 Moblie Highway in Montgomery, Alabama.

| PLACE | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Rusha C. Smith, Attorney for Defendant | Nov. 20, 2007 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88  (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 11/20/2007 | 2301 Towne Lake Heights<br>Woodstock, GA  30189 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Michael Leonard | Hand Delivery |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____        _____
                        DATE                                    SIGNATURE OF SERVER

                                                            _____
                                                            ADDRESS OF SERVER

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
     (1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena.  The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
     (2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
     (B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises—or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
     (3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
          (i) fails to allow reasonable time for compliance;
          (ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
          (iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
          (iv) subjects a person to undue burden.
     (B) If a subpoena
          (i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
          (ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
          (iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
     (1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
     (B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
     (C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
     (D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost.  On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost.  If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C).  The court may specify conditions for the discovery.
     (2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
     (B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it.  After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT C

**From:** Pille, Ann E.
**Sent:** Wednesday, November 28, 2007 11:46 AM
**To:** 'Xu, Mike Z.'
**Cc:** Tommy Mancuso; ZZ-Geekie, Gene
**Subject:** RE: GECC's 30(b)(6) designation

Mike,

Attached is our designation for the 30(b)(6) deponents.  In response to your email regarding the discovery conference related to the depreciation and tax issues, we are available Friday afternoon and can conduct the same either by telephone, or in person at our offices.   Finally, you had previously received notice of a deposition of Michael Leonard to take place on Friday, November 30, 2007.  We have decided to not go forward on this deposition.   Let me know if you have questions or need anything else.


-Ann



**From:** Xu, Mike Z. [mailto:MXu@schiffhardin.com]
**Sent:** Tuesday, November 27, 2007 4:53 PM
**To:** Pille, Ann E.
**Cc:** Tommy Mancuso; ZZ-Geekie, Gene
**Subject:** GECC's 30(b)(6) designation

Ann,

Please send us GECC's designation pursuant to Rule 30(b)(6) by tomorrow noon.  Thanks.

Mike


Mike Zhiyuan Xu
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
312-258-5836 (direct)
312-258-5600 (fax)


----------------------------------------------------------------
Tax Matters: To the extent this message or any attachment concerns
tax matters, it is not intended or written to be used, and cannot
be used by a taxpayer, for the purpose of avoiding penalties

12/5/2007

```
that may be imposed on the taxpayer under law.
-----------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
-----------------------------------------------------------------
```

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

* * *

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Disclaimer Version RS.US.1.01.03
pdc1

12/5/2007

# EXHIBIT D

**From:** Geekie Jr., Eugene J. [mailto:egeekie@schiffhardin.com]
**Sent:** Monday, December 03, 2007 4:58 PM
**To:** Pille, Ann E.; Harris, Timothy S.
**Cc:** Xu, Mike Z.; 'tgm@hsy.com'; ZZ-Geekie, Gene
**Subject:** Koch v. GECC

Attached is a deposition subpoena for Michael Leonard, which we issued after you unilaterally cancelled Mr. Leonard's deposition last week.  Mr. Leonard has informed us that he is unavailable for deposition tomorrow, but will notify us in the next few days when he is available.  We will inform you when we hear from him.

```
-------------------------------------------------------------
Tax Matters: To the extent this message or any attachment concerns
tax matters, it is not intended or written to be used, and cannot
be used by a taxpayer, for the purpose of avoiding penalties
that may be imposed on the taxpayer under law.
-------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
-------------------------------------------------------------
```

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

* * *

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication  (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

                                                       Disclaimer Version RS.US.1.01.03
                                                                                  pdc1

12/5/2007



ONE ATLANTIC CENTER, SUITE 2300
1201 WEST PEACHTREE STREET
ATLANTA, GEORGIA  30309

*t* 404.437.7000
*f* 404.437.7100
www.schiffhardin.com

Ethan H. Cohen
404.437.7033
ecohen@schiffhardin.com

November 30, 2007

**VIA FEDERAL EXPRESS (for Saturday Delivery/No Signature Required)**
**AND VIA U.S. MAIL**

Mr. Michael Leonard
615 Wedgewood Drive
Woodstock, GA  30189

     Re:    *Koch Foods of Alabama v. General Electric Capital Corporation*;
             In the United States District Court for the Middle District of Alabama;
             Civil Case Number 07-CV-522-MHT

Dear Mr. Leonard:

     In accordance with your agreement with my colleague, Gene Geekie, enclosed is the deposition subpoena in the above-referenced matter that you agreed to accept service of by mail.

