IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KOCH FOODS OF ALABAMA LLC, ) <br> an Alabama limited liability company ) <br> ) <br>     Plaintiff , ) <br> ) <br>     v.  ) <br> ) <br> GENERAL ELECTRIC CAPITAL ) <br> CORPORATION, a Delaware ) <br> corporation ) <br> ) <br>     Defendant and Counter-Plaintiff. ) <br> ) | CIVIL ACTION NO. 2:07-cv-522-MHT |

## **ORDER**

Pending before the Court is *Defendant's Objections to Plaintiff's Deposition Notice of Michael Leonard and Emergency Motion for Protective Order* (Doc. 41, filed December 7, 2007).[1] The Court held a telephonic hearing at 4:00 p.m. on December 6, 2007. For good cause, it is

**ORDERED** that the Motion for Protective Order (Doc. 41) is **GRANTED**.

Several federal courts in Alabama have already addressed the key question presented here - i.e., should the Court exercise its authority to control the pace of litigation. *See Sosa v. Airprint Sys.*, 133 F.3d 1417, 1418 (11th Cir. 1998) (the good cause standard precludes

---

[1] Also pending is *Koch Foods' Motion to Compel the Depositions of Jim Hanley and Carrie Brock, and to Compel the Production of Documents Relating to Depreciation and Tax Deductions* (Doc. 37). However, the Court will review the merits of that motion after receiving the response next week.

modification of the scheduling order unless the schedule cannot be met despite the diligence of the party seeking the extension); *Hosea v. Langley*, 2006 WL 314454 (S.D. Ala. 2006) (parties showed no good cause why discovery had to take place outside of discovery deadline so Motion to Compel was denied); *Argo Systems FZE v. Liberty Insurance PTE, LTD.*, 2005 WL 1355060 (S.D. Ala. 2005) (citing *Sosa* and reiterating importance of keeping to scheduling orders without good cause).

The Scheduling Order states all discovery shall be completed on or before December 4, 2007, except that, as to any witnesses whose names are not revealed until the last day allowed under Section 10, the opposing party shall have the time extended in this paragraph to allow for deposing such witnesses. *See* Scheduling Order, Doc. 14 §7. Both parties waited until the end of the discovery period to conduct a significant amount of discovery and have not shown the Court good cause why this discovery should be conducted outside the discovery period. The Court may grant an extension to deadlines in situations where it cannot be reasonably met despite the diligence of the parties, but if they were not diligent, the court's inquiry should end. *Sosa*, 133 F.3d at 1418.

While Koch Foods is correct in that the cancellation of the deposition of Michael Leonard ("Leonard") was made unilaterally by General Electric Capital, counsel did not immediately object despite receiving the notice of cancellation by e-mail on Wednesday, November 28, 2007. Simple communication with opposing counsel would have averted the entire issue. Rather, counsel said nothing and instead waited several days - Monday, December 3, 2007 - before re-noticing the deposition. In fact, his re-noticing occurred

Monday, December 3, 2007 at 4:58 p.m. by e-mail and simply noted Leonard was not available on Tuesday, but would notify them in a few days of his availability. *See* Exhibit D to Defendants Objections, Doc. 41-5. The discovery period closed on December 4, 2007 pursuant to the Scheduling Order.

Permitting the deposition to go forward would be a *de facto* extension to the scheduling order. Should the parties wish to conduct further discovery, they may seek an extension of the discovery deadline from the District Court. However, the Court is not impressed by the eleventh hour flurry of activity by each party nor by the lack of communication between the parties. The Court reminds the parties that there are other forms of communication besides e-mail that in fact may lead to better contact between the two sides.

DONE this 7th day of December, 2007.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE