UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KOCH FOODS OF ALABAMA, LLC,<br>an Alabama limited liability company, | ) ) ) | |
| Plaintiff and Counter-<br>Defendant, | ) ) ) | |
| vs. | ) ) | CIVIL ACTION NO.<br>2:07 CV 522-MHT |
| GENERAL ELECTRIC CAPITAL<br>CORPORATION, a Delaware corporation, | ) ) ) | |
| Defendant and Counter-<br>Plaintiff, | ) ) ) ) | |

GE CAPITAL'S RESPONSE TO KOCH FOODS' MOTION
TO COMPEL THE DEPOSITIONS OF JIM HANLEY AND
CARRIE BROCK, AND TO COMPEL THE PRODUCTION OF
DOCUMENTS RELATING TO DEPRECIATION AND TAX DEDUCTIONS

General Electric Capital Corporation ("GE Capital"), through its undersigned counsel, hereby responds to Koch Foods' Motion to Compel the Depositions of Jim Hanley ("Mr. Hanley") and Carrie Brock ("Ms. Brock"), and to Compel the Production of Documents Relating to Depreciation and Tax Deduction ("Koch's Motion") (Doc. 37). In conjunction therewith, GE Capital states as follows:

**A.    The Motion Should Be Denied With Respect to the Depositions of Mr. Hanley and Ms. Brock**

1.    On or about May 25, 2007, Koch Foods of Alabama, LLC ("Koch") filed its Complaint for Declaratory Judgment and Unjust Enrichment, which commenced the above-captioned proceeding.

2.    On July 17, 2007, this Court entered the Uniform Scheduling Order (the "Scheduling Order") (Doc. 14), which designated December 4, 2007, as the close of discovery.

1.    **Mr. Hanley Was Disclosed in August 2007**

3.    GE Capital disclosed both Mr. Hanley and his connection to this lawsuit nearly four (4) months prior to the close of discovery.  On or about August 7, 2007, GE Capital served upon Koch GE Capital's Rule 26 Disclosures, a copy of which is attached to Koch's Motion as Exhibit A (the "Rule 26 Disclosures").   In the Rule 26 Disclosures, GE Capital designated Mr. Hanley as an individual likely to have discoverable information that GE Capital may use to support its claims and defenses.  *See Rule 26 Disclosures,* pp. 3-4.  Specifically, the Rule 26 Disclosures state that Mr. Hanley "has or may have information regarding, among other things, the lease of the equipment at issue; efforts to release and/or resell the equipment after its use by Koch Foods; and its value at times relevant to this matter." *Id.*, p. 4.

4.    GE Capital's disclosure of Mr. Hanley in August 2007 was a full disclosure and satisfied GE Capital's disclosure obligations pursuant to Rule 26.  Despite this disclosure, Koch, for whatever reason, chose not to timely notice his deposition.

5.    In Koch's Motion, Koch states inaccuracies in its effort to persuade the Court to compel Mr. Hanley's deposition.  Specifically, Koch states that "according to John Sutehall's testimony at his deposition, Mr. Hanley was in charge of everything relevant to this case and has the most knowledge of the case." *Koch's Motion,* ¶ 6.

6.    In reality, John Sutehall ("Mr. Sutehall") said nothing of the sort.  Instead, Mr. Sutehall's deposition testimony about Mr. Hanley was limited to the following:

Geekie:    Any conversations with Jim Hanley about Sylvest, the equipment, Koch Foods, post default, post bankruptcy?

Sutehall:    Yes.

Geekie:    What were the substance of those conversations?

Sutehall:    More of the same, attempts to sell the equipment.

> Geekie:    Was it your understanding that Mr. DiSalvo and/or Mr. Hanley were engaged in active efforts to either sell or re-lease the equipment?
>
> Sutehall:    Yes.

*Sutehall Dep. Transcript,* 41:8-19, a copy of which is attached hereto as <u>Exhibit A</u>.

7.    This constitutes the entire exchange between counsel for Koch and Mr. Sutehall relating to Mr. Hanley.  As such, Koch's representation that it discovered during Mr. Sutehall's deposition that "Mr. Hanley was in charge of everything relevant to this case" is disingenuous. Instead, Koch has been aware since August 7, 2007, that Mr. Hanley has or may have discoverable information.   Despite this fact, Koch did not serve a notice of Mr. Hanley's deposition on GE Capital until 5:14 p.m. on November 30, 2007.  *See E-mail from M. Xu,* a copy of which is attached hereto as <u>Exhibit B</u>.  Koch's reliance on Mr. Sutehall's deposition as a basis for the late notice of the Hanley deposition is unsupported by the deposition testimony, and does not form a basis for Koch's late notice of the Hanley deposition.

**2.    Ms. Brock Has No Knowledge of the Claims or Defenses Involved in this Lawsuit**

8.    GE Capital did not identify Ms. Brock in the Rule 26 Disclosures because it was not obligated to do so.  Rule 26 of the Federal Rules of Civil Procedure requires a party to identify only "each individual likely to have discoverable information that the disclosing party may use to support it claims or defenses. . . ."  FED. R. CIV. P. 26(1)(a).  It does not require disclosure of every individual who may have touched or mailed documents involved in the dispute.

9.    Ms. Brock has no knowledge of any discoverable information regarding the claims and defenses involved in this case.   Ms. Brock's sole involvement in the GE Capital/Sylvest lease was to serve as a conduit for the preparation of documents related to the

lease of the equipment.  She did not prepare the documents herself.  Rather, serving in a strictly

clerical function in support of Mr. Sutehall, Ms. Brock served as his assistant to transfer certain

information regarding the GE Capital/Sylvest lease from Mr. Sutehall to GE Capital's offices in

Dallas, Texas, where the lease documentation was prepared.

      10.    Ms. Brock has no independent decision making authority, no risk authority, and is

not responsible for any credit lines.  Her function in relation to the preparation of the lease

documents was solely ministerial.  Accordingly, Ms. Brock has no knowledge of the claims or

defenses (or any facts underlying any claims or defenses) involved in this lawsuit.

