# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF ALABAMA

| | |
|---|---|
| KOCH FOODS OF ALABAMA, LLC, ) <br> an Alabama limited liability company ) <br> ) <br> Plaintiff and Counterclaim-defendant, ) <br> ) <br> v.  ) <br> ) <br> GENERAL ELECTRIC CAPITAL ) <br> CORPORATION, ) <br> a Delaware corporation, ) <br> ) <br> Defendant and Counterclaim-plaintiff**.** ) | Case No. 07-cv-522-MHT <br><br> Honorable Myron H. Thompson <br> Honorable Terry F. Moorer |

## KOCH FOODS' RESPONSE TO GECC's OBJECTIONS TO ORDER AND PROTECTIVE ORDER

Plaintiff and Counterclaim-Defendant, Koch Foods of Alabama, LLC ("Koch"), through its undersigned counsel, files this response to the Objection To Order and Protective Order (the "Objection") filed by Defendant and Counterclaim-Plaintiff, General Electric Capital Corporation ("GECC").

1. On November 15, 2007, Magistrate Judge Moorer entered an Order and Protective Order under seal (Doc. 32) (the "Order), in which the Court found that the attorney-client "privilege has not been waived with regard to KOCH 939 and, thus, the document remains privileged."

2. On November 21, 2007, GECC filed its Objection to the Order pursuant to Fed. R. Civ. P. 72(a) and 28 U.S.C. § 636(b)(1)(A) (the "Objection").

3. Remarkably, GECC's Objection failed to identify the standard that the District Court Court must use in determining whether to modify or set aside any part of the magistrate judge's pretrial order, which standard requires "clearly erroneous" or "contrary to law." Fed. R.

Civ. P. 72; 28 U.S.C. § 636(b)(1)(A).  In other words, the Magistrate Judge's Order can be disturbed only if the District Court is left with "the definite and firm conviction that a mistake has been committed."  *Rowlin v. Ala. Dept. of Pub. Safety,* 200 F.R.D. 459, 460 (M.D.Ala. 2001).

4. Magistrate Judge Moorer's ruling in the Order is neither clearly erroneous nor contrary to the law, and should therefore be upheld.  In fact, Judge Moorer's Order is faithful to the law governing the attorney-client privilege and is well reasoned in applying the law to the facts.  The Order's factual findings are reasonable and far from being clearly erroneous.[1]

5. In addition to GECC's failure to disclose or discuss the standard of "clearly erroneous or contrary to law," GECC's analysis in its Objection urges the Court to adopt the "strict waiver" approach that any inadvertent disclosure is within the meaning of "voluntary disclosure" under Ala. R. Evid. 510 and, thus, waives the privilege.

6. This "strict waiver" approach has been rejected by a majority of courts, including many courts interpreting the same Rule 510, as adopted by Ala. R. Evid. 510.  *See Alldread v. City of Grenada*, 988 F.2d 1425, 1434 (5th Cir. 1993) (reasoning that majority courts have rejected the "strict waiver" approach and recognizing that "inadvertent disclosure *may* result in a waiver of the privilege"); *see also Matter of the Reorganization of Electric Mutual Liability Ins. Co., Ltd.*, 681 N.E.2d 838, 841 (Mass. 1997) (determining that inadvertent disclosure did not waive privilege under Mass. R. Evid. 510); *Farm Credit Bank of St. Paul v.*

---

[1] It cannot go without being said that this whole dispute could have been avoided if GECC's counsel had followed the ethically mandated procedure when he first saw KOCH 939, first contacting Koch's counsel to determine if they had inadvertently produced KOCH 939, then seeking the court's view if a disagreement ensued.  Instead, GECC's counsel made the decision to ambush Koch's CFO with KOCH 939 in his deposition, then refused to return the document when requested.  GECC's ongoing and unrelenting efforts regarding KOCH 939, including its immediate Objection, seem to be as much an effort to justify its counsel's conduct as it is to prove that the Order is erroneous or contrary to the law.

*Huethe*r, 454 N.W.2d 710, 720 (N.D. 1990) (affirming denial of waiver of an inadvertently disclosed letter under North Dakota R. Evid. 510).

