UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KOCH FOODS OF ALABAMA, LLC, an Alabama limited liability company, | ) ) ) | |
| Plaintiff and Counter-Defendant, | ) ) ) ) | |
| vs. | ) ) | CIVIL ACTION NO. 2:07 CV 522-MHT |
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation, | ) ) ) ) | |
| Defendant and Counter-Plaintiff. | ) ) ) ) | |

GE CAPITAL'S REPLY IN SUPPORT OF ITS OBJECTIONS TO
ORDER AND PROTECTIVE ORDER ENTERED BY
MAGISTRATE JUDGE MOORER ON NOVEMBER 15, 2007

General Electric Capital Corporation ("GE Capital"), through its attorneys, in support of

its Objections (the "Objections") to Order and Protective Order (Court Docket No. 33) entered

by Magistrate Judge Moorer on November 15, 2007 (the "Order"), and in reply to the Response

to the Objections (the "Response") (Court Docket No. 52) filed by Koch Foods of Alabama,

LLC ("Koch") on December 14, 2007, states as follows:

      1.     In its carelessness or otherwise, Koch, through its attorneys, has waived any

privilege over a document which squarely contradicts Koch's position regarding a central issue

in this case.  Contrary to the assertions contained in footnote 1 to Koch's Response, the dispute

about KOCH 939[1] is not based upon Koch's repetitious but baseless claims that GE Capital's

counsel acted unethically.[2]  Rather, the dispute is based upon KOCH 939's demonstration that

---

[1] This document, which consists of an email chain between Koch's Chief Financial Officer and counsel for Koch, has been filed with the Court under seal. *See* Court Docket No. 61.  Koch voluntarily disclosed KOCH 939 to GE Capital on September 7, 2007.

[2] Koch's apparently tireless assertions of the purportedly unethical actions of counsel for GE Capital are based upon Koch's interpretation of ethical provisions which are not and at no time

Continued on following page

Koch has repeatedly and knowingly taken positions with the Court which are directly undermined by the facts as established by documentary evidence created by Koch itself, coupled with the ethical obligation of counsel for GE Capital to shine the light of day on facts which defeat Koch's position in this lawsuit where, as here, Koch has voluntarily disclosed those facts.

2.     GE Capital in its Objections states five separate objections to the Order. *See* Objections, p. 1. In its Response, Koch responds to only two of these objections, and those unpersuasively. Koch wholly ignores the remaining three objections.

3.     As its first objection, GE Capital establishes that the Order (Court Docket No. 32) ignores Rule 510 of the Alabama Rules of Evidence. *See* Objections, pp. 2-3. That rule directly resolves the issue at bar: "A person upon whom these rules confer a privilege against disclosure waives the privilege if the person . . . voluntarily discloses . . . any significant part of the privileged matter." Ala. R. Evid. 510; *see also* Advisory Committee Notes to Rule 510 ("[T]he privilege falls when that which is protected by the privilege is voluntarily disclosed by the holder."). It is beyond dispute that Koch disclosed KOCH 939, that this disclosure was not compelled and was otherwise voluntary, and that the disclosure was a significant part of the document at issue.

---

Continued from previous page

have been part of Alabama jurisprudence. *See* GE Capital's Response to the Court's Order to Show Cause Entered October 25, 2007, and Response to Koch's Motion for Protective Order and for Sanctions Against Counsel for GE Capital ("GE Capital's Response to Motion for Protective Order") (Court Docket No. 27), ¶¶ 11-21. Koch's argument is that GE Capital's counsel violated the Model Rules. *See* Koch's Motion for Protective Order, and for Sanctions Against Counsel for GE Capital (Court Docket No. 22), ¶¶ 16-22, *citing* Rule 4.4 of ABA Model Rules of Professional Conduct. Even now Koch fails to acknowledge, however, despite it having been pointed out repeatedly in GE Capital's filings, that Alabama has not adopted the Model Rules generally, or, specifically, the Model Rule which Koch claims GE Capital's counsel violated. *See, e.g.,* GE Capital's Response to Motion for Protective Order, ¶¶ 11-14. Moreover, the Court in the Order has specifically denied Koch's request for sanctions based upon its spurious "ethics" argument, and Koch has not filed any objection to this ruling within the ten-day period provided by the Federal Rules of Civil Procedure. It is time for Koch to put this distraction to bed.

4.    Koch in its Response addresses Rule 510, but not head on. Unable to respond meaningfully to the unequivocal language of Rule 510, Koch instead suggests that the Court should reject the approach stated in the Rule. In support of its argument, however, Koch cites only non-Alabama case law. *See* Koch's Response, ¶ 6, *citing* cases from Massachusetts, North Dakota, and the federal approach adopted in the Fifth Circuit.

5.    The unpersuasiveness of Koch's effort is demonstrated by GE Capital's second objection. In its second objection, GE Capital shows that *Bassett v. Newton*, 658 So. 2d 398 (Ala. 1995), establishes that whatever other states may say about their respective evidentiary rules, the rule in Alabama is as plain as Rule 510 says it is:

> *Voluntary disclosure bars a subsequent claim of privilege based on confidentiality.* Waiver includes not merely words or conduct expressing an intention to relinquish a known right, but conduct, such as partial disclosure, that would make it *unfair* for the client to insist on the privilege thereafter. [T]he waiver principle says a person upon whom the rules confer a privilege against disclosure of the confidential matter or communication *waives the privilege by voluntarily disclosing or consenting to disclosure of any significant part of the matter or communication.*

*Bassett*, 658 So. 2d at 402 (citations omitted; emphasis added); *see also* Objections, p. 3.

6.    Koch in its Response does not respond to GE Capital's second objection or to *Bassett*. Koch does not respond because there is no response. Alabama law controls here, and *Bassett* unequivocally establishes that Rule 501 means what it says and that Koch has waived any privilege with respect to KOCH 939.

7.    As its third objection, GE Capital demonstrates that the Order overlooks the import of an Alabama State Bar Opinion which is directly on point and which likewise establishes that Koch has waived any claim of privilege to KOCH 939. *See* Opinion of Alabama State Bar, April 8, 1996 (Court Docket No. 27, Ex. 2); *see also* Objections, pp. 3-4. The

distinction drawn by the Alabama State Bar is clear. Where the intent is to disclose a group of documents to a specific person and a privileged document is included in the package due to a failure to adequately review the documents, *the privilege is waived*. *See* Opinion of Alabama State Bar, April 8, 1996 (Court Docket No. 27, Ex. 2), p. 2 (privilege waived where, like in the case at bar, the privileged document was included in a package intended to be sent to the recipient and the privileged document was included "as a result of the failure of the [producing] party to adequately review the documents provided in response to [a document] request"). Where, on the other hand, a privileged document is *misdirected* to a person who is not the intended recipient, the privilege is not waived. *Id.* (inadequate review, which waives the privilege, "is obviously different from a facsimile transmission received by the wrong party," which does not). In the first instance there is an intent to disclose a group of documents to the party to whom they were sent, where in the second instance there is no intent to disclose anything to the receiving party.

8.    Koch's Response to GE Capital's third objection is unpersuasive. Koch argues that GE Capital's reference to the Alabama State Bar Opinion is a "feeble attempt" to challenge the Order, and further claims that GE Capital's reference to the Alabama State Bar for the distinction drawn there is "legally unsupported." *See* Koch's Response, ¶ 7; fn. 2. Koch is wrong. No part of the Alabama State Bar Opinion is "feeble." The Court in the Order overlooked the plain language of the Alabama State Bar Opinion, which establishes the distinction set forth in the preceding paragraph.

9.    As its fourth objection, GE Capital establishes that the Order relies on a letter opinion of the American Bar Association ("ABA"), despite the fact that the ABA Opinion is based on Model Rules which Alabama has not adopted and despite the fact that the ABA has

formally withdrawn the cited opinion. *See* Objections, pp. 4-5. Although the Court is correct that the Alabama State Bar Opinion references ABA Opinion 92-368, the Court in the Order overlooks that ABA Opinion 92-368 is based upon the ABA Model Rules, which *Alabama has not adopted*. Moreover, the ABA formally *withdrew* ABA 92-368 effective October 1, 2005. *See* ABA 05-437 (Court Docket No. 27, Ex. 1). The Court should follow the Alabama State Bar Opinion which is squarely on point, rather than an ABA Opinion which is not on point; which is based on Model Rules that Alabama has not accepted; which is based on out-of-state precedent (the ABA Opinion cites as authority a New Mexico decision); and which has been withdrawn.

10.     Koch in its Response does not respond to GE Capital's fourth objection. Again, Koch fails to respond because it has no response. The ABA Opinion upon which it relies is based upon Model Rules not adopted by Alabama, and has been withdrawn. The Alabama State Bar Opinion controls here, not the withdrawn ABA Opinion.

11.     As its fifth and final objection, GE Capital establishes that even were the Court to adopt the federal standard cited in the Order, Koch has failed to establish that it has not waived the privilege under this standard. *See* Objections, p. 5. In the Order the Court cites *Alldread v. City of Grenada*, 988 F.2d 1425 (5th Cir. 1993), suggesting that the Court should adopt the standard set forth there: (1) the reasonableness of the precautions taken to prevent disclosure, (2) the amount of time taken to remedy the error, (3) the scope of discovery, (4) the extent of the disclosure, and (5) the overriding issue of fairness. 988 F.2d at 1434.

12.     The first and fifth factors in this test weigh heavily in favor of waiver in the case at bar and overwhelm the remaining factors. KOCH 939 was not the only attorney-client communication disclosed by Koch.[3] Koch's review of the documents prior to production reaches

---

[3] *See* GE Capital's Motion (Court Docket No. 26), ¶ 24.

beyond mere inadvertent mistake into carelessness. Moreover, the content of KOCH 939 bears directly on Koch's ability to prevail on the claims it asserts in the Complaint. The testimony given by Mark Kaminsky, Koch's Chief Financial Officer, is in direct contradiction to the information contained in KOCH 939. *See* Order, p. 3 ("[T]he Court determines the disclosure of the partial e-mail would have a prejudicial effect on Koch[.]").

13.    Again, like with the second and fourth objections, Koch in its Response does not respond to GE Capital's fifth objection. Nowhere does Koch contest, or even address, the fact that KOCH 939 was not the only attorney-client communication which it disclosed; rather, Koch contests only KOCH 939 not because it is the only attorney-client communication produced but because that is the one which defeats Koch's claims in this lawsuit. Even under *Alldread*, were the Court to apply the standard stated there rather than the Alabama standard, the "overriding issue of fairness" dictates that neither Koch nor its attorneys, as officers of the Court, should be permitted to continue to take positions in this lawsuit which are squarely contradictory to the documentary record which they first created and then voluntarily disclosed.

14.    Based on the Objections, coupled with Koch's unpersuasive response to two of them and utter failure to respond to the other three, the Court should modify the Order to rule that, under Alabama law, any privilege with respect to KOCH 939 has been waived by its voluntary disclosure, and that based on this waiver, GE Capital is free to use KOCH 939 to support its position.

Dated: December 19, 2007.                Respectfully submitted,

                                         By:    /s/ Rusha C. Smith
                                                Attorney for General Electric Capital
                                                Corporation

                                                /s/ Timothy S. Harris
                                                Attorney for General Electric Capital
                                                Corporation

OF COUNSEL:
Rusha C. Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

OF COUNSEL:
Alexander Terras
Timothy S. Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

## CERTIFICATE OF SERVICE

I hereby certify that on December 19th, 2007, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas G. Mancuso, Esq.
Mancuso & Franco, P.C.
7515 Halcyon Summit Drive
Suite 301
Montgomery, AL 36177

Eugene J. Geekie, Jr., Esq.
Mike Xu, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago IL 60606

/s/ Rusha C. Smith
COUNSEL