IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KOCH FOODS OF ALABAMA LLC, an Alabama limited liability company | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | CIVIL ACTION NO. 2:07-cv-522-MHT |
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation | ) ) ) ) | |
| Defendant and Counter-Plaintiff. | ) ) | |

## ORDER

Upon referral of this case to the undersigned Magistrate Judge for voluntary mediation, pursuant to Local Rule 16.2, it is **ORDERED** that this matter be set for a mediation conference on **Thursday, February 28, 2008 at 9:00 a.m.** in District Courtroom 4A, Frank M. Johnson, Jr. United States Courthouse Complex, One Church Street, Montgomery, Alabama before the undersigned. It is further **ORDERED** as follows:

**(1) REQUIRED ATTENDANCE**: The attorneys who will try the case shall appear at the Mediation Conference with (a) the parties and (b) a representative having full authority to negotiate and settle the case on any terms.

**(2) PRIOR SETTLEMENT CONFERENCES**: Mediation conferences are often unproductive unless the parties have already exchanged demands and offers in a serious effort to settle the case on their own. If counsel have not held a good-faith, face-to-face

settlement conference, as required in the Court's scheduling order, counsel shall confer with each other *before the date of the mediation conference* and make a good faith effort to settle the case.

Additionally, prior to the mediation conference, counsel shall confer and attempt to agree upon the form and content of mutual releases for execution if this case is settled.

**(3) CONFIDENTIAL MEDIATION STATEMENTS**: On or before **Monday February 25, 2008**, each party shall delivery *directly to the undersigned Judge* a confidential mediation statement which is intended solely for the Court's use in preparing for the mediation conference. If it is necessary for a party's timely filing, the statement may be transmitted by facsimile directly to the Judge's chambers at (334) 954-3741.[1] This confidential mediation statement should not be filed with or transmitted via facsimile to the Clerk of Court nor served upon the other parties. All matters communicated to the undersigned Judge in confidence will be kept confidential and will not be disclosed to any other party or to the trial judge.

The confidential mediation statement shall be limited to ten (10) pages and should include the following:

(a) An estimate of the costs and time to be expended for further discovery, trial preparation, and trial;

(b) A pertinent history of the litigation and past settlement discussions, including the results of the face-to-face settlement conference;

---

[1] Hand delivery is still the preferred method of delivery.

  (c)  An explanation of the party's claims or defenses and a candid assessment of the strengths and weaknesses of those claims and defenses;

  (d)  A candid statement of the following:

    (i) the party's objective in this litigation
    (ii) the nature of the relationship between the party and counsel; and
    (iii) any sensitive issues or matters

  (e)  The relief sought. If damages are sought, the party should provide the court with the evidence which supports the request;[2]

  (f)  A full and complete explanation of any subrogation claims and how these claims impact on the plaintiff's claims for damages;

  (g)  Counsel's candid assessment of any impediments to settlement.

**(4) CLIENT CONFERENCE**: Counsel for the parties should confer with their clients *before the date of the mediation* for a realistic assessment of the value of this case as it relates to reaching a settlement or continuing litigation to a trial.

DONE this 20th day of February, 2008.

            /s/Terry F. Moorer
            TERRY F. MOORER
            UNITED STATES MAGISTRATE JUDGE

---

[2] If claims or defenses are based upon sums of money which are susceptible of objective computation - including backpay, frontpay, premiums, interest payments, pension payments, etc. - the party who asserts such a claim or defense shall provide the Court with a written, updated computation at the mediation conference.