UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| KOCH FOODS OF ALABAMA, LLC, an Alabama limited liability company, </br></br>  Plaintiff and Counter-Defendant, </br></br>vs. </br></br>GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation, </br></br>  Defendant and Counter-Plaintiff, | CIVIL ACTION NO. </br>2:07 CV 522-MHT |

GENERAL ELECTRIC CAPITAL CORPORATION'S
MOTION IN LIMINE TO EXCLUDE TESTIMONY
PERTAINING TO THE STATUS OF THE EQUIPMENT AS A FIXTURE

General Electric Capital Corporation ("GE Capital"), through its undersigned counsel, in conjunction with Rule 403 of the Federal Rules of Evidence ("Rule 403") and the Uniform Scheduling Order entered in the above-captioned proceeding on July 17, 2007 (Doc. No. 14) (the "Uniform Scheduling Order"), moves this Court for an *in limine* order barring Koch Foods of Alabama, LLC ("Koch Foods") from seeking to solicit or introducing testimony pertaining to whether the equipment that is the subject of the above-captioned proceeding (the "Equipment") is a fixture of the real property. In support of this motion, GE Capital states as follows:

1. On May 25, 2007, Koch Foods filed its Complaint for Declaratory Judgment and for Unjust Enrichment, thereby commencing the above-captioned proceeding.

2. On December 7, 2007, GE Capital filed GE Capital's Brief and Evidentiary Submissions in Support of its Motion for Summary Judgment as to All Claims and

Counterclaims (Doc. No. 45) (the "Summary Judgment Memorandum"), wherein it asserted that the Equipment could not, as a matter of both fact and law, be fixtures.[1]

3. In the Summary Judgment Memorandum, GE Capital establishes that, pursuant to the terms of the lease for the Equipment (the "Equipment Lease"), the Equipment was to remain GE Capital's property unless Sylvest Farms, Inc. ("Sylvest") purchased the Equipment from GE Capital as provided therein. Until such time, Sylvest would only have the right to use the Equipment as a lessee. *See Summary Judgment Memorandum,* ¶ 8.

4. In addition, pursuant to the terms of the Equipment Lease, all Equipment is to at all times remain personal property of GE Capital even through it might be attached to real property. *Id.,* ¶ 10. The Equipment Lease further provides that "[t]he Equipment shall not become part of any other property by reason of any installation in, or attachment to, other real or personal property." *Id.*

5. Lyman Campbell, the Executive Vice President of Sylvest, and the individual who executed the Equipment Lease on behalf of Sylvest, has testified that Sylvest's intention was "to honor the [Equipment Lease] for the longevity of the lease." *Id.,* ¶ 12. In relation thereto, "[a]t the end of the lease, if [Sylvest] so desired to purchase the [E]quipment, then [it] could either pay the residual value or negotiate a better deal." *Id.* If Sylvest opted to pay the residual value for the Equipment, "[o]wnership would pass." *Id.* Sylvest, however, never reached this point. *Id.*

6. Under Alabama law, the articles of the Equipment are trade fixtures, not fixtures. "A trade fixture is commonly defined as an item affixed to realty for the purpose of enabling the tenant to perform properly a trade or profession, which can be removed without material or

---

[1] The Court has not to date ruled on GE Capital's Motion for Summary Judgment.

permanent injury to the realty." *LaFarge Bldg. Materials, Inc. v. Stribling*, 880 So. 2d 415, 423 (Ala. 2003) ("Black's Law Dictionary defines trade fixtures as 'removable personal property that a tenant attaches to leased land for business purposes.'")

7.     "Under the general rule of the common law, everything annexed to the freehold estate was treated as part of it. However, tenants placing trade fixtures on the property to be used in connection with trade or manufacturing were excepted from the operation of the foregoing general rule." 880 So. 2d at 419. In the trade fixture context, "[i]t is not so much the manner in which the fixture is attached to the freehold which controls the rights of the parties, as the relation of the parties, the intention in attaching, and the use to which it is put." 880 So. 2d at 419. Rather, "[t]he touchstone for the trade fixtures test . . . is intent. . . ." 880 So. 2d at 423.

8.     For this reason, countless courts have held that equipment similar to the Equipment did not become a fixture as a result of it being installed or affixed to realty. *See Summary Judgment Memorandum,* p. 15 (providing citations to multiple cases).

9.     Under Alabama law, the owner of a trade fixture continues to own the trade fixture in the event of a subsequent *bona fide* sale of the realty to which the trade fixture is attached. *See W.T. Adams Mach. Co. v. Interstate Bldg. & Loan Ass'n,* 119 Ala. 97, 24 So. 857, 858 (1898) (where a vendor of an engine, boiler, and hot-water heater retained title to that equipment, but consented to the annexation of the equipment to real property in the possession of vendee, that vendor can assert and maintain its title against a subsequent *bona fide* mortgagee of the vendee; the mortgagee has a duty of inquiring and ascertaining for himself the title of the vendor or the vendee); *Mobile Cab and Baggage Co., Inc. v. The Texas Co.,* 61 Ala. 242, 74 So. 2d 498 (1954) (adopting same reasoning and holding in relation to gasoline pump and tanks affixed to concrete slabs and/or buried under the surface of the ground). This is true even if the

purchaser has no notice of the ownership of the equipment prior to its purchase. *See W.T. Adams, supra; Mobile Cab, supra.*

10. For these reasons, the Equipment is not a fixture under Alabama law.

11. Rule 403 provides that "evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *Fed. R. Evid. 403.*

12. For the reasons stated above, and in the Summary Judgment Memorandum, any evidence or testimony sought to be introduced by Koch Foods for the purpose of establishing the Equipment constitutes a fixture has no probative value. Indeed, to the extent such evidence or testimony is admitted, it could serve to confuse the issues or mislead the jury, and could also serve to unnecessarily extend the time necessary to complete the trial, thereby wasting judicial resources as well as the resources of the parties. As such, this evidence and testimony should be excluded under Rule 403.

WHEREFORE, GE Capital seeks the entry of an order: (a) barring Koch Foods from seeking to introduce into evidence any testimony which purports to establish that the Equipment was a fixture of the real property; and (b) granting any further relief that this Court deems to be appropriate under the circumstances.

- 5 -

Dated: March 31, 2008.

By: /s/ Rusha C. Smith
Attorney for General Electric Capital Corporation

OF COUNSEL:
Rusha C. Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

OF COUNSEL:
Alexander Terras
Timothy S. Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

## CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas G. Mancuso, Esq.
Thomas T. Gallion, III, Esq.
Constance C. Walker, Esq.
Haskell Slaughter Young & Gallion, LLC
305 South Lawrence Street
Montgomery, AL  36103-4660

Eugene J. Geekie, Jr., Esq.
Mike Xu, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago IL  60606

/s/ Rusha C. Smith
COUNSEL

1/1687263.1