UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

KOCH FOODS OF ALABAMA, LLC,  )
an Alabama limited liability company,  )
  )
    Plaintiff and Counter-Defendant,  )
  )
  )          CIVIL ACTION NO.
vs.  )          2:07 CV 522-MHT
  )
GENERAL ELECTRIC CAPITAL  )
CORPORATION, a Delaware  )
corporation,  )
  )
    Defendant and Counter-Plaintiff,  )

### DEFENDANT AND COUNTER-PLAINTIFF GENERAL ELECTRIC CAPITAL CORPORATION'S PROPOSED JURY INSTRUCTIONS

Defendant and Counter-Plaintiff General Electric Capital Corporation ("Defendant" or "GE Capital"), through its undersigned counsel, and in conjunction with Uniform Scheduling Order entered in the above-captioned proceeding on July 17, 2007 (Doc. No. 14), submits the following proposed jury instructions (the "Proposed Instructions"). Defendant reserves the right to propose revisions and amendments to the Proposed Instructions before they are given, especially as required to conform with new case law, rulings by the Court before and during trial, and the evidence which is submitted at trial.

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 1

<u>Court's Instructions to the Jury</u>

Members of the Jury:

I will now explain to you the rules of law that you must follow and apply in deciding this

case. When I have finished you will go to the jury room and begin your discussions – what we

call your deliberations.


Authority:  Based on Eleventh Circuit Pattern Jury Instructions (2005), Court's Instructions to
the Jury

|          | **Given** |
|----------|-----------|
|          | **Refused** |
|          | **Modified** |

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 2

Consideration Of The Evidence
Duty To Follow Instructions
Corporate Party Involved

In deciding the case you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone.

The fact that corporations are involved as parties must not affect your decision in any way. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice. When a corporation is involved, of course, it may act only through people as its employees; and, in general, a corporation is responsible under the law for any of the acts and statements of its employees that are made within the scope of their duties as employees of the company.

In your deliberations you should consider only the evidence – that is, the testimony of the witnesses and the exhibits I have admitted in the record – but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, any fact in dispute. The law makes no distinction between the weight you may give to either direct or circumstantial evidence.

Remember that anything the lawyers say is not evidence in the case. And, except for my instructions to you on the law, you should disregard anything I may have said during the trial in arriving at your decision concerning the facts. It is your own recollection and interpretation of the evidence that controls.

Authority:  Based on Eleventh Circuit Pattern Jury Instructions (2005), 2.2

_____ **Given**
_____ **Refused**
_____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

<u>Jury As Judge Of Facts</u>

You will be the sole and exclusive judges of the facts. It will be your duty to attempt to reconcile the testimony of all the witnesses so as to make them all speak the truth, if this can be done reasonably. If you cannot reasonably reconcile all of the testimony it is then your duty to consider the testimony with the view of determining what the true facts are. In so doing you may accept or reject any party of the testimony of any witness, and accept only the testimony you consider worthy of belief.

Authority: Alabama Pattern Jury Instructions, 1.06.

<table>
<tr><td>_____</td><td><strong>Given</strong></td></tr>
<tr><td>_____</td><td><strong>Refused</strong></td></tr>
<tr><td>_____</td><td><strong>Modified</strong></td></tr>
</table>

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 4

<u>Credibility of Witnesses</u>

Now, in saying that you must <u>consider</u> all of the evidence, I do not mean that you must <u>accept</u> all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision you may believe or disbelieve any witness, in whole or in part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness I suggest that you ask yourself a few questions: Did the witness impress you as one who was telling the truth? Did the witness have any particular reason not to tell the truth? Did the witness have a personal interest in the outcome of the case? Did the witness seem to have a good memory? Did the witness have the opportunity and ability to observe accurately the things he or she testified about? Did the witness appear to understand the questions clearly and answer them directly? Did the witness's testimony differ from other testimony or other evidence?

Authority: Eleventh Circuit Pattern Jury Instructions (2005), 3

| | |
|---|---|
| _____ | **Given** |
| _____ | **Refused** |
| _____ | **Modified** |

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 5**

Impeachment of Witnesses
Inconsistent Statements

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Authority: Eleventh Circuit Pattern Jury Instructions (2005), 4

_____ **Given**
_____ **Refused**
_____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 6

Expert Witnesses
General Instruction

In this case, the parties have sought to introduce into evidence the testimony and opinions of experts. When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

Authority: Eleventh Circuit Pattern Jury Instructions (2005), 5.1

_____ **Given**
_____ **Refused**
_____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

Burden of Proof
When There Are Multiple Claims Or
When Both Plaintiff and Defendant Or
Third Parties Have Burden Of Proof

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

Authority: Eleventh Circuit Pattern Jury Instructions (2005), 6.2

_____ **Given**
_____ **Refused**
_____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 8

### Definition Of Trade Fixtures Under Alabama Law

In this case, Koch Foods asserts that it owns certain equipment because that equipment was attached to real property that Koch Foods purchased.

Under the general rule of the common law, everything affixed to real property was considered part of that property. However, this general rule does not apply to tenants that place trade fixtures to be used in connection with a manufacturing business on real property.

A "trade fixture" is commonly defined as an item affixed to realty for the purpose of enabling the tenant to perform a trade or profession, which can be removed without material or permanent injury to the real property.

Authority: *LaFarge Bldg. Materials, Inc. v. Stribling*, 880 So. 2d 415 (Ala. 2003); *Thornton Properties, v. Alabama Power Co.*, 550 So. 2d 1024 (Ala. Civ. App. 1989)

_____ **Given**
_____ **Refused**
_____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

Test Of When A Trade Fixtures
Becomes A Fixture Under Alabama Law

Under Alabama law, when a trade fixture is involved, the most important factor in determining whether that trade fixture is a fixture of the real property is the intent of the party that affixed it. If there is no intention of the party making the annexation for the property to become a fixture, the personal property is not a fixture.

Authority: *LaFarge Bldg. Materials, Inc. v. Stribling*, 880 So. 2d 415 (Ala. 2003); *Thornton Properties, v. Alabama Power Co.*, 550 So. 2d 1024 (Ala. Civ. App. 1989)

_____ **Given**
_____ **Refused**
_____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 10

Effect Of Sale Of Real Property On A Trade Fixture

Under Alabama law, the owner of a trade fixture continues to own the trade fixture in the event of a subsequent *bona fide* sale of the realty to which the trade fixture is attached. This is true even if the purchaser has no notice of the ownership of the equipment prior to its purchase.

Authority:  *W.T. Adams Mach. Co. v. Interstate Bldg. & Loan Ass'n,* 119 Ala. 97, 24 So. 857, 858 (Ala. 1898); *Mobile Cab and Baggage Co., Inc. v. The Texas Co.,* 61 Ala. 242, 74 So. 2d 498 (Ala. 1954)

                                    _____  **Given**
                                    _____  **Refused**
                                    _____  **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 11

<u>Spoliation Of Evidence</u>

In this case, GE Capital claims that Koch Foods is guilty of wrongfully destroying, hiding, concealing, altering, or otherwise wrongfully tampering with the equipment that is the subject of this proceeding. If you are reasonably satisfied from the evidence that the Koch Foods did or attempted to wrongfully destroy, hide, conceal, alter, or otherwise tamper with material evidence, then that fact may be considered in your deliberations concerning the validity of the Koch Foods's claims.

Authority: Based on Alabama Pattern Jury Instructions, 15.12

                                                  _____ **Given**
                                                  _____ **Refused**
                                                  _____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 12

Unjust Enrichment Claim Defined

In order for Koch Foods to prevail on its claims for unjust enrichment, it must show that GE Capital holds money which, in equity and good conscience, belongs to Koch Foods or holds money which was improperly paid to GE Capital because of mistake or fraud. The doctrine of unjust enrichment is an old equitable remedy permitting the court in equity and good conscience to disallow one to be unjustly enriched at the expense of another. One is unjustly enriched if his retention of a benefit would be unjust.

Authority: *Mantiply v. Mantiply*, 951 So.2d 638 (Ala. 2006)

|             |              |
|-------------|--------------|
| _____ | **Given**    |
| _____ | **Refused**  |
| _____ | **Modified** |

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 13

Entitlement to Damages Under an Unjust Enrichment Claim

In this case, Koch Foods asserts that, in the event it is determined that GE Capital owns the equipment, Koch Foods is entitled to storage costs that it incurred in housing the equipment.

Under Alabama law, the recovery of the value of goods or services on the principle of unjust enrichment is founded upon equity. In such a case, Koch Foods would be entitled to the reasonable value of storage of the equipment up to the date that it took personal possession of the equipment for its own use. However, a party may not recover for services gratuitously rendered to another with no expectation of payment.

In addition, if the conduct of Koch Foods makes it evident that Koch Foods provided storage for the equipment not to confer a benefit on GE Capital, nor to protect GE Capital's interest, but to serve Koch Foods's own unlawful purpose of taking the equipment as its own, GE Capital has not been unjustly enriched.

Authority: *Allstate Ins. Co. v. Reeves*, 440 So.2d 1086 (Ala. Civ. App. 1983)

_____ **Given**
_____ **Refused**
_____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 14

### Unclean Hands

Because an unjust enrichment claim is one based in equity, when a plaintiff seeks judgment on an unjust enrichment claim, that party must come to the court with clean hands. Alabama law recognizes that one who seeks equity must do equity, and one that comes into equity must come with clean hands. The purpose of the unclean hands doctrine is to prevent a party from asserting its rights under the law when the party's own wrongful conduct renders the assertion of such legal rights "contrary to equity and good conscience."

Authority: *J&M Bonding Co. v. Hayes*, 748 So.2d 198 (Ala. 1999)

_____ **Given**
_____ **Refused**
_____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 15

### General Definition of Conversion

A conversion is:

1.   The appropriation of the personal property of one person by another to its own use and benefit; or,

2.   By destruction of one's personal property by another; or,

3.   The exercise of dominion by another over personal property to the exclusion or in defiance of the owner's right; or,

4.   Withholding the possession of personal property from the owner by another under a claim of title inconsistent with the owner's title.

Authority:  Alabama Pattern Jury Instructions, 39.00

                                                     _____ **Given**

                                                     _____ **Refused**

                                                     _____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 16

<u>Actions That Constitute Conversion</u>

Under Alabama law, actions that constitute conversion may be divided into four classes: (1) wrongful takings, (2) illegal assumptions of ownership, (3) illegal use or misuse of property, and (4) wrongful detentions of property.

In the case of wrongful takings, illegal assumptions of ownership, and illegal use or misuse of the property, there is no requirement that the rightful owner of the property demand the return of the property. In cases of wrongful detentions of property, however, the party claiming a conversion took place must prove that they demanded the return of the property, and that demand was denied.

Authority: *White v. Drivas*, 954 So. 2d 1119 (Ala. App. 2006).

_____ **Given**
_____ **Refused**
_____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 17

### Burden Of Proof For Conversion Claim

The burden of proof is on GE Capital to reasonably satisfy you from the evidence that Koch Foods converted the property of GE Capital as defined in one or more of the four definitions of Conversion provided in the context of these instructions.

Authority: Based on Alabama Pattern Jury Instructions, 39.00A

_____ **Given**
_____ **Refused**
_____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 18

### Measure of Compensatory Damages

The measure of compensatory damages for the conversion of personal property is the value of the property as of the date of the conversion; or the value of the property at any time between the date of the conversion and the trial, whichever is greater, with interest at the rate of six per cent (6%) per annum from the date of the conversion.

If you are reasonably satisfied that GE Capital has proven Koch Foods converted GE Capital's property, GE Capital would further have to prove to your reasonable satisfaction the amount of compensatory damages.

Authority:  Based on Alabama Pattern Jury Instructions, 39.01

　　　　　　　　　　　　　　　　　　　　　　　　_____ **Given**
　　　　　　　　　　　　　　　　　　　　　　　　_____ **Refused**
　　　　　　　　　　　　　　　　　　　　　　　　_____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 19

### Punitive Damages Related To The Conversion Claim

Punitive damages are allowed for conversion claims, and may be awarded in the sound discretion of the jury in the event that GE Capital proves by clear and convincing evidence that Koch Foods consciously or deliberately engaged in legal malice, willfulness, insult, or other aggravating circumstances, or where conversion is done in known violation of GE Capital's rights.

Clear and convincing evidence is evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.

Authority: Based on Alabama Pattern Jury Instructions, 39.02

_____ **Given**
_____ **Refused**
_____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 20

### Punitive Damages Under Alabama Law

The purpose of awarding punitive or exemplary damages is to allow money recovery to GE Capital by way of punishment to Koch Foods, and for the added purpose of protecting the public by deterring Koch Foods and others from doing such wrong in the future. The imposition of punitive damages is entirely discretionary with the jury. Should you award punitive damages, in fixing the amount, you must take into consideration the character and degree of the wrong as shown by the evidence in the case, and the necessity of preventing similar wrongs.

For GE Capital to be entitled to recover punitive damages you must first award compensatory damages or nominal damages. Further, GE Capital must prove by clear and convincing evidence that Koch Foods consciously or deliberately engaged in oppression, fraud, wantonness, or malice with regard to GE Capital.

"Oppression" in this context means subjecting a person to cruel and unjust hardship in conscious disregard of that person's rights.

"Fraud" means an intentional misrepresentation, deceit, or concealment of a material fact the concealing party had a duty to disclose, which was gross, oppressive or malicious and committed with the intention on the part of Koch Foods of thereby depriving a person or entity of property or legal rights or otherwise causing injury.

"Wantonness" means conduct which is carried on with a reckless or conscious disregard of the rights or safety of others.

"Malice" means the intentional doing of a wrongful act without just cause or excuse, either:

   1. With an intent to injure the person or property of another person or entity, or

   2. Under such circumstances that the law will imply an evil intent.

- 22 -

Authority:  Based on Alabama Pattern Jury Instructions, 11.03

_____ **Given**
_____ **Refused**
_____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 21

### Willfulness Distinguished From Wantonness

Under Alabama law, "wantonness" is the conscious doing of some act or the omission of some duty under knowledge of existing conditions and consciousness that the doing of such act or omission of such duty injury will likely or probably result.

"Willfulness" is the conscious doing of some act or omission of some duty under knowledge of existing conditions accompanied with a design or purpose to inflict injury.

Therefore, in "wanton conduct" and "wanton injury" a purpose or intent or design to injure is <u>not</u> an ingredient; and where a person from his knowledge of existing conditions and circumstances is conscious that his conduct will probably result in injury, yet, with reckless indifference or disregard of the natural or probable consequences, but without having an intent or design to injure, he does the act, or fails to act, he would be guilty of wantonness, but not of willfulness.

But, in "willful conduct" and "willful injury" a purpose or intent or design to injure is an ingredient; and where a person, with knowledge of the danger or peril to another consciously pursues a course of conduct with a design, intent, and purpose of inflicting injury, then he is guilty of willfulness.

Authority: Based on Alabama Pattern Jury Instructions, 29.01

_____ **Given**
_____ **Refused**
_____ **Modified**

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 22**

Duty To Deliberate
When Both Plaintiff And Defendant Claim
Damages Or When Damages Are Not An Issue

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While you are discussing the case do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong. But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges – judges of the facts. Your only interest is to seek the truth from the evidence in the case.

Authority: Eleventh Circuit Pattern Jury Instructions (2005), 7.2

_____ **Given**
_____ **Refused**
_____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 23

### Election Of Foreperson

When you go to the jury room you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in court.

Authority: Based on Eleventh Circuit Pattern Jury Instructions (2005), 8

| | |
|---|---|
| _____ | **Given** |
| _____ | **Refused** |
| _____ | **Modified** |

**DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 24**

Explanation Of Verdict Form(s)

For your convenience, the court has prepared for your use in this case forms of verdict which will be explained to you. No inferences are to be drawn by you from the fact that the court has supplied you with these forms, or from the order in which the court reads them to you. When you have reached a verdict you will select and complete the form which corresponds to your verdict and which is to be signed by your foreman. All twelve of you must agree on any verdict which you return to the court.

Authority: Based on Alabama Pattern Jury Instructions, 37.00

        _____ **Given**
        _____ **Refused**
        _____ **Modified**

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 25

### Explanation Of Verdict Forms

Four verdict forms have been prepared for your convenience. You will take the verdict forms to the jury room and when you have reached a unanimous agreement you will have your foreperson fill in the verdict form, date and sign it, and return to the courtroom. The forms are as follows:

### A. KOCH FOODS'S VERDICT

If, after a full and fair consideration of all the evidence, you find that the Koch Foods is entitled to recover from GE Capital and that GE Capital is not entitled to recover from Koch Foods on the conversion counterclaim, then you should use the following verdict form:

> We, the jury, find for Koch Foods and against GE Capital and assess Koch Foods's damages at _____ dollars (_____).
>
> We further find in favor of Koch Foods and against GE Capital on the GE Capital's counterclaim.

### B. GE CAPITAL'S VERDICT

If, after a full and fair consideration of all the evidence, you find that Koch Foods is not entitled to recover from GE Capital, but that GE Capital is entitled to recover from Koch Foods on GE Capital's counterclaim, then you should use the following verdict form:

> We, the jury, find in favor of GE Capital on Koch Foods's claim.
>
> We further find in favor of GE Capital and against Koch Foods on GE Capital's counterclaim and assess GE Capital's damages as follows:
>
> Compensatory: _____ dollars (_____).
>
> Punitive: _____ dollars (_____).

## C. Verdict In Which Neither Party Is Entitled To Recover

If, after a full and fair consideration of all the evidence, you find that neither party is

entitled to recover from the other party, then you should use the following verdict form:

> We, the jury, find in favor of GE Capital on Koch Foods's claim.
>
> We further find in favor of Koch Foods on GE Capital's counterclaim.
>
> It is our verdict that neither party recover from the other.

## D. Koch Foods's Verdict In Which Both Parties Recover

If, after a full and fair consideration of all the evidence, you find that Koch Foods is

entitled to recover from GE Capital, and that GE Capital is entitled to recover from Koch Foods

on GE Capital's counterclaim, then you should use the following verdict form:

> We, the jury, find in favor of Koch Foods and against GE Capital and assess Koch Foods's damages at:
>
> Compensatory: _____ dollars (_____).
>
> We further find in favor of GE Capital and against Koch Foods on GE Capital's counterclaim and assess GE Capital's damages as follows:
>
> Compensatory: _____ dollars (_____).
>
> Punitive: _____ dollars (_____).

If you should desire to communicate with me at any time, please write down your

message or question and pass the note to the marshal who will bring it to my attention.  I will

then respond as promptly as possible, either in writing or by having you returned to the

courtroom so that I can address you orally.  I caution you, however, with regard to any message

or question you might send, that you should not tell me your numerical division at the time.

Authority:  Based on Alabama Pattern Jury Instructions, 37.04; Eleventh Circuit Pattern Jury
Instructions (2005), 8.0.

_____  **Given**
_____  **Refused**
_____  **Modified**

Dated:  March 31, 2008.

By:    /s/ Rusha C. Smith
            Attorney for General Electric Capital
            Corporation

OF COUNSEL:
Rusha C. Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

OF COUNSEL:
Alexander Terras
Timothy S. Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL  60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

CERTIFICATE OF SERVICE

I hereby certify that on March 31, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas G. Mancuso, Esq.
Thomas T. Gallion, III, Esq.
Constance C. Walker, Esq.
Haskell Slaughter Young & Gallion, LLC
305 South Lawrence Street
Montgomery, AL 36103-4660

Eugene J. Geekie, Jr., Esq.
Mike Xu, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago IL 60606


/s/ Rusha C. Smith
COUNSEL

1/1687263.1