# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

KOCH FOODS OF ALABAMA, LLC, )
an Alabama limited liability company, ) Case No. 07-cv-522-MHT
 )
  Plaintiff and Counterclaim-defendant,)
 )
  GENERAL ELECTRIC CAPITAL )
 )
CORPORATION, a Delaware corporation, )
 )
 )
  Defendant and Counterclaim-plaintiff.)

## PLAINTIFF'S PROPOSED JURY INSTRUCTIONS

COMES NOW Plaintiff Koch Foods of Alabama, LLC, and submits the following proposed jury instructions. Plaintiff has not included the Court's preliminary instructions before trial and the Court's standard instructions which Plaintiff understands are given by the Court in every case. (Pattern Jury Instructions (Civil Cases) of the District Judges Association of the Eleventh Circuit, Directions to Counsel Concerning Preparation of Proposed Instructions (2005)).

## JURY INSTRUCTION NO. 1

### Description of Plaintiff's claim that the Equipment constitutes fixtures

This is a civil case brought by the Plaintiff Koch Foods of Alabama, LLC, which I will refer to as "Plaintiff" or "Koch," (pronounced "Cook") against the Defendant, General Electric Capital Corporation, which I will refer to as "GE Capital."  The parties' dispute revolves around certain equipment which I will refer to as the "Deboner," and a spiral Freezer, which I will refer to as the "Freezer," located at a poultry processing facility that Koch purchased from Sylvest Farms, Inc., which I will refer to as "Sylvest," in May 2006 after Sylvest filed for bankruptcy in April 2006.  I will refer to the Deboner and the Freezer collectively as the "Equipment."  The Equipment, although

installed at the facility, was subject to an equipment lease entered into between the Defendant GE Capital, as lessor, and Sylvest, as lessee, in December 2005.

In this lawsuit, Koch claims that the Equipment became fixtures, which means that because the equipment was affixed to the chicken processing facility, Koch acquired ownership to the Equipment when it bought the Sylvest chicken processing facility.

First, Koch claims that the Equipment was permanently attached to the facility because it would be very expensive and time consuming to remove the Equipment from the facility, that the Equipment was not readily movable without causing damage to the land, and that once removed, the Equipment would be worth very little. Second, Koch claims that Sylvest, the original party under the equipment lease, intended for the Equipment to attach as fixtures to the facility and that Sylvest installed the Equipment permanently with the intent to obtain ownership of the Equipment at the end of the equipment lease. Third, Koch claims that GE Capital did not object to the Equipment becoming affixed to the facility because GE Capital never inspected the Equipment, never did a required fixture filing with the Alabama Secretary of State to prevent the Equipment from becoming fixtures under Alabama law, never obtained a waiver from the owner of the facility that leased the facility to Sylvest, and never demanded return of the Equipment after the termination of the equipment lease. Finally, Koch claims that the Equipment was adapted to the overall purpose of the facility which is further evidence under Alabama law that the Equipment became fixtures and thus the property of Koch when it bought the chicken processing plant.

In the alternative, Koch claims that, if the jury decides that the Equipment does not constitute fixtures, then GE Capital, who also claims ownership of the Equipment, is liable for storage costs and should pay these costs to Koch because GE Capital left the Equipment behind at Koch's facility after Sylvest's bankruptcy.

## JURY INSTRUCTION NO. 2

A fixture is an object which was originally movable personal property, but which has become physically attached to land so that it is now considered part and parcel of the land.

*Milford v. Tennessee River Pulp & Paper Co.,* 355 So. 2d 687, 689-90 (Ala. 1978); *Garrett v. Valley Sand & Gravel, Inc.,* 800 So. 2d 600, 602 (Ala. Civ. App. 2000).

## JURY INSTRUCTION NO. 3

When an object becomes affixed to the land and thereby loses its character as personal property, the object is viewed as becoming part of the land and the owner of the land acquires ownership of the fixture as well.

*Milford v. Tennessee River Pulp & Paper Co.*, 355 So. 2d 687, 690 (Ala. 1978).

**JURY CHARGE NO.** 4

There are three things you should look at when deciding whether the Equipment in this case became fixtures so as to be regarded part of the land.

    1.      Whether there was an actual or physical attachment of the Equipment to the land;

    2.      Whether the Equipment was appropriate to the use being made of the land; and

    3.      Whether the party who attached the Equipment to the land intended for the Equipment to be permanently attached to the land.

*Milford v. Tennessee River Pulp & Paper Co.,* 355 So. 2d 687, 689-90 (Ala. 1978); *Thornton Properties v. Alabama Power Co.,* 550 So. 2d 1024, 1025 (Ala. Civ. App. 1989).

## JURY CHARGE NO. 5

You may determine the intent of the party who attached the object to the land by looking at:

1.      The nature of the object that is attached to the land;

2.      The relation of the party who attached the object to the land;

3.      The structure and mode of the attachment; and

4.      The purposes and uses for attaching the object to the land.

*Milford v. Tennessee River Pulp & Paper Co.*, 355 So. 2d 687, 690 (Ala. 1978).

## JURY CHARGE NO. 6

When applying the above criteria to the facts of this case, you should bear in mind that the intent of the party placing the object on the land to make the attachment permanent is the controlling element and is therefore of far greater significance.

*Walker v. Tillis*, 188 Ala. 313, 66 So. 54, 57 (1914).

**JURY CHARGE NO. 7**

When determining the intentions of the party who placed the object on the land, different rules may apply where the dispute is between landlord and tenant as opposed to seller and purchaser, or owner and mortgagee, or bankrupt and trustee, or competing mortgagees.  It is also material to know who placed the personal property on the land - the owner of the personal property, the owner of the land or another—and to know whether the interest of the competing claimants existed before, or arose after, the personal property was placed, and whether the interests of any third parties are involved.

Based on *Walker v. Tillis*, 188 Ala. 313, 66 So. 54, 57 (1914).

**JURY CHARGE NO.** 8

GE Capital claims that the general law of fixtures does not apply because the Equipment in this case constituted "trade fixtures," which are an exception to the general rules regarding fixtures. Trade fixtures are defined as:

1.    Items affixed to land by a tenant who is leasing the land from a landowner;

2.    For the purpose of enabling the tenant to perform a trade or profession; and

3.    Which can be removed without material or permanent injury to the land.

*LaFarge Building Materials, Inc. v. Stribling,* 880 So. 2d 415, 423 (Ala. 2003).

## JURY CHARGE NO. 9

To determine whether property constitutes "trade fixtures," it is the intent of the tenant

leasing the land (here Sylvest Farms) in placing the equipment on the land that is controlling.

*LaFarge Building Materials, Inc. v. Stribling,* 880 So. 2d 415, 419 (Ala. 2003); *Walker v. Tillis*, 188
Ala. 313, 66 So. 54, 57 (1914).

**JURY INSTRUCTION NO.** 10

GE Capital has asserted a counterclaim against Koch. In its counterclaim, GE Capital claims that Koch converted the Deboner. By asserting its conversion counterclaim, GE Capital claims that Koch should pay for the value of the Deboner because Koch used it, claimed ownership of it, and eventually removed it from the indoor space of the facility.

Koch denies GE Capital's conversion claim, claiming that none of its acts was wrongful so as to constitute conversion. Koch claims that GE Capital never demanded, and Koch never refused, the return of the Deboner. Koch claims that GE Capital, although it knew that Koch was using the Deboner, it never demanded that Koch stop using the Deboner. Finally, Koch claims that Koch's use, insurance, and maintenance of the Deboner was financially beneficial to GE Capital.

## JURY INSTRUCTION NO. 11

A conversion is:

1. The appropriation of the personal property of one person by another to (his)(her)(its) own use and benefit; or,

2. By destruction of one's personal property by another; or,

3. The exercise of dominion by another over personal property to the exclusion or in defiance of the owner's right; or,

4. Withholding the possession of personal property from the owner by another under a claim of title inconsistent with the owner's title.

**APJI 39.00**

**JURY CHARGE NO.** 12

In answer to GE Capital's claim that Koch converted the Deboner, Koch has denied the allegations in the counterclaim.

The burden of proof is on GE Capital to reasonably satisfy you from the evidence that Koch converted the Deboner as defined for you in one or more of the four definitions of Conversion in the previous jury instruction.

**APJI 39.00A**

**JURY CHARGE NO. 13**

In order to recover for conversion, GE Capital must, first, prove that at the time of alleged conversion, (1) GE Capital owned the Deboner and (2) it had a right of possession to the Deboner. If you are reasonably satisfied with these two threshold questions, GE Capital then must prove that there was a wrongful taking, detention or an illegal assumption of ownership or use of the Deboner by Koch.[1]  The term "wrongful" or "illegal" means the exercise of dominion or control over the property in exclusion or defiance of the owner's rights.[2]  In other words, to establish a conversion, GE Capital must show that Koch's acts constituted a wrongful exercise of dominion or control over the Deboner in exclusion or defiance of GE Capital's rights.

Moreover,  if you find that Koch rightfully acquired possession of the Deboner and has not exercised dominion and control over it in defiance of GE Capital's right to possession, GE Capital's conversion claim must fail unless you find that GE Capital demanded and Koch refused the return of the Deboner.[3]

In considering whether Koch's acts constituted a conversion, you must bear in mind that not every exercise of dominion or control over another's property gives rise to a conversion claim.  A conversion claim arises only if an intentional exercise of dominion or control over the property so seriously interferes with the right of another to control it that the actor may justly be required to pay the other the full value of the property.[4]

In determining the seriousness of the interference and the justice of requiring the actor to pay the full value of the property, the following factors are important: (a) the extent and duration of the

---

[1]  *Ott v. Fox,* 362 So. 2d 836 (Ala. 1978).

[2]  *Kmart Corp. v. Perdue*, 708 So. 2d 106, 111 (Ala. 1997).

[3]  *See Citizens Bank Enterprise v. Coffee County Bank*, 431 So. 2d 1203, 1207 (Ala. 1983).

[4]  *Restatement of Torts (Second) § 222A.*

actor's exercise of dominion or control; (b) the actor's intent to assert a right in fact inconsistent with the other's right of control; (c) the actor's good faith; (d) the extent and duration of the resulting interference with the other's right of control; (e) the harm done to the property;  (f) and the inconvenience and expense caused to the other.[5]

---

[5]  *Id.*

**JURY CHARGE NO. 14**

Koch denies GE Capital's conversion claim.  Koch claims the following defenses: (1) GE Capital abandoned the Equipment; (2) GE Capital consented to Koch's acts; (3) GE Capital's counterclaim is barred by waiver, estoppel, and ratification.

Elements of Koch's Defense against the conversion counterclaim

Abandonment of property.  If you are reasonably satisfied by the proof that the GE Capital apparently abandoned the Deboner before Koch took possession of it, Koch has a complete defense to the action for conversion.

Consent.  If you are reasonably satisfied by the proof that the GE Capital consented to any of Koch's acts which GE Capital claims constituted the conversion, Koch has a complete defense to the action for conversion.

Waiver, ratification, and estoppel.  If you are reasonably satisfied by the proof that GE Capital has intentionally and unequivocally relinquished its known right to take possession of the Deboner, Koch has a complete defense of Waiver to the action for conversion.

If you are reasonably satisfied by the proof:

1  that GE Capital, who had knowledge of the facts or under all the circumstances should have had knowledge of the facts, communicated by its conduct something in a misleading way with the intention that the communication would be acted on.  The communication may be by words, conduct or silence;

2 that Koch, who in good faith lacked knowledge of the facts, relied upon the communication or silence of GE Capital; and

3 that Koch relying on the communication would be harmed materially if GE Capital is later permitted to assert a conversion claim inconsistent with its earlier communication;

Then, Koch has a complete defense of estoppel to GE Capital's claim for conversion.[6]

---

[6]  APJI Civil 51.00 and 51.01

## JURY INSTRUCTION NO. 15

If you find that the Equipment does not constitute fixtures of Koch's facility and that Koch did not convert the Equipment, then GE Capital is the owner of the Equipment during the relevant time. Koch claims that, if GE Capital is the owner of the Equipment, then GE Capital is liable to Koch for storage costs and other maintenance expenses incurred during the time when the Equipment remained on Koch's facility. Koch's claim for storage costs is based on the doctrine of unjust enrichment.

Under Alabama law, Koch will prevail on its unjust enrichment claim for storage costs if Koch shows that GE Capital received a benefit when the Equipment was left behind at Koch's facility, and that it would be unjust, in equity and good conscience, for GE Capital not to pay for the storage costs and maintenance expenses incurred by Koch with respect to this Equipment. If you are reasonably satisfied from the evidence that GE Capital received a benefit and it is unjust for GE Capital to keep the benefit without paying for it, you must find for Koch with respect to its alternative claim for storage costs.

*Dickinson v. Cosmos Broad. Co*., 782 So. 2d 260, 266 (Ala. 2000); *Hancock-Hazlett Gen. Constr. Co. v. Trane Co*., 499 So. 2d 1385, 1387 (Ala. 1986).

## JURY INSTRUCTION NO. 16

Members of the jury, the Court will now instruct you on the law of damages.  The burden is on the party asserting its claim to reasonably satisfy you from the evidence of the truthfulness of its claim.  If after a consideration of all of the evidence in this case, you are not reasonably satisfied of the truthfulness of the party's claim, your verdict should be for the party against whom the claim is asserted.  In this event you would go no further.  This would end your deliberations.

On the other hand, if after a consideration of all the evidence in the case you are reasonably satisfied of the truthfulness of the party's claim, your verdict should be for the party asserting the claim.  In this event it will be necessary for you to arrive at an amount to be awarded in the verdict from which I will read to you and describe later in my charge.  I now give you the following rules of law to assist you in your deliberations in arriving at an amount in the event you find for one of the parties.

In this case, Koch asserts that the Equipment constitutes fixtures of the facility and that, if the Equipment does not constitute fixtures, GE Capital is liable for storage costs.  The damages of the fixtures claim is the ownership of the Equipment and, therefore, it is not necessary for you to deliberate on the damages if you find for Koch on the fixture claim.

GE Capital claims compensatory and punitive damages for its conversion claim.  In the event that you find that Koch converted the Deboner and/or the Freezer, GE Capital bears the burden of proof on the damages for its conversion claim.

In the event that you find that the Equipment does not constitute fixtures and Koch did not convert the Deboner or the Freezer, Koch must satisfy you with the proof of storage costs.

**Damages –Introduction (APJI Civil 11.00)**

**JURY CHARGE NO. 17**

Before you decide the amount of damages for the conversion claim, you must bear in mind that it is the duty of GE Capital to exercise ordinary care to reduce its damages: GE Capital is bound to exercise such care as a reasonably prudent person would exercise under like circumstances to reduce or mitigate the damages. GE Capital can recover only such damages as would have been sustained had such care been exercised.

**Damages – Duty of Mitigation for conversion damages(APJI Civil 11.29)**

**JURY CHARGE NO.** 18

The measure of compensatory damages for the conversion of personal property is the value of the property as of the date of the conversion; or the value of the property at any time between the date of the conversion and the trial, whichever is greater, with interest at the rate of six per cent (6%) per annum from the date of the conversion.

If you are reasonably satisfied that GE Capital has proven that Koch converted the Equipment, GE Capital would further have to prove to your reasonable satisfaction the amount of compensatory damages.

**Measure of Compensatory Damages for Conversion Claim  (APJI Civil 39.01)**

# JURY CHARGE NO. <u>19</u>

Punitive damages are allowed to a party asserting a conversion claim and may be awarded in the sound discretion of the jury in cases where the that party proves by clear and convincing evidence that the other party consciously or deliberately engaged in legal malice, willfulness, insult, or other aggravating circumstances, or where conversion is done in known violation of the owner's rights.

Clear and convincing evidence is evidence that, when weighed against evidence in opposition, will produce in the mind of the trier of fact a firm conviction as to each essential element of the claim and a high probability as to the correctness of the conclusion. Proof by clear and convincing evidence requires a level of proof greater than a preponderance of the evidence or the substantial weight of the evidence, but less than beyond a reasonable doubt.

**Damages—Punitive (APJI Civil 39.02)**

\s\ Constance C. Walker

OF COUNSEL:

Thomas G. Mancuso
Constance C. Walker
HASKELL SLAUGHTER YOUNG & GALLION, LLC
305 South Lawrence Street
Montgomery, AL 36104
(334) 265-8573
(334) 264-7945 (fax)

OF COUNSEL:

Eugene J. Geekie, Jr.
Zyiyuan "Mike" Xu
Schiff Hardin LLP
6600 Sears tower
Chicago, Illinois 60606
(312) 258-5500
(312) 258-5600 (fax)

Counsel for Plaintiff Koch Foods of Alabama, LLC

**CERTIFICATE OF SERVICE**

The undersigned, an attorney, certifies that copies of the foregoing were caused to be served upon counsel of record addressed as follows via the ECF system on this the 31st day of March, 2008:

Alexander Terras
Timothy Scott Harris
10 South Wacker Drive
Chicago, IL 60606

Rusha Christina Smith
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104

\s\ Constance C. Walker
Of Counsel