                            Very truly yours,

                            Ethan H. Cohen

EHC/phm
Enclosure
cc:    Eugene J. Geekie, Jr., Esq. (with enclosure)
       Mike Z. Xu, Esq. (with enclosure)

AT\8101043.1

AO88 (Rev. 12/06) Subpoena in a Civil Case

## Issued by the

# UNITED STATES DISTRICT COURT

_____Northern_____    DISTRICT OF    _____Georgia_____

Koch Foods of Alabama                   **SUBPOENA IN A CIVIL CASE**

V.

General Electric Capital Corporation    Case Number:[1]  07-CV-522-MHT

TO:  Mr. Michael Leonard                 In the United States District
     615 Wedgewood Dr.                    Court for the Middle District
     Woodstock, GA 30189                  Of Alabama

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to
testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |
|  |  |

☑ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition
in the above case.

| PLACE OF DEPOSITION    Schiff Hardin LLP, One Atlantic Center, Suite 2300, 1201 West Peachtree Street, Atlanta, GA 30309 | DATE AND TIME 12/4/2007 11:00 am |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the
place, date, and time specified below (list documents or objects):
Any and all documents and communications relating to the spriral freezer, the chicken deboning lines, and Ossid lines
that were leased by General Electric Capital Corporation to Sylvest Farms, Inc. and are or were located at 4530 Mobile
Road, Montgomery, Alabama.

| PLACE    Schiff Hardin LLP, One Atlantic Center, Suite 2300, 1201 West Peachtree Street, Atlanta, GA 30309 | DATE AND TIME 12/4/2007 11:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers,
directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the
matters on which the person will testify.  Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT)    Ethan H. Cohen, Attorney for Plaintiff | DATE 11/30/2007 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Schiff Hardin LLP, One Atlantic Center, Suite 2300, 1201 West Peachtree Street, Atlanta, GA 30309

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| | DATE | | PLACE |
|---|---|---|---|

SERVED VIA MAIL
PURSUANT TO AGREEMENT

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

_____
SIGNATURE OF SERVER

_____
ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.
(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.
(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.
(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.
(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject

to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.
(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.
(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.
(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.
(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.
(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

# EXHIBIT E

**Smith, Rusha C.**

| | |
|---|---|
| **From:** | Xu, Mike Z. [MXu@schiffhardin.com] |
| **Sent:** | Wednesday, December 05, 2007 9:43 AM |
| **To:** | Harris, Timothy S.; 'Pille, Ann E.'; Smith, Rusha C. |
| **Cc:** | Geekie Jr., Eugene J.; 'tgm@hsy.com' |
| **Subject:** | Deposition notice for Michael Leonard |
| **Attachments:** | Deposition Notice of Mike Leonard _4_.pdf |

See Attached.

Mike Zhiyuan Xu
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
312-258-5836 (direct)
312-258-5600 (fax)

----------------------------------------------------------------
Tax Matters: To the extent this message or any attachment concerns
tax matters, it is not intended or written to be used, and cannot
be used by a taxpayer, for the purpose of avoiding penalties
that may be imposed on the taxpayer under law.
----------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
----------------------------------------------------------------

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| KOCH FOODS OF ALABMA, LLC,<br>an Alabama Limited Liability company | )<br>) | Case No. 07-cv-522-MHT |
| | ) | |
| Plaintiff and Counterclaim-defendant, | )<br>) | |
| | ) | Honorable Myron H. Thompson |
| v. | )<br>) | Honorable Terry F. Moorer |
| GENERAL ELECTRIC CAPITAL<br>CORPORATION,<br>a Delaware corporation, | )<br>)<br>)<br>) | |
| | ) | |
| Defendant and Counterclaim-plaintiff. | ) | |

## DEPOSITION NOTICE OF MICHAEL LEONARD

**To:**   Alexander Terras
Timothy Scott Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606

Rusha Christina Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104

**PLEASE TAKE NOTICE** that, pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedures, Plaintiff Koch Foods of Alabama, LLC ("Koch Foods"), by and through its counsel, will take the deposition of Michael Leonard by stenographic means before a designated court reporter commencing at 10:00 a.m. EST on December 7, 2007. The deposition will be taken at the offices of Schiff Hardin LLP, One Atlantic Center, Suite 2300, 1201 West Peachtree Street, Atlanta, GA, and will continue from day to day until completed.

Dated:  December 5, 2007                    **KOCH FOODS OF ALABAMA, LLC**

                                            By: **/s/ Zhiyuan Xu**
                                                **One of Its Attorneys**

Eugene J. Geekie, Jr. (ARDC # 6195060)
Zhiyuan "Mike" Xu (ARDC # 6292094)
**SCHIFF HARDIN LLP**
6600 Sears Tower
Chicago, Illinois  60606-6473
(312) 258-5500 (phone)
(312) 258-5700 (fax)

-and-

Thomas G. Mancuso
Mancuso & Franco, P.C.
7515 Halcyon Summit Drive, Suite 301
Montgomery, Alabama 36117
(334)481-1800

**Counsel for Koch Foods of Alabama, LLC**

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that on December 5, 2007, copies of *Deposition Notice of Michael Leonard* were caused to be served via e-mail to the following:

Alexander Terras
Timothy Scott Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606
312-207-1000
Fax: 312-207-6400
Email: tharris@reedsmith.com

Rusha Christina Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
205-521-8010
Fax: 205-488-6010
Email: rsmith@bradleyarant.com

/s/ Zhiyuan Xu
Zhiyuan Xu

CH2\2203279.1

**Smith, Rusha C.**

| | |
|---|---|
| **From:** | Xu, Mike Z. [MXu@schiffhardin.com] |
| **Sent:** | Wednesday, December 05, 2007 10:34 AM |
| **To:** | 'Harris, Timothy S.'; 'Pille, Ann E.'; Smith, Rusha C. |
| **Cc:** | Geekie Jr., Eugene J.; 'tgm@hsy.com' |
| **Subject:** | Amended Deposition notice for Michael Leonard |
| **Attachments:** | Amended Deposition Notice of Mike Leonard _4_.pdf |

See Attached.

Mike Zhiyuan Xu
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
312-258-5836 (direct)
312-258-5600 (fax)

```
----------------------------------------------------------------
Tax Matters: To the extent this message or any attachment concerns
tax matters, it is not intended or written to be used, and cannot
be used by a taxpayer, for the purpose of avoiding penalties
that may be imposed on the taxpayer under law.
----------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
----------------------------------------------------------------
```

12/5/2007

### IN THE UNITED STATES DISTRICT COURT
### FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| KOCH FOODS OF ALABMA, LLC, an Alabama Limited Liability company   )<br>)<br>)<br>     Plaintiff and Counterclaim-defendant, )<br>)<br>     v. )<br>)<br>GENERAL ELECTRIC CAPITAL )<br>CORPORATION, )<br>a Delaware corporation, )<br>)<br>     Defendant and Counterclaim-plaintiff. ) | Case No. 07-cv-522-MHT<br><br>Honorable Myron H. Thompson<br>Honorable Terry F. Moorer |

### AMENDED DEPOSITION NOTICE OF MICHAEL LEONARD

**To:**    Alexander Terras
Timothy Scott Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606

Rusha Christina Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104

**PLEASE TAKE NOTICE** that, pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedures, Plaintiff Koch Foods of Alabama, LLC ("Koch Foods"), by and through its counsel, will take the deposition of Michael Leonard by stenographic means before a designated court reporter commencing at 11:00 a.m. EST on December 7, 2007. The deposition will be taken at the offices of Schiff Hardin LLP, One Atlantic Center, Suite 2300, 1201 West Peachtree Street, Atlanta, GA, and will continue from day to day until completed.

**Dated:  December 5, 2007**                    **KOCH FOODS OF ALABAMA, LLC**

                                    **By: /s/ Zhiyuan Xu**                    
                                            **One of Its Attorneys**

Eugene J. Geekie, Jr. (ARDC # 6195060)
Zhiyuan "Mike" Xu (ARDC # 6292094)
**SCHIFF HARDIN LLP**
6600 Sears Tower
Chicago, Illinois  60606-6473
(312) 258-5500 (phone)
(312) 258-5700 (fax)

-and-

Thomas G. Mancuso
Mancuso & Franco, P.C.
7515 Halcyon Summit Drive, Suite 301
Montgomery, Alabama 36117
(334)481-1800

**Counsel for Koch Foods of Alabama, LLC**

## **CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that on December 5, 2007, copies of *Amended Deposition Notice of Michael Leonard* were caused to be served via e-mail to the following:

Alexander Terras
Timothy Scott Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606
312-207-1000
Fax: 312-207-6400
Email: tharris@reedsmith.com

Rusha Christina Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
205-521-8010
Fax: 205-488-6010
Email: rsmith@bradleyarant.com

/s/ Zhiyuan Xu
Zhiyuan Xu

# EXHIBIT F

**Smith, Rusha C.**

| | |
|---|---|
| **From:** | Smith, Rusha C. |
| **Sent:** | Wednesday, December 05, 2007 3:13 PM |
| **To:** | 'Geekie Jr., Eugene J.'; Xu, Mike Z. |
| **Cc:** | tgm@hsy.com; 'Pille, Ann E.'; 'Harris, Timothy S.' |
| **Subject:** | RE: Deposition notice for Michael Leonard |

Gentlemen,

If you intend to proceed with Michael Leonard's deposition in the above-referenced case, this e-mail informs you that we will file an objection and motion for protective order with the court on or before tomorrow.

Rusha C. Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 5th Avenue North
Birmingham, AL  35203
(205) 521-8000 Main Telephone
(205) 521-8010 Direct Telephone
(205) 488-6010 Direct Facsimile
rsmith@bradleyarant.com

**From:** Geekie Jr., Eugene J. [mailto:egeekie@schiffhardin.com]
**Sent:** Wednesday, December 05, 2007 2:12 PM
**To:** 'Pille, Ann E.'; Xu, Mike Z.; Harris, Timothy S.; Smith, Rusha C.
**Cc:** tgm@hsy.com
**Subject:** RE: Deposition notice for Michael Leonard

We intend to proceed with the deposition.  We promptly noticed it after you suddenly cancelled your scheduled deposition of Mr. Leonard.

Eugene J. Geekie, Jr.
Schiff Hardin LLP
7500 Sears Tower
Chicago, IL  60606
312-258-5635 (direct)
312-258-5600 (fax)

**From:** Pille, Ann E. [mailto:APille@ReedSmith.com]
**Sent:** Wednesday, December 05, 2007 2:10 PM
**To:** Xu, Mike Z.; Harris, Timothy S.; rsmith@bradleyarant.com
**Cc:** Geekie Jr., Eugene J.; tgm@hsy.com
**Subject:** RE: Deposition notice for Michael Leonard

Mike,

We are in receipt of your notices from today scheduling the deposition of Mr. Leonard on the morning of December 7, 2007.  As you are aware, these notices were served after the close of discovery, and notice the deposition for a date beyond the close of discovery.  Further, even if the notice were proper or timely, we are unavailable to attend the deposition on that date.  Please call to discuss.

12/5/2007

-Ann

---

**From:** Xu, Mike Z. [mailto:MXu@schiffhardin.com]
**Sent:** Wednesday, December 05, 2007 9:43 AM
**To:** Harris, Timothy S.; Pille, Ann E.; 'rsmith@bradleyarant.com'
**Cc:** ZZ-Geekie, Gene; 'tgm@hsy.com'
**Subject:** Deposition notice for Michael Leonard

See Attached.

Mike Zhiyuan Xu
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
312-258-5836 (direct)
312-258-5600 (fax)


```
-----------------------------------------------------------------
Tax Matters: To the extent this message or any attachment concerns
tax matters, it is not intended or written to be used, and cannot
be used by a taxpayer, for the purpose of avoiding penalties
that may be imposed on the taxpayer under law.
-----------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
-----------------------------------------------------------------
```

                              * * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.
                              * * *

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication  (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

                                                    Disclaimer Version RS.US.1.01.03
                                                                              pdc1

12/5/2007