      11.    Ms. Brock's lack of knowledge of the claims and defenses in this matter is further

established by the deposition testimony of Mr. Sutehall.   The entire exchange regarding

Ms. Brock between counsel for Koch and Mr. Sutehall at his deposition was as follows:

| Geekie: | And then you mentioned a transaction coordinator.  Do you know who that was in this transaction? |
|---|---|
| Sutehall: | I'd have to guess.  I believe Carrie Brock. |
| Geekie: | Is that a man or a woman? |
| Sutehall: | Woman. |
| Geekie: | And is Ms. Brock still employed by GE? |
| Sutehall: | Yes, she is. |
| Geekie: | Do you know where her office is located? |
| Sutehall: | My office. |
| Geekie: | You don't know for sure that she was the transaction coordinator? |
| Sutehall: | I do not. |
| Geekie: | Is she – or at the time of the lease transaction in late 2005, was Ms. Brock in the underwriting group or underwriting arm of the company or sales, do you know? |

| | |
|---|---|
| Sutehall: | I don't know if I'd call it underwriting, operations group, document preparation. |
| Geekie: | And – |
| Sutehall: | Actual funding. |
| Geekie: | Is her last name spelled B-R-A-C-H or B-R-O-C-K? |
| Sutehall: | B-R-O-C-K. |

*Sutehall Dep. Transcript,* 13:12- 14:11, a copy of which is attached hereto as <u>Exhibit C</u>.

12.     In addition, Ms. Brock is not located in Connecticut as alleged by Koch.  *See Koch's Motion,* ¶ 7.  She is located in the GE Capital offices in Georgia.  *See Sutehall Dep. Transcript,* 13:19-22.  As such, any deposition of Ms. Brock would now require a separate trip to Georgia, despite the fact that she has no discoverable information that GE Capital may use to support its claims or defenses.[1]

### 3.     GE Capital Did Not Agree to Continue the Discovery Cutoff Date Generally

13.     A further impediment to Koch's belated efforts to depose Mr. Hanley and Ms. Brock is the discovery cutoff date of December 4, 2007.  Koch argues that the depositions of Mr. Hanley and Ms. Brock should be permitted because "GE Capital has disregarded the close date of discovery of December 4 by providing a deposition date on December 3 and choosing December 17 for depositions, a date well after discovery." *Koch's Motion,* ¶ 9.

14.     Again, Koch's position is disingenuous.  Although it is true that GE Capital has agreed to provide access to two deponents after the close of discovery, this was done in an effort

---

[1] The Deposition Notice of Carrie Brock notices her deposition to take place on December 12, 2007, in Montgomery, Alabama.  This is in contrast to Koch's Motion, which states that "the notices requested that Ms. Brock and Mr. Hanley appear from depositions on December 17, 2007," and infers that the depositions will take place in Connecticut. *See Koch's Motion,* ¶ 7. Mr. Hanley's deposition was likewise noticed to occur on December 12, 2007, in Montgomery, Alabama. *See Deposition Notices of Carrie Brock and Jim Hanley,* copies of which are attached hereto as <u>Group Exhibit D</u>.

to accommodate the schedules of all parties with respect to depositions that Koch had previously (and timely) noticed. The two depositions to which the Koch Motion refers to are those of William Wilson ("Mr. Wilson") and Joseph DiSalvo ("Mr. DiSalvo"). For Koch to now suggest that this accommodation by GE Capital somehow amounts to an agreement by GE Capital to generally continue discovery, or to produce additional deponents noticed by Koch at or after the "eleventh hour," is to ignore the documented history of the parties' communications regarding this issue.

15.     Koch initially provided notice of its intent to take the deposition of Mr. Wilson on or about October 4, 2007. *See Deposition Notice of William Wilson*, a copy of which is attached hereto as <u>Exhibit E</u>. Koch initially provided notice of its intent to take the deposition of Mr. DiSalvo on or about October 17, 2007. *See Deposition Notice of Joseph DiSalvo*, a copy of which is attached hereto as <u>Exhibit F</u>. Each of these deponents maintains his office in Danbury, Connecticut. *See Rule 26 Disclosures,* pp. 1, 4.

16.     The parties encountered significant scheduling difficulties in coordinating deposition dates. In relation to these scheduling efforts, Mr. Geekie, on behalf of Koch, and Ms. Pille, on behalf of GE Capital, participated in a telephone conversation on November 6, 2007, to discuss the coordination of schedules in order to conduct the depositions in an efficient manner.

17.     As a result of the Thanksgiving holiday and certain previously scheduled obligations of the parties, the parties agreed during that conversation that GE Capital would make certain specified deponents (*i.e.,* Messrs. Wilson and DiSalvo) available after the close of the discovery as an accommodation to Koch. At no time did the parties ever discuss a general extension of the discovery deadline. Following this conversation, Mr. Geekie sent an e-mail to Ms. Pille memorializing their conversation. A copy of this email is attached hereto as <u>Exhibit G</u>.

18.    Mr. Geekie's e-mail confirms his understanding that Messrs. Wilson and DiSalvo were "generally available" in Connecticut to be deposed. *See Exhibit F*, p. 1. Mr. Geekie was to review his schedule and propose dates for the same. *Id.*

19.    Throughout the remainder of November, GE Capital continued to ask Mr. Geekie to propose dates as he had previously agreed to do. *See E-mails from A. Pille to E. Geekie dated November 14, 2007* ("[L]et us know if you have determined what dates will work for you to depose the GE deponents in Connecticut [*i.e.*, Messrs. Wilson and DiSalvo,]"); *November 19, 2007* ("As for the GE people in Connecticut, I had indicated they were generally available, and you were going to check your schedule and propose dates. Did you figure out what might work?"); *E-mail from A. Pille to M. Xu dated November 28, 2007* ("[T]he GE people in Connecticut continue to be generally available, and have been since we spoke about the issue on November 6, 2007. If you plan to depose them, please let us know the date at your earliest convenience."), attached hereto as Group Exhibit H.

20.    Koch finally responded to these repeated requests on November 28, 2007, when Mr. Geekie suggested December 12, 2007, as a date for the depositions of Messrs. Wilson and DiSalvo. *See E-Mail from E. Geekie, dated November 28, 2007*, a copy of which is attached hereto as Exhibit I. Mr. DiSalvo was unavailable that date because of a scheduled medical absence, and the first available date that worked for all parties was December 17, 2007. In honor of the parties' understanding reached on November 6, 2007, and because it had been known since October that Koch wished to take the depositions of Messrs. Wilson and DiSalvo, GE Capital agreed to make those two individuals available after the close of discovery.

21.    This hardly constitutes an agreement by GE Capital to generally continue discovery beyond the cutoff date, especially with respect to additional requested deponents, as

suggested by Koch. Indeed, this is a case which proves the old axiom that no good deed goes unpunished. GE Capital's courtesy and flexibility in scheduling previously noticed depositions after the discovery deadline should not now be held against it. In agreeing to the depositions of Messrs. Wilson and DiSalvo after the close of discovery, GE Capital merely wished to honor its understanding with Koch. It did not provide a blanket extension of the discovery cutoff, nor did it agree to schedule depositions of persons not yet named or noticed by Koch and who would not be until just days before the discovery cutoff. *See E-Mail from A. Pille to M. Xu on November 28, 2007* (reminding Mr. Geekie that the discovery cutoff was fast approaching).

22.    For these reasons, GE Capital objects to Koch's untimely notices of the depositions of Mr. Hanley and Ms. Brock. The reasons stated by Koch in its Motion as excuses for its delay are not persuasive, and constitute a misrepresentation of the circumstances that have occurred in this proceeding. As such, Koch's Motion should be denied with respect to the request to compel the depositions of Mr. Hanley and Ms. Brock.

**B.    GE Capital Has Produced, in an Effort to Resolve the Tax Matter, All Salient Information Regarding Its Tax Treatment of the Lease Despite Not Being Obligated to Do So**

23.    Finally, Koch raises the tax treatment issue. Koch insists that it is entitled to know how GE Capital treated the Sylvest lease for tax purposes. *See Koch's Motion,* ¶¶ 13-20.

24.    In support of its claimed right to this information, Koch advances two arguments. First, Koch claims, GE Capital's tax treatment would provide "indicia of the ownership of the Equipment." *Id.,* ¶ 16. Second, Koch asserts that "the tax cost basis and depreciations reflect the value of the Equipment at the time of the alleged conversion." *Id.,* ¶¶ 17-18.

25.    Neither argument makes sense. First, as Koch itself concedes, the tax treatment afforded the lease is explicitly stated in the lease itself. *See Lease, Schedule No. 001, § C*

(providing for depreciation by GE Capital based on the 200% declining balance method, switching to straight line method for the first taxable year for which using the straight line method with respect to the adjusted basis as of the beginning of such year will yield a larger allowance, with the recovery period 7 years and the basis set at 100% of the Capitalized Lessor's Cost), *attached to Koch's Motion as Exhibit D*. This lease provision itself is proof of the intention by the parties to the lease that GE Capital continues to own the Equipment. Whether GE Capital in fact took the deduction is irrelevant, and, further, is not likely to lead to the discovery of relevant information. *See Fed. R. Civ. P. 26(b)(1); see also Koch's Motion,* ¶¶ 16 and 19.

26.     Second, the cost basis of the Equipment has nothing to do with "the value of the Equipment at the time of the alleged conversion." *See Koch's Motion,* ¶ 17. Rather, as the lease states, the cost basis for tax purposes is based on the Capitalized Lessor's Cost, *i.e.*, the amount paid for the Equipment by GE Capital. Under federal tax laws, the cost basis for depreciation purposes is set at the price paid, not on its subsequent value. As such, the cost basis has nothing to do with the value of the Equipment at the time of Koch's conversion several months after Sylvest installed or partially installed the Equipment.

27.     That said, and precisely because the tax treatment issue is just one more red herring created by Koch, GE Capital has, without waiving its objections, voluntarily produced to Koch the manner in which it has treated the lease for tax purposes. *See Letter from T. Harris to M. Xu, dated December 10, 2007,* attached hereto as <u>Exhibit J</u> (the "December 10 Letter").

28.     In the December 10 Letter, following disclosure of GE Capital's tax treatment of the lease, Mr. Harris reminded Mr. Xu that the instant Response was due by 3:00 p.m. on December 12, 2007, and requested Mr. Xu to "promptly advise whether, in light of this

additional information, Koch Foods will forego that portion of its Motion to Compel relating to the tax issue, or whether GE Capital will need to respond to it." *Id.*  Despite this specific request, however, the only response has been an e-mail from Mr. Xu sent on December 10, 2007, stating, "As far as the tax issue is concerned, I will get back to you tomorrow [December 11]." *See December 10, 2007 E-mail from Mr. Xu to T. Harris,* attached hereto as <u>Exhibit K</u>.  December 11 came and went, yet Mr. Xu did not respond.  Hence, GE Capital has been forced to respond here to the tax treatment issue.

29.    Finally, no basis exists for an order compelling GE Capital, one of the world's largest corporations, to produce its corporate tax return or the work papers associated with it.  As stated above, Koch has not and cannot articulate any reason why any of these documents would be relevant to the issues involved in this matter or likely to lead to the discovery of information relevant to this matter.  Moreover, tax returns and their associated work papers are not subject to discovery upon the asking, their nature being confidential.  This is especially so here, where GE Capital's tax returns and work papers are protected by proprietary privilege.   Finally, GE Capital's tax returns and associated work papers are not simple documents, and any production of them would, due to their size and complexity, be unduly burdensome.

30.    Accordingly, for the reasons stated, the Court should deny Koch's Motion in its entirety.

Dated:  December 12, 2007

Respectfully submitted,

By:    /s/ Timothy S. Harris
       Attorney for General Electric Capital
       Corporation


       /s/ Rusha C. Smith
       Attorney for General Electric Capital
       Corporation

OF COUNSEL:
Rusha C. Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

OF COUNSEL:
Alexander Terras
Timothy S. Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 12, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas G. Mancuso, Esq.
Mancuso & Franco, P.C.
7515 Halcyon Summit Drive
Suite 301
Montgomery, AL 36177

Eugene J. Geekie, Jr., Esq.
Mike Xu, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago IL 60606

/s/ Rusha C. Smith
COUNSEL

# EXHIBIT A

Page 1

1            IN THE UNITED STATES DISTRICT COURT
             FOR THE MIDDLE DISTRICT OF ALABAMA
2

3    KOCH FOODS OF ALABAMA, LLC,    )
     an Alabama Limited             )
4    Liability company,            )
                                    ) Case No. 07-cv-522-MHT
5        Plaintiff and             )
         Counterclaim-defendant,   )
6                                   ) Honorable Myron H.
            vs.                     ) Thompson
7                                   )
     GENERAL ELECTRIC CAPITAL       ) Honorable Terry F.
8    CORPORATION, a Delaware        ) Moorer
     corporation,                   )
9                                   )
         Defendant and             )
10       Counterclaim-plaintiff    )

11

12

13            DEPOSITION OF JOHN SUTEHALL

14

15    (Taken by Plaintiff and Counterclaim-defendant)

16              November 29, 2007

17

18                 1:03 p.m.

19

20                 Suite 2300

21       1201 West Peachtree Street, N.E.

22              Atlanta, Georgia

23

24

25    Reported by:   F. Renee Finkley, RPR, CRR, CCR-B-2289

Koch Foods of Alabama, LLC v. General Electric Capital Corp.
John Sutehall

07-cv-522-MHT
November 29, 2007

Page 41

```
 1    remember anything about it.  It was called Peco,
 2    something like that.
 3         Q.    We've got some documents.  We'll get to
 4    that in a minute.  Anybody else that you recall?
 5         A.    Not that I recall, Gold Kist, Peco, Koch.
 6         Q.    Koch?
 7         A.    Koch.
 8         Q.    Any conversations with Jim Hanley about
 9    Sylvest, the equipment, Koch Foods, post default,
10    post bankruptcy?
11         A.    Yes.
12         Q.    What were the substance of those
13    conversations?
14         A.    More of the same, attempts to sell the
15    equipment.
16         Q.    Was it your understanding that Mr. DiSalvo
17    and/or Mr. Hanley were engaged in active efforts to
18    either sell or re-lease that equipment?
19         A.    Yes.
20         Q.    And then Bill Koss, what communications or
21    conversations have you had with Mr. Koss regarding
22    Sylvest, the equipment and/or Koch post default, post
23    bankruptcy?
24         A.    Koss was the relationship representative
25    responsible for Gold Kist.  The reason he's involved
```

# EXHIBIT B

## Pille, Ann E.

| | |
|---|---|
| **From:** | Xu, Mike Z. [MXu@schiffhardin.com] |
| **Sent:** | Friday, November 30, 2007 5:14 PM |
| **To:** | Pille, Ann E.; Harris, Timothy S.; 'rsmith@bradleyarant.com' |
| **Cc:** | ZZ-Geekie, Gene; 'tgm@hsy.com' |
| **Subject:** | Deposition Notices of Jim Hanley and Carrie Brock |
| **Attachments:** | Hanley.pdf; Brock.pdf |

Attached are Deposition Notices of Jim Hanley and Carrie Brock, which are serve upon you.  Thanks.

Mike Zhiyuan Xu
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
312-258-5836 (direct)
312-258-5600 (fax)

-----------------------------------------------------------
Tax Matters: To the extent this message or any attachment concerns
tax matters, it is not intended or written to be used, and cannot
be used by a taxpayer, for the purpose of avoiding penalties
that may be imposed on the taxpayer under law.
-----------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
-----------------------------------------------------------

12/11/2007

# EXHIBIT C

Page 1

1          IN THE UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF ALABAMA
2

3    KOCH FOODS OF ALABAMA, LLC,    )
     an Alabama Limited             )
4    Liability company,             )
                                    ) Case No. 07-cv-522-MHT
5         Plaintiff and             )
          Counterclaim-defendant,   )
6                                   ) Honorable Myron H.
             vs.                    ) Thompson
7                                   )
     GENERAL ELECTRIC CAPITAL       ) Honorable Terry F.
8    CORPORATION, a Delaware        ) Moorer
     corporation,                   )
9                                   )
          Defendant and             )
10        Counterclaim-plaintiff    )

11

12

13             DEPOSITION OF JOHN SUTEHALL

14

15    (Taken by Plaintiff and Counterclaim-defendant)

16               November 29, 2007

17

18                  1:03 p.m.

19

20                 Suite 2300

21        1201 West Peachtree Street, N.E.

22              Atlanta, Georgia

23

24

25   Reported by:   F. Renee Finkley, RPR, CRR, CCR-B-2289

Koch Foods of Alabama, LLC v. General Electric Capital Corp.
John Sutehall

07-cv-522-MHT
November 29, 2007

Page 13

1    believe I did specifically.

2        Q.    Is it a normal practice for GE to do that?

3        A.    As a function of the dollar amount

4    involved, yes, it would be.

5        Q.    Do you know whose responsibility that

6    would have been at GE to do that?

7        A.    Combination of the sales representative

8    and a transaction coordinator.

9        Q.    The sales representative in this

10   transaction was Will Perry, correct?

11       A.    Yes.

12       Q.    And then you mentioned a transaction

13   coordinator.  Do you know who that was in this

14   transaction?

15       A.    I'd have to guess.  I believe Carrie

16   Brock.

17       Q.    Is that a man or woman?

18       A.    Woman.

19       Q.    And is Ms. Brock still employed by GE?

20       A.    Yes, she is.

21       Q.    Do you know where her office is located?

22       A.    My office.

23       Q.    You don't know for sure that she was the

24   transaction coordinator?

25       A.    I do not know.

Page 14

```
 1        Q.    Is she -- or at the time of the lease
 2   transaction in late 2005, was Ms. Brock in the
 3   underwriting group or underwriting arm of the company
 4   or sales, do you know?
 5        A.    I don't know if I'd call it underwriting,
 6   operations group, document preparation.
 7        Q.    And --
 8        A.    Actual funding.
 9        Q.    Is her last name spelled B-R-A-C-H or
10   B-R-O-C-K?
11        A.    B-R-O-C-K.
12        Q.    Okay.  Did you ever discuss with anyone
13   the -- prior to funding the transaction, the
14   inspection and determination if the equipment had
15   been received and installed?
16        A.    That I don't recall.
17        Q.    Item 4, you're not identified as a person
18   with any knowledge regarding this, and I think you
19   briefly mentioned a conversation or two with
20   Mr. DiSalvo about efforts to market and resell the
21   equipment and to mitigate damages.  Looking at these
22   items listed under number 4, can you tell me if you
23   have any knowledge of items A through D, other than
24   what you've already told me?
25        A.    There was some interest from Gold Kist.
```

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| KOCH FOODS OF ALABMA, LLC,<br>an Alabama Limited Liability company | ) ) ) | Case No. 07-cv-522-MHT |
| Plaintiff and Counterclaim-defendant, | ) ) | Honorable Myron H. Thompson |
| v. | ) ) | Honorable Terry F. Moorer |
| GENERAL ELECTRIC CAPITAL<br>CORPORATION,<br>a Delaware corporation, | ) ) ) ) ) | |
| Defendant and Counterclaim-plaintiff. | ) ) | |

**DEPOSITION NOTICE OF JIM HANLEY**

**To:** Alexander     Terras
Timothy Scott Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606

Rusha Christina Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104

**PLEASE TAKE NOTICE** that, pursuant to Rules 30 and 34 of the Federal Rules of

Civil Procedures, Plaintiff Koch Foods of Alabama, LLC ("Koch Foods"), by and through its

counsel, will take the deposition of Jim Hanley of General Electric Capital Corporation ("GE

Capital") by stenographic means before a designated court reporter commencing at 1:00 p.m. on

December 12, 2007.  The deposition will be taken at the offices of Mancuso & Franco, P.C.,

7515 Halcyon Summit Drive, Suite 301, Montgomery, Alabama 36117 and will continue from

day to day until completed. You are hereby requested to present Mr. Jim Hanley to testify at said

place and time.  Counsel is invited to attend and examine.

Dated: November 30, 2007          **KOCH FOODS OF ALABAMA, LLC**

By: /s/ Zhiyuan Xu _____
                    **One of Its Attorneys**

Eugene J. Geekie, Jr. (ARDC # 6195060)
Zhiyuan "Mike" Xu (ARDC # 6292094)
**SCHIFF HARDIN LLP**
6600 Sears Tower
Chicago, Illinois 60606-6473
(312) 258-5500 (phone)
(312) 258-5700 (fax)

-and-

Thomas G. Mancuso
Mancuso & Franco, P.C.
7515 Halcyon Summit Drive, Suite 301
Montgomery, Alabama 36117
(334)481-1800

**Counsel for Koch Foods of Alabama, LLC**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

| | | |
|---|---|---|
| KOCH FOODS OF ALABMA, LLC, | ) | |
| an Alabama Limited Liability company | ) | Case No. 07-cv-522-MHT |
| | ) | |
| Plaintiff and Counterclaim-defendant, | ) | |
| | ) | Honorable Myron H. Thompson |
| v. | ) | Honorable Terry F. Moorer |
| | ) | |
| GENERAL ELECTRIC CAPITAL | ) | |
| CORPORATION, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant and Counterclaim-plaintiff. | ) | |

### DEPOSITION NOTICE OF CARRIE BROCK

**To:** Alexander    Terras
Timothy Scott Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606

Rusha Christina Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104

**PLEASE TAKE NOTICE** that, pursuant to Rules 30 and 34 of the Federal Rules of Civil Procedures, Plaintiff Koch Foods of Alabama, LLC ("Koch Foods"), by and through its counsel, will take the deposition of Carrie Brock of General Electric Capital Corporation ("GE Capital") by stenographic means before a designated court reporter commencing at 9:00 a.m. on December 12, 2007. The deposition will be taken at the offices of Mancuso & Franco, P.C., 7515 Halcyon Summit Drive, Suite 301, Montgomery, Alabama 36117 and will continue from day to day until completed. You are hereby requested to present Ms. Carrie Brock to testify at said place and time. Counsel is invited to attend and examine.

Dated: November 30, 2007                    KOCH FOODS OF ALABAMA, LLC

                                           By: /s/ Zhiyuan Xu
                                               One of Its Attorneys

Eugene J. Geekie, Jr. (ARDC # 6195060)
Zhiyuan "Mike" Xu (ARDC # 6292094)
**SCHIFF HARDIN LLP**
6600 Sears Tower
Chicago, Illinois 60606-6473
(312) 258-5500 (phone)
(312) 258-5700 (fax)

-and-

Thomas G. Mancuso
Mancuso & Franco, P.C.
7515 Halcyon Summit Drive, Suite 301
Montgomery, Alabama 36117
(334)481-1800

**Counsel for Koch Foods of Alabama, LLC**

# EXHIBIT E

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA

|  |  |  |
|---|---|---|
| KOCH FOODS OF ALABMA, LLC,<br>an Alabama Limited Liability company | )<br>)<br>) | Case No. 07-cv-522-MHT |
| Plaintiff and Counterclaim-defendant, | )<br>) |  |
| v. | )<br>)<br>) | Honorable Myron H. Thompson<br>Honorable Terry F. Moorer |
| GENERAL ELECTRIC CAPITAL<br>CORPORATION,<br>a Delaware corporation, | )<br>)<br>)<br>) |  |
| Defendant and Counterclaim-plaintiff. | )<br>) |  |

### DEPOSITION NOTICE OF WILLIAM WILSON

**To:**    Alexander Terras
Timothy Scott Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606

Rusha Christina Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104

**PLEASE TAKE NOTICE** that, pursuant to Rules 30 and 34 of the Federal Rules of
Civil Procedures, Plaintiff Koch Foods of Alabama, LLC ("Koch Foods"), by and through its
counsel, will take the deposition of William Wilson of General Electric Capital Corporation
("GE Capital") by stenographic means before a designated court reporter commencing at 1:00
p.m. on November 6, 2007. The deposition will be taken at the offices of Mancuso & Franco,
P.C., 7515 Halcyon Summit Drive, Suite 301, Montgomery, Alabama 36117 and will continue
from day to day until completed.

You are hereby requested to present Mr. William Wilson to testify at said place and time. Counsel is invited to attend and examine. Koch Foods requests that Mr. Wilson bring all documents requested pursuant to (a) *Koch Foods' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission* and (b) *Koch Foods' Second Set of Interrogatories, Requests for Production of Documents, and Requests for Admission.*

*(Remainder of Page Intentionally Left Blank)*

Dated:  October 4, 2007                    **KOCH FOODS OF ALABAMA, LLC**

                                           By: _/s/ Zhiyuan Xu_____
                                               **One of Its Attorneys**

Eugene J. Geekie, Jr. (ARDC # 6195060)
Zhiyuan "Mike" Xu (ARDC # 6292094)
**SCHIFF HARDIN LLP**
6600 Sears Tower
Chicago, Illinois  60606-6473
(312) 258-5500 (phone)
(312) 258-5700 (fax)

-and-

Thomas G. Mancuso
Mancuso & Franco, P.C.
7515 Halcyon Summit Drive, Suite 301
Montgomery, Alabama 36117
(334)481-1800

**Counsel for Koch Foods of Alabama, LLC**

# EXHIBIT F

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA**

| | | |
|---|---|---|
| KOCH FOODS OF ALABMA, LLC, | ) | |
| an Alabama Limited Liability company | ) | Case No. 07-cv-522-MHT |
| | ) | |
| Plaintiff and Counterclaim-defendant, | ) | |
| | ) | Honorable Myron H. Thompson |
| v. | ) | Honorable Terry F. Moorer |
| | ) | |
| GENERAL ELECTRIC CAPITAL | ) | |
| CORPORATION, | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendant and Counterclaim-plaintiff. | ) | |

**DEPOSITION NOTICE OF JOE DI SALVO**

**To:**     Alexander Terras
Timothy Scott Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606

Rusha Christina Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104

**PLEASE TAKE NOTICE** that, pursuant to Rules 30 and 34 of the Federal Rules of

Civil Procedures, Plaintiff Koch Foods of Alabama, LLC ("Koch Foods"), by and through its

counsel, will take the deposition of Joe Di Salvo of General Electric Capital Corporation ("GE

Capital") by stenographic means before a designated court reporter commencing at 9:00 a.m. on

November 8, 2007. The deposition will be taken at the offices of Mancuso & Franco, P.C., 7515

Halcyon Summit Drive, Suite 301, Montgomery, Alabama 36117 and will continue from day to

day until completed.

You are hereby requested to present Mr. Joe Di Salvo to testify at said place and time. Counsel is invited to attend and examine. Koch Foods requests that Mr. Joe Di Salvo bring all documents requested pursuant to (a) *Koch Foods' First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission* and (b) *Koch Foods' Second Set of Interrogatories, Requests for Production of Documents, and Requests for Admission.*

*(Remainder of Page Intentionally Left Blank)*

Dated:  October 17, 2007                    **KOCH FOODS OF ALABAMA, LLC**

                                            By: /s/ Zhiyuan Xu
                                                **One of Its Attorneys**

Eugene J. Geekie, Jr. (ARDC # 6195060)
Zhiyuan "Mike" Xu (ARDC # 6292094)
**SCHIFF HARDIN LLP**
6600 Sears Tower
Chicago, Illinois  60606-6473
(312) 258-5500 (phone)
(312) 258-5700 (fax)

-and-

Thomas G. Mancuso
Mancuso & Franco, P.C.
7515 Halcyon Summit Drive, Suite 301
Montgomery, Alabama 36117
(334)481-1800

**Counsel for Koch Foods of Alabama, LLC**

# EXHIBIT G

## Pille, Ann E.

| | |
|---|---|
| **From:** | Geekie Jr., Eugene J. [egeekie@schiffhardin.com] |
| **Sent:** | Tuesday, November 06, 2007 9:45 AM |
| **To:** | Pille, Ann E. |
| **Cc:** | Xu, Mike Z.; 'Tommy Mancuso'; ZZ-Geekie, Gene |
| **Subject:** | Koch v. GECC |

Ann:  This will confirm our telephone conversation of this morning.

You informed me that Mr. Perry and Mr. Sutehall are available in ATL for deposition on 11/14.  I think that date is a problem and asked that you get dates for them in the first two weeks of December.

You informed me that Mr. DiSalvo and Mr. Wilson are generally available in Connecticut.  I will review my schedule and propose dates.

You informed me that Mr. Breakstone and Mr. Nicosan are generally available in Erie, PA.  I will review my schedule and propose available dates, likely in early December, since I do not anticipate that Mr. Breakstone will have any information relevant to my response to your anticipated (according to Tim Harris) motion for summary judgment.

You informed me that Mr. Lott was willing to travel to Montgomery for his deposition, but that he is not employed by your expert (Equipment Exchange) and is not controlled by GECC.  You agreed to provide me with Mr. Lott's contact information.  We agreed to consider trying to schedule his deposition in conjunction with the Koch employees to be deposed in Montgomery, AL.

You stated that you would prefer to take the deps of Koch employees Bromley, Jones, and Campbell on consecutive dates.  I will contact them to find out when they are available.  We may have to shoot for the last week of November, since my schedule is tight next week, and many people often take additional time off the week of Thanksgiving.

Gene


Eugene J. Geekie, Jr.
Schiff Hardin LLP
7500 Sears Tower
Chicago, IL  60606
312-258-5635 (direct)
312-258-5600 (fax)


-------------------------------------------------------------
Tax Matters: To the extent this message or any attachment concerns
tax matters, it is not intended or written to be used, and cannot
be used by a taxpayer, for the purpose of avoiding penalties
that may be imposed on the taxpayer under law.
-------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.

12/11/2007

12/11/2007

# EXHIBIT H

## Pille, Ann E.

**From:** Pille, Ann E.
**Sent:** Wednesday, November 14, 2007 1:20 PM
**To:** ZZ-Geekie, Gene
**Cc:** Harris, Timothy S.
**Subject:** Koch v. GECC

Gene,

You have indicted that Bromley, Jones and Campbell are available the last week of November to be deposed. We would like to schedule Bromley and Campbell in Montgomery, Alabama, on Monday November 26 - with Campbell scheduled for 9:00 a.m. and Bromley scheduled for 1:00 p.m.  In addition, we would like to schedule Jones for Tuesday morning (the 27th).  If you are willing to produce him in Montgomery, we will depose him there.  In the alternative, if you are unwilling to produce him in Montgomery, we will depose him in Jackson. Please confirm that these dates will work for the deponents.  Because of the air travel involved, I would appreciate it if you could respond at your earliest convenience.

I am still trying to get dates for the first week in December for the GE deponents in Atlanta.  I will pass on that information as soon as I get it from the client.  In the meantime, let us know if you have determined what dates will work for you to depose the GE deponents in Connecticut and the Equipment Exchange deponents in Pennsylvania.

Finally, you have requested the contact information for Jim Lott, which I have provided below:

Jim Lott
Mechanical Service Co.
16 Towncreek Road
Denton, GA 31532
Phone: 912-381-0938
Fax: 912-375-4192

Let me know if you need anything else from me.  I look forward to hearing from you soon.

-Ann

## Pille, Ann E.

| | |
|---|---|
| **From:** | Pille, Ann E. |
| **Sent:** | Monday, November 19, 2007 5:12 PM |
| **To:** | ZZ-Geekie, Gene |
| **Subject:** | RE: Koch v. GECC |

We were planning on having the Montgomery deps take place at our local counsels' office:

Alabama Center For Commerce Building
401 Adams Avenue
Suite 780
Montgomery, AL 36104
Phone: 334.956.7700
As for the GE people in Connecticut, I had indicated they were generally available, and you were going to check your schedule and propose dates. Did you figure out what might work?

-Ann

---

**From:** Geekie Jr., Eugene J. [mailto:egeekie@schiffhardin.com]
**Sent:** Monday, November 19, 2007 3:35 PM
**To:** Pille, Ann E.
**Subject:** RE: Koch v. GECC

Ann: Do you have any dates yet for the GE people in CT? Also, where do you want to take the Montgomery deps?


Eugene J. Geekie, Jr.
Schiff Hardin LLP
7500 Sears Tower
Chicago, IL 60606
312-258-5635 (direct)
312-258-5600 (fax)

---

**From:** Pille, Ann E. [mailto:APille@ReedSmith.com]
**Sent:** Wednesday, November 14, 2007 1:20 PM
**To:** Geekie Jr., Eugene J.
**Cc:** Harris, Timothy S.
**Subject:** Koch v. GECC


Gene,

You have indicted that Bromley, Jones and Campbell are available the last week of November to be deposed. We would like to schedule Bromley and Campbell in Montgomery, Alabama, on Monday November 26 - with Campbell scheduled for 9:00 a.m. and Bromley scheduled for 1:00 p.m. In addition, we would like to schedule Jones for Tuesday morning (the 27th). If you are willing to produce him in Montgomery, we will depose him

there. In the alternative, if you are unwilling to produce him in Montgomery, we will depose him in Jackson. Please confirm that these dates will work for the deponents. Because of the air travel involved, I would appreciate it if you could respond at your earliest convenience.

I am still trying to get dates for the first week in December for the GE deponents in Atlanta. I will pass on that information as soon as I get it from the client. In the meantime, let us know if you have determined what dates will work for you to depose the GE deponents in Connecticut and the Equipment Exchange deponents in Pennsylvania.

Finally, you have requested the contact information for Jim Lott, which I have provided below:

Jim Lott
Mechanical Service Co.
16 Towncreek Road
Denton, GA 31532
Phone: 912-381-0938
Fax: 912-375-4192

Let me know if you need anything else from me. I look forward to hearing from you soon.

-Ann

* * *

This E-mail, along with any attachments, is considered confidential and may well be legally privileged. If you have received it in error, you are on notice of its status. Please notify us immediately by reply e-mail and then delete this message from your system. Please do not copy it or use it for any purposes, or disclose its contents to any other person. Thank you for your cooperation.

* * *

To ensure compliance with Treasury Department regulations, we inform you that, unless otherwise indicated in writing, any U.S. Federal tax advice contained in this communication (including any attachments) is not intended or written to be used, and cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code or applicable state and local provisions or (2) promoting, marketing or recommending to another party any tax-related matters addressed herein.

Disclaimer Version RS.US.1.01:03
pdc1

------------------------------------------------------------
Tax Matters: To the extent this message or any attachment concerns
tax matters, it is not intended or written to be used, and cannot
be used by a taxpayer, for the purpose of avoiding penalties
that may be imposed on the taxpayer under law.
------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
------------------------------------------------------------

12/11/2007

## Pille, Ann E.

| | |
|---|---|
| **From:** | Pille, Ann E. |
| **Sent:** | Wednesday, November 28, 2007 5:08 PM |
| **To:** | 'Xu, Mike Z.' |
| **Cc:** | ZZ-Geekie, Gene; Tommy Mancuso; Harris, Timothy S. |
| **Subject:** | RE: Dates for GECC Deponents in CT |

Mike,

Gene and I have discussed this on several occassions now. The way we left it was that Gene was supposed to check his calendar and supply dates that he was available (see Gene's e-mail to me on 11/6/2007). Despite this fact, he sent me an email an 11/19/2007 asking for the dates the Connecticut people are available. I responded by e-mail that same afternoon to let him know that, pursuant to our understanding, I am waiting for dates from him. He has not provided any dates since that time.

That being said, the GE people in Connecticut continue to be generally available, and have been since we spoke about the issue on November 6, 2007. If you plan to depose them, please let us know the date at your earliest convenience. As you are aware, we are getting very close to the close of discovery, and have offered an ample opportunity for you to depose those individuals.

Although not addressed by your email, I also note that you have not offered any suggested dates for the Equipment Exchange people in Erie. Please also let us know if you still plan to propose dates with respect to those individuals.

-Ann

---

**From:** Xu, Mike Z. [mailto:MXu@schiffhardin.com]
**Sent:** Wednesday, November 28, 2007 4:34 PM
**To:** Pille, Ann E.
**Cc:** ZZ-Geekie, Gene; Tommy Mancuso
**Subject:** Dates for GECC Deponents in CT

Ann,

Could you please let us know the dates for the depositions of GE deponents in Connecticut? If the dates have not been determined yet, could you please let us know when we should expect to know the dates?

Thanks.

Mike

Mike Zhiyuan Xu
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
312-258-5836 (direct)
312-258-5600 (fax)

--------------------------------------------------------------
Tax Matters: To the extent this message or any attachment concerns
tax matters, it is not intended or written to be used, and cannot

be used by a taxpayer, for the purpose of avoiding penalties
that may be imposed on the taxpayer under law.
-----------------------------------------------------------------
This message and any attachments may contain confidential
information protected by the attorney-client or other privilege.
If you believe that it has been sent to you in error,
please reply to the sender that you received the message in
error. Then delete it. Thank you.
-----------------------------------------------------------------

12/11/2007

# EXHIBIT I

**Pille, Ann E.**

| | |
|---|---|
| **From:** | Geekie Jr., Eugene J. [egeekie@schiffhardin.com] |
| **Sent:** | Wednesday, November 28, 2007 6:07 PM |
| **To:** | Pille, Ann E.; Xu, Mike Z. |
| **Cc:** | 'tgm@mancusofranco.com'; Harris, Timothy S. |
| **Subject:** | Re: Dates for GECC Deponents in CT |

December 12.

Eugene J. Geekie, Jr.
Schiff Hardin LLP
7500 Sears Tower
Chicago, IL  60606
312-258-5635 (direct)
312-258-5600 (fax)


----- Original Message -----
From: Pille, Ann E. <APille@ReedSmith.com>
To: Xu, Mike Z.
Cc: Geekie Jr., Eugene J.; Tommy Mancuso <tgm@mancusofranco.com>; Harris, Timothy S. <THarris@ReedSmith.com>
Sent: Wed Nov 28 17:07:47 2007
Subject: RE: Dates for GECC Deponents in CT

Mike,

Gene and I have discussed this on several occassions now.  The way we left it was that Gene was supposed to check his calendar and supply dates that he was available (see Gene's e-mail to me on 11/6/2007).  Despite this fact, he sent me an email an 11/19/2007 asking for the dates the Connecticut people are available.  I responded by e-mail that same afternoon to let him know that, pursuant to our understanding, I am waiting for dates from him.   He has not provided any dates since that time.

That being said, the GE people in Connecticut continue to be generally available, and have been since we spoke about the issue on November 6, 2007.  If you plan to depose them, please let us know the date at your earliest convenience.  As you are aware, we are getting very close to the close of discovery, and have offered an ample opportunity for you to depose those individuals.

Although not addressed by your email, I also note that you have not offered any suggested dates for the Equipment Exchange people in Erie.   Please also let us know if you still plan to propose dates with respect to those individuals.

-Ann


From: Xu, Mike Z. [mailto:MXu@schiffhardin.com]
Sent: Wednesday, November 28, 2007 4:34 PM
To: Pille, Ann E.
Cc: ZZ-Geekie, Gene; Tommy Mancuso
Subject: Dates for GECC Deponents in CT


Ann,

Could you please let us know the dates for the depositions of GE deponents in Connecticut? If the dates have not been determined yet, could you please let us know when we should expect to know the dates?

1

Thanks.

Mike

Mike Zhiyuan Xu
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
312-258-5836 (direct)
312-258-5600 (fax)

----------------------------------------------------------------
Tax Matters: To the extent this message or any attachment concerns tax matters, it is not
intended or written to be used, and cannot be used by a taxpayer, for the purpose of
avoiding penalties that may be imposed on the taxpayer under law.
----------------------------------------------------------------
This message and any attachments may contain confidential information protected by the
attorney-client or other privilege.
If you believe that it has been sent to you in error, please reply to the sender that you
received the message in error. Then delete it. Thank you.
----------------------------------------------------------------



*  *  *

This E-mail, along with any attachments, is considered confidential and may well be
legally privileged. If you have received it in error, you are on notice of its status.
Please notify us immediately by reply e-mail and then delete this message from your
system. Please do not copy it or use it for any purposes, or disclose its contents to any
other person. Thank you for your cooperation.
*  *  *
To ensure compliance with Treasury Department regulations, we inform you that, unless
otherwise indicated in writing, any U.S. Federal tax advice contained in this
communication  (including any attachments) is not intended or written to be used, and
cannot be used, for the purpose of (1) avoiding penalties under the Internal Revenue Code
or applicable state and local provisions or (2) promoting, marketing or recommending to
another party any tax-related matters addressed herein.
Disclaimer Version RS.US.1.01.03

pdc1

# EXHIBIT J

# ReedSmith
# Sachnoff&Weaver

Reed Smith LLP
10 South Wacker Drive
Chicago, IL 60606-7507
+1 312 207 1000
Fax +1 312 207 6400

**Timothy S. Harris**
Direct Phone: +1 312 207 2420
Email: tharris@reedsmith.com

December 10, 2007

**VIA E-MAIL AND U.S. MAIL**

Mr. Zhiyuan "Mike" Xu
Schiff Hardin LLP
233 South Wacker Drive
Suite 6600, Sears Tower
Chicago, Illinois 60606

Re:   Koch Foods v. GE Capital

Dear Mike:

This letter updates and revises GE Capital's prior Responses to Koch Foods' Second Set of Interrogatories, Requests for Production of Documents, and Requests for Admission. It supplies further information, without withdrawing GE Capital's prior objection, in an effort to resolve that portion of Koch Foods' pending Motion to Compel relating to the tax issue without further expenditure of the time of the Court or the parties.

With respect to GE Capital's response to Interrogatory No. 8, in addition to the response previously stated, please add the following paragraph:

Notwithstanding these objections, GE Capital took tax deductions of $288,350 and $247,158 in 2005 and 2006, respectively, with respect to the Equipment. This was based in part upon the representation of Sylvest, as lessor, that it had accepted the Equipment and that the Equipment was delivered and installed (if applicable) as of December 29, 2005, providing for an in-service date in 2005. The equipment depreciation provided in the Lease indicates that the tax depreciation deduction would be 200% declining balance over a recovery period of seven years on 100% of the Capitalized Lessor's Cost. The tax depreciation deductions claimed on the 2005 and 2006 tax returns were consistent with those parameters. GE Capital reasserts its objection to the request for the amount of tax savings of such deductions on the grounds that it is not relevant to any claims or defenses in this lawsuit, nor is it reasonably calculated to lead to the discovery of relevant information, and also on the grounds of the proprietary and confidential matters of the information sought. GE Capital reasserts its objection to the request for the identity of "any person who has information about" the depreciation deductions and the resulting tax savings of such deductions on the grounds that such request is overly broad, not relevant to any claims or defenses in this lawsuit, nor reasonably calculated to lead to the discovery of relevant information.

As you know, GE Capitals response to Koch Foods' Motion to Compel is due by Wednesday, December 12, 2007, at 3:00 p.m. Please promptly advise whether, in light of this additional information,

NEW YORK ♦ LONDON ♦ CHICAGO ♦ PARIS ♦ LOS ANGELES ♦ WASHINGTON, D.C. ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ PITTSBURGH ♦ OAKLAND

MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ BIRMINGHAM ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE

r e e d s m i t h . c o m

CHILIB-2125956.1-515998-00011

Mr. Zhiyuan "Mike" Xu
December 10, 2007
Page 2

**ReedSmith**

Koch Foods will forego that portion of its Motion to Compel relating to the tax issue, or whether GE Capital will need to respond to it.

    This letter is written in conformity with the Federal Rules of Civil Procedure in an effort to facilitate discovery disputes without the necessity of intervention by the Court.

    I look forward to your response.

                    Very truly yours,

                    Timothy S. Harris

TSH:ap

# EXHIBIT K

**Harris, Timothy S.**

| | |
|---|---|
| **From:** | Xu, Mike Z. [MXu@schiffhardin.com] |
| **Sent:** | Monday, December 10, 2007 6:29 PM |
| **To:** | Harris, Timothy S.; Pille, Ann E. |
| **Cc:** | ZZ-Geekie, Gene; 'tgm@hsy.com' |
| **Subject:** | Koch v. GECC / Discovery issues |

**Attachments:** Scan001.PDF



Scan001.PDF (95
KB)

Tim,

Attached is my letter that was sent out in today's mail addressing some remaining issues
regarding GECC's discovery responses.  As far as the tax issue is concerned, I will get
back to you tomorrow after I consult with Gene.

Thanks and best regards.

Mike

Mike Zhiyuan Xu
Schiff Hardin LLP
6600 Sears Tower
Chicago, IL 60606
312-258-5836 (direct)
312-258-5600 (fax)

----------------------------------------------------------------
Tax Matters:  To the extent this message or any attachment concerns tax matters, it is not
intended or written to be used, and cannot be used by a taxpayer, for the purpose of
avoiding penalties that may be imposed on the taxpayer under law.
----------------------------------------------------------------
This message and any attachments may contain confidential information protected by the
attorney-client or other privilege.
If you believe that it has been sent to you in error, please reply to the sender that you
received the message in error.  Then delete it.  Thank you.
----------------------------------------------------------------