   7. GECC's Objection also cites an Alabama State Bar opinion in a feeble attempt to overcome Magistrate Judge Moorer's correct ruling.  As Magistrate Judge Moorer correctly pointed out in the Order, the ABA opinion, upon which State Bar opinion relied, stated that courts had been unwilling to permit mere inadvertence to constitute waiver except in situations where counsel failed to spend *any time* reviewing the documents to be produced – and here, Koch counsel demonstrated that it did spend substantial time reviewing the documents.  Simply put, neither the State Bar opinion nor the ABA opinion supports GECC's "strict waiver" approach.[2]

   8. By examining the circumstances surrounding Koch's disclosure of KOCH 939, the Magistrate Judge Moorer correctly determined that document KOCH 939 was inadvertently disclosed and the disclosure did not rise to a failure by Koch's counsel to adequately review the documents disclosed.  These findings are amply supported by the following facts: Koch's counsel reviewed and produced approximately 3758 pages; KOCH 939 is a single page containing two-short e-mails that was inadvertently buried in a 35-page lease; Koch's counsel reviewed the document production several times before its delivery; Koch

---

[2] The ABA Opinion 92-368 is Exhibit E to Koch's Motion for Protective Order (Doc. 22) and the State Bar opinion dated April 8th, 1996 is Exhibit 2 to GECC's Response to Order to Show Cause (Doc. 27).  GECC's Responses (Doc. 27) includes another State Bar Opinion dated April 12th, 1996 as Exhibit 3.  The different results reached by these two state bar opinions -- inadvertent produced documents can be used by another party in the 8th opinion but not in the 12th opinion -- further supports both Magistrate Judge Moorer's decision that whether inadvertent disclosure constitutes a waiver depends on the facts and circumstances and the ultimate conclusion that his ruling was not "clearly erroneous or contrary to the law."  GECC made a tenuous, and legally unsupported argument, that privilege is not waived if the whole package is misdirected, while privilege is waived while pages are inadvertently misplaced in a package.

designated the e-mails on KOCH 939 as privileged in its privilege log; and Koch has withheld other copies of the same e-mails from document production. Based on these facts, Magistrate Judge Moorer made the correct finding.

9. Because the Order's reasoning is faithful to the law governing the attorney-client privilege and inadvertent disclosure of such privileged materials, and because it correctly applies the law to the facts of this case, GECC has failed to meet its burden of proving that the Order was "clearly erroneous" or "contrary to law." Koch therefore respectfully requests that this Court overrule GECC's Objection and order that GECC immediately return to Koch all copies of KOCH 939, certifying that GECC has complied with the Order.

.

Dated: December 14, 2007                                  Respectfully submitted,



                                                                           /s/ Zhiyuan Xu
                                                                           Zhiyuan Xu

OF COUNSEL
Thomas G. Mancuso
Haskell Slaugher Young & Gallion, LLC
305 South Lawrence Street
Montgomery, Alabama 36104
Telephone: 334-265-8573
Facsimile: 334-264-7945
Email: tgm@hsy.com

OF COUNSEL
Eugene J. Geekie, Jr.
Zhiyuan "Mike" Xu
Schiff Hardin LLP
6600 Sears Tower
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (Fax)
egeekie@schiffhardin.com
mxu@schiffhardin.com

Counsel for Koch Foods of Alabama, LLC

5

## CERTIFCATE OF SERVICE

The undersigned, an attorney, certifies that copies of the forgoing were caused to be served upon counsel of record addressed as follows by email and the ECF system on this 14th day December, 2007.

>Alexander Terras
>Timothy Scott Harris
>Reed Smith Sachnoff & Weaver
>10 South Wacker Drive
>Chicago, IL 60606
>312-207-1000
>Fax: 312-207-6400
>tharris@reedsmith.com
>aterras@reedsmith.com
>
>Rusha Christina Smith
>Bradley Arant Rose & White LLP
>One Federal Place
>1819 Fifth Avenue North
>Birmingham, AL 35203-2104
>205-521-8010
>Fax: 205-488-6010
>Email: rsmith@bradleyarant.com

      /s/ Zhiyuan Xu
      Zhiyuan Xu

CH2\2218032.6