IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KOCH FOODS OF ALABAMA, LLC, an Alabama limited liability company, | ) ) ) | |
| Plaintiff and Counter-Defendant, | ) ) ) ) | CIVIL ACTION NO. 2:07 CV 522-MHT |
| vs. | ) ) | |
| GENERAL ELECTRIC CAPITAL CORPORATION, a Delaware corporation, | ) ) ) | |
| Defendant, and Counter-Plaintiff, | ) ) ) | |

### GE CAPITAL'S MOTION TO QUASH SUBPOENAS ISSUED TO JAMES HANLEY AND JOSEPH DISALVO

General Electric Capital Corporation ("GE Capital"), through its undersigned counsel, and pursuant to Rule 45 of the Federal Rules of Civil Procedure, hereby moves for the entry of an order quashing the subpoenas issued to James Hanley and Joseph DiSalvo. In support of this motion, GE Capital hereby states as follows:

### BACKGROUND

1.    On May 25, 2007, Koch Foods filed its Complaint for Declaratory Judgment and for Unjust Enrichment, thereby commencing the above-captioned proceeding. Pursuant to an Order entered on January 29, 2008, a trial on the merits of the proceeding (the "Trial") is currently scheduled to commence on April 14, 2008.

2.    On March 28, 2008, Koch Foods of Alabama, LLC ("Koch Foods") caused subpoenas to be served on GE Capital's counsel[1] for, *inter alia*, James Hanley ("Mr. Hanley")

---

[1] GE Capital's counsel only agreed to accept service on behalf of those GE Capital employees subject to this Court's subpoena power under Rule 45 of the Federal Rules of Civil Procedure.

and Joseph DiSalvo ("Mr. DiSalvo"), purporting to require their attendance at the Trial.[2]

3.    Mr. Hanley resides in Woodbury, Connecticut, and his place of business is in Danbury, Connecticut. *See, Hanley Deposition Transcript,* the relevant portions of which are attached hereto as Exhibit A, 6:4-13; *GE Capital's Rule 26 Disclosures,* a copy of which is attached hereto as Exhibit B, p. 3. He is currently a Vice President of GE Capital's Global Asset Management. *Hanley Deposition Transcript,* 43:20-24.

4.    Mr. DiSalvo resides in Hopewell Junction, New York, and his place of business is in Danbury, Connecticut. *See, DiSalvo Deposition Transcript,* the relevant portions of which are attached hereto as Exhibit C, 6:2-8; *GE Capital's Rule 26 Disclosures,* p. 4. He is currently a Remarketing Team Leader for the Asset Management Group. *DiSalvo Deposition Transcript,* 9:15-18.

5.    Both Mr. Hanley and Mr. DiSalvo were deposed by Koch Foods on December 20, 2007, in Danbury, Connecticut, and full transcripts have been produced for each of the depositions. If forced to testify at the Trial, Mr. Hanley and Mr. DiSalvo will be required to travel over one thousand (1000) miles from Danbury, Connecticut, to Montgomery, Alabama.

## ARGUMENT

**A.    The Subpoenas Were Improperly Served On Individuals Outside This Court's Jurisdiction.**

6.    Rule 45(b)(2) provides that:

Subject to Rule 45(c)(3)(A)(ii), a subpoena may be served at any place:

(A) within the district of the issuing court;

---

[2] Koch Foods also served subpoenas on GE Capital's counsel requiring the attendance of William Wilson, John Sutehall, and William Perry at the Trial. Although certain of these subpoenas were also improper for the reasons stated herein, GE Capital intends to call these individuals as witnesses at the Trial and, therefore, has not objected to the subpoenas served upon them.

(B) outside the district but within 100 miles of the place specified for the . . . trial . . .;

(C) within the state of the issuing court if a state statute or court rule allows service at that place of a subpoena issued by a state court of general jurisdiction sitting in the place specified for the . . . trial . . .; or

(D) that the court authorizes on motion and for good cause, if a federal statute so provides.

*Fed. R. Civ. P. 45(b)(2).*

7.      Rule 45(c)(3)(A)(ii) provides that, on a timely motion, a court *must* quash or modify a subpoena if it "requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person . . .." *Fed. R. Civ. P. 45(c)(3)(A)(ii).*

8.      Based on its plain reading, "Rule 45(c)(3)(A) does not confer authority for service of a subpoena; it confers authority to quash or modify a subpoena. It provides an exception to Rule 45(b)(2), not an addition to that Rule." *Jamsport Entm't, LLC v. Paradama rods., Inc.*, No. 02-C-2298, 2005 WL 14917, at *1 (N.D. Ill. Jan 3, 2005) (quashing a subpoena served on a corporate party's executive vice president and chief financial officer to appear at a trial in Illinois, when that individual lived and worked in Texas).

9.      In *Jamsport,* the Court explained its subpoena power as follows:

Read in context, the cross-reference of Rule 45(c)(3)(A)(ii) in Rule 45(b)(2) is meant to reflect that even if service of a subpoena is otherwise proper under Rule 45(b)(2), the subpoena is to be quashed if it imposes a requirement identified in Rule 45(c)(3)(A)(ii). Specifically, even if a subpoena is *served* within the geographic boundaries of a district, outside the district but within 100 miles of the place of trial, or outside the state in which the district lies, it must be quashed if it requires a non-party witness to *travel* more than 100 miles from where he or she resides, employs, or regularly transacts business. To provide a concrete example, a witness who lives and works in Galena, Illinois can properly be served with a subpoena under Rule 45(b)(2) to appear at a trial in Chicago, because Galena is within

> the Northern District of Illinois. But if the witness is not a party or officer of a party, she is entitled under Rule 45(c)(3)(A)(ii) to have the subpoena quashed, because it would require her to travel more than 100 miles.

*Id.*, *see also*, *Johnson v. Land O' Lakes, Inc.*, 181 F.R.D. 388, 397 (N.D. Iowa 1998) (quashing subpoena served on defendant's vice president who lived and worked more than 100 miles from the site of the federal trial, and holding that "Rule 45(c)(3)(A)(ii) does not extend the court's subpoena power beyond 100 miles from the place of trial, as defined in Rule 45(b)(2), simply because the witness subpoenaed is an officer of a party."); *Hartford Ins. Co. v. BellSouth Telecomms., Inc.*, No. 04-20532-CIV, 2005 WL 5955692, at *3 (S.D. Fla. Sept. 14, 2005) (quashing subpoena of plaintiff company's special investigator when travel would clearly exceed the 100 mile limit, another individual was the company's corporate representative, and there was no undue hardship because deposition testimony was available); *but see, In re Vioxx Prods. Liab. Litig.*, 438 F.Supp.2d 664, 667 (E.D. La. 2006) (holding that the 100 mile rule does not apply to officers of a corporate party).

10.     In this case, Mr. Hanley and Mr. DiSalvo both work and reside more than one thousand miles from Montgomery, Alabama, and well outside the subpoena power enunciated by Rule 45(b)(2). For this reason, the subpoenas issued to Mr. Hanley and Mr. DiSalvo were both served outside of the court's jurisdiction and are invalid. Consequently, they must be quashed.

**B.     The Subpoenas Must Be Quashed Under Rule 45(c)(3)(a)(ii).**

11.     Even assuming *arguendo* that these subpoenas were properly served, they must be quashed since they require Mr. Hanley and Mr. DiSalvo to travel more than 100 miles to the Trial. As cited above, Rule 45(c)(3)(A)(ii) requires a court to quash or modify a subpoena that requires a person who is not a party or an officer of a party to travel more than 100 miles from

where he or she resides, is employed, or regularly transacts business in person. *Fed. R. Civ. P.* *45(c)(3)(A)(ii)*.

12.    When the party is a corporation, as in this case, the majority of courts to consider this issue have interpreted "a party's officer," as used in Rule 45(c)(3)(A)(ii), to apply only to the corporation's high-level employees or officers, and not to all employees of the corporation. *See, e.g., M.F. Bank Restoration Co. v. Elliott, Bray & Riley P.C.*, Civ. No. 92-0049, 1994 WL 719731, at *8 (E.D. Pa. Dec. 22, 1994) (quashing six subpoenas under Rule 45(c)(3)(A)(ii) of employees of a corporation who lived more than 100 miles away and who were not held out to be officers of the corporation); *Hartford Ins. Co.*, 2005 WL 5955692, at *3 (finding when another individual is a corporate representative, company's special investigator is not company's officer for purposes of Rule 45(c)(3)(A)).

13.    Neither Mr. Hanley nor Mr. DiSalvo are parties to the current proceeding. In addition, neither Mr. Hanley nor Mr. DiSalvo are officers of GE Capital. As such, any subpoenas served upon them must be quashed pursuant to Rule 45(c)(3)(A)(ii).

14.    Finally, to the extent that the attendance of Mr. DiSalvo or Mr. Hanley is required, Koch Foods has failed to tender any fees for attendance at the trial, and has also failed to tender any fees for mileage. Under the current rules for this Court, each witness is entitled to fees in the amount of $40.00 per day, plus mileage in the amount of $0.505 per mile. For Mr. Hanley and Mr. DiSalvo, who are located approximately 1100 miles from Montgomery, Alabama, these fees are substantial. As such, GE Capital requests that, in the event Mr. DiSalvo and Mr. Hanley are required to attend the Trial, the subpoenas be stricken unless and until the proper mileage and attendance fees are paid.

WHEREFORE, for the reasons stated herein, GE Capital requests that this Court enter an Order (a) quashing the subpoenas issued to Mr. Hanley and Mr. DiSalvo, (b) requiring that, to the extent the subpoenas are not quashed, Koch Foods tender checks for the proper costs and fees to both Mr. Hanley and Mr. DiSalvo before their attendance is required, and (c) granting any such other and further relief as may be necessary under the circumstances.

Dated:  April 3rd, 2008.

By:    /s/ Rusha C. Smith
Attorney for General Electric Capital
Corporation

OF COUNSEL:
Rusha C. Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL  35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

OF COUNSEL:
Alexander Terras
Timothy S. Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL  60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on April 3rd, 2008, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Thomas G. Mancuso, Esq.
Thomas T. Gallion, III, Esq.
Constance C. Walker, Esq.
Haskell Slaughter Young & Gallion, LLC
305 South Lawrence Street
Montgomery, AL 36103-4660

Eugene J. Geekie, Jr., Esq.
Mike Xu, Esq.
Schiff Hardin LLP
6600 Sears Tower
Chicago IL 60606

/s/ Rusha C. Smith
COUNSEL

# EXHIBIT A

JAMES HANLEY

Page 1

```
 1                    UNITED STATES DISTRICT COURT
                      MIDDLE DISTRICT OF ALABAMA
 2                    NORTHERN DIVISION
                       CIVIL ACTION NO. 2:07 CV 522-MHT
 3

 4      - - - - - - - - - - - - - - - -

 5   KOCH FOODS OF ALABAMA, LLC,       :
     an Alabama limited liability      :
 6   company,                          :
                                       : Deposition of:
 7        Plaintiff and               :
          Counter-Defendant,           : JAMES HANLEY
 8                                     :
          v.                           :
 9                                     :
     GENERAL ELECTRICAL CAPITAL        :
10   CORPORATION, a Delaware           :
     corporation,                      :
11                                     :
          Defendant and               :
12        Counter-Plaintiff.           :

13      - - - - - - - - - - - - - - - -

14               TRANSCRIPT of testimony as taken by

15      and before MARGE TEILHABER, Certified Shorthand

16      Reporter (NJ License No. XI00856; CT license No.

17      446), NCRA Registered Diplomate Reporter, and

18      notary public of the states of New York, New

19      Jersey, and Connecticut, at the DANBURY

20      COURTYARD BY MARRIOTT, 3 Eagle Road, Danbury,

21      Connecticut, on Thursday, December 20, 2007,

22      commencing at 8:53 in the forenoon.

23

24

25
```

JAMES HANLEY

Page 6

```
 1                    J. Hanley/Geekie
 2       A.     Sure.  James Hanley.  And that's
 3  J-a-m-e-s H-a-n-l-e-y.
 4       Q.     And would you give me your home
 5  address, please?
 6              MR. TERRAS:  Is that
 7       necessary?
 8              MR. GEEKIE:  Yes.  It has been
 9       in this case.  We have been giving
10       it.  Tim has been asking for it.
11              MR. TERRAS:  All right.
12       A.     Number 4 Tuttle Road, Woodbury,
13  Connecticut 06798.
14       Q.     Thank you.
15              Now, you mentioned that you are
16  familiar with the litigation, that you had
17  talked about it with Mr. Wilson.  Is Mr. Wilson
18  a lawyer?
19       A.     No, he's not.
20       Q.     What is his position at GE?
21       A.     I believe he's a litigation
22  specialist is his title.
23       Q.     Okay.
24              And when did you first learn of
25  the litigation?
```

JAMES HANLEY

Page 43

```
 1                    J. Hanley/Geekie

 2        A.      Twelve months I believe.

 3        Q.      What year?

 4        A.      1984.

 5        Q.      And then how long were you with

 6   Ford Motor Credit?

 7        A.      I was with them about a year as

 8   well.

 9        Q.      Would that have been around '84,

10   '85?

11        A.      I got out of college in '83.  I

12   started with Key Bank in '83.  I went to Ford.

13   We're going back in time here.  Yes, I would say

14   I was with Key Bank for twelve months.  I got

15   out of college in '83, so right out of college.

16   If I graduated in May, right around there.  And

17   then I went to Ford from '83 to '84, and then I

18   started with GE in September of '84.

19        Q.      Okay.

20                In 23 years I presume you've had a

21   variety of job responsibilities and titles.

22   What's your current title?

23        A.      My current title is

24   vice-president, global asset management.

25        Q.      And how long have you had that
```

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| KOCH FOODS OF ALABAMA, LLC,<br>an Alabama limited liability company, | ) ) ) | |
| Plaintiff and Counter-<br>Defendant, | ) ) ) ) | CIVIL ACTION NO.<br>2:07 CV 522-MHT |
| vs. | ) ) | |
| GENERAL ELECTRIC CAPITAL<br>CORPORATION, a Delaware corporation, | ) ) ) | |
| Defendant and Counter-<br>Plaintiff, | ) ) ) | |

GE CAPITAL'S RULE 26 DISCLOSURES

General Electric Capital Corporation ("GE Capital"), through its attorneys, pursuant to Federal Rule of Civil Procedure 26 and this Court's Order of July 17, 2007, makes the following disclosures:

A.  Names, addresses, and telephone numbers of individuals likely to have discoverable information that GE Capital may use to support its claims and defenses, unless solely for impeachment, and a description of the subjects of the information:

1.  William Wilson
    GE Capital
    44 Old Ridgebury Road
    Danbury, Connecticut 06810

    (203) 796-1000

    Mr. Wilson has or may have information regarding, among other things, the leasing and delivery of the equipment at issue; its installation at the facility at issue; its use by Sylvest Farms, Inc. ("Sylvest"); its use by Koch Foods of Alabama, LLC and/or its affiliates ("Koch Foods"); and its value at times relevant to this matter.

PLAINTIFF'S
EXHIBIT

PX 15

ALL-STATE LEGAL®

CHILIB-2099206.1-515998-00011

2.   Bob Breakstone
     Equipment Exchange Company of America, Inc.
     10042 Keystone Drive
     Lake City, Pennsylvania 16423

     (814) 774-0888

     Mr. Breakstone has or may have information regarding, among other things, the

     installation of the equipment at issue in the facility at issue; its use by Sylvest; its

     use by Koch Foods; and its value at times relevant to this matter.


3.   Dave Bromley
     Sylvest Farms/Koch Foods
     4530 Mobile Road
     Montgomery, Alabama 36108

     (334) 281-0400

     Mr. Bromley has or may have information regarding, among other things, the

     leasing and receipt of the equipment at issue; its installation at the facility at issue;

     its use by Sylvest; its use by Koch Foods; and its value at times relevant to this

     matter.


4.   Dan Nicosan
     Equipment Exchange Company of America, Inc.
     10042 Keystone Drive
     Lake City, Pennsylvania 16423

     (814) 774-0888

     Mr. Nicosan has or may have information regarding, among other things, the

     installation of the equipment at issue in the facility at issue; its use by Sylvest; its

     use by Koch Foods; and its value at times relevant to this matter.

- 2 -

5.    Mark Kaminsky
      Koch Foods
      4530 Mobile Road
      Montgomery, Alabama 36108

      (334) 281-0400

      Mr. Kaminsky has or may have information regarding, among other things, the

      leasing and receipt of the equipment at issue; its installation at the facility at issue;

      its use by Sylvest; its use by Koch Foods; and its value at times relevant to this

      matter.

6.    Michael Naumann
      Gold Kist (now known as Pilgrim's Pride Corp.)

      (256) 840-0143

      Mr. Naumann may have information regarding, among other things, the

      installation of the equipment at issue at the facility at issue; its use by Sylvest; its

      use by Koch Foods; and its value at times relevant to this matter.

7.    Bill Koss
      GE Capital
      1000 Windward Concourse
      Suite 403
      Alpharetta, Georgia 30005

      (678) 339-9941

      Mr. Koss has or may have information regarding, among other things, the lease of

      the equipment at issue; efforts to release and/or resell the equipment after its use

      by Koch Foods; and its value at times relevant to this matter.

8.    Jim Hanley
      GE Capital
      44 Old Ridgebury Road
      Danbury, Connecticut 06810

      (203) 796-1000

CHILIB-2009206.1-515998-00011

Mr. Hanley has or may have information regarding, among other things, the lease of the equipment at issue; efforts to release and/or resell the equipment after its use by Koch Foods; and its value at times relevant to this matter.

9.    Joe Di Salvo
      GE Capital
      44 Old Ridgebury Road
      Danbury, Connecticut 06810

      (203) 796-1000

      Mr. Di Salvo has or may have information regarding, among other things, the lease of the equipment at issue; efforts to release and/or resell the equipment after its use by Koch Foods; and its value at times relevant to this matter.

10.   John Suteball
      GE Capital
      1000 Windward Concourse
      Suite 403
      Alpharetta, Georgia 30005

      (678) 339-9941

      Mr. Suteball has or may have information regarding, among other things, the lease of the equipment at issue; efforts to release and/or resell the equipment after its use by Koch Foods; and its value at times relevant to this matter.

11.   William Perry
      GE Capital
      31 Inverness Center Parkway
      Suite 500
      Birmingham, Alabama 35242

      (205) 443-0374

      Mr. Perry has or may have information regarding, among other things, the lease of the equipment at issue; efforts to release and/or resell the equipment after its use by Koch Foods; and its value at times relevant to this matter.

CHILIB-2099206.1-515998-00011

B.   A copy of, or a description by category and location of, all documents, data compilations, and tangible things that are in the possession, custody, or control of GE Capital and that GE Capital may use to support its claims or defenses, unless solely for impeachment:

The categories of the documents are as follows:

1.   The credit file of GE Capital regarding the transactions at issue.
2.   The litigation file of GE Capital regarding this matter.
3.   The asset management files regarding the transactions at issue.
4.   The sales representative and appraisal files regarding the equipment at issue.

These documents are located at the offices of counsel for GE Capital.  To the extent discoverable, they are available for inspection and/or copying.

C.   A computation of any category of damages claimed by GE Capital, making available for inspection and copying under Rule 34 the documents or other evidentiary material, not privileged or protected from disclosure, in which such computation is based, including materials bearing on the nature and extent of injuries suffered:

GE Capital's damages are determined in part by the value of the equipment at issue as of the date or dates when Koch Foods began using it.  Documents relating to the value of the equipment is included in the documentation described above.

D.   For inspection and copying under Rule 34 any insurance agreements under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in the action or so indemnify or reimburse for payments made to satisfy the judgment:

CHILIB-2099206.1-515998-00011

None known.

Investigation continues as to each of the matters address herein.

These disclosures are based on information reasonably available to GE Capital at this time. GE Capital has not yet received any supporting document from Koch Foods concerning any allegation or denial made by it in this matter. Therefore, GE Capital does not yet know what it must prove or defend against or what witnesses and materials it may use in its defense or proofs. GE Capital hereby gives notice that it intends to rely upon such other supplemental disclosures that may become available or apparent during the course of discovery and thus reserves the right to amend these disclosures accordingly.

GE Capital does not intend these disclosures to be a waiver or limitation of any privilege, immunity, or other right of GE Capital, or of any objection GE Capital has or might have to the admissibility at trial of any of the disclosed information.

Dated: August 7, 2007

Respectfully submitted,

GENERAL ELECTRIC CAPITAL CORPORATION

By: _____

Timothy S. Harris
Attorney for General Electric Capital
Corporation

OF COUNSEL:
Rusha C. Smith
Bradley Arant Rose & White LLP
One Federal Place
1819 Fifth Avenue North
Birmingham, AL 35203-2104
Telephone: (205) 521-8000
Facsimile: (205) 521-8800

- 6 -

CHILIB-2089206.1-515998-00011

OF COUNSEL:
Alexander Terras
Timothy S. Harris
Reed Smith Sachnoff & Weaver
10 South Wacker Drive
Chicago, IL 60606
Telephone: (312) 207-1000
Facsimile: (312) 207-6400

CHILIB-2099206.1-515998-00011

EXHIBIT C

JOSEPH DISALVO

```
 1                  UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF ALABAMA
 2                  NORTHERN DIVISION
                     CIVIL ACTION NO. 2:07 CV 522-MHT
 3

 4      - - - - - - - - - - - - - - - -

 5   KOCH FOODS OF ALABAMA, LLC,       :
     an Alabama limited liability      :
 6   company,                          :
                                       : Deposition of:
 7        Plaintiff and               :
          Counter-Defendant,           : JOSEPH M.
 8                                     : DiSALVO
          v.                           :
 9                                     :
                                       :
10   GENERAL ELECTRICAL CAPITAL        :
     CORPORATION, a Delaware           :
11   corporation,                      :
                                       :
12        Defendant and               :
          Counter-Plaintiff.           :
13      - - - - - - - - - - - - - - - -

14

15             TRANSCRIPT of testimony as taken by

16   and before MARGE TEILHABER, Certified Shorthand

17   Reporter (NJ License No. XI00856; CT license No.

18   446), NCRA Registered Diplomate Reporter, and

19   notary public of the states of New York, New

20   Jersey, and Connecticut, at the DANBURY

21   COURTYARD BY MARRIOTT, 3 Eagle Road, Danbury,

22   Connecticut, on Thursday, December 20, 2007,

23   commencing at 10:48 in the forenoon.

24

25
```

JOSEPH DISALVO

```
 1                    J. DiSalvo/Geekie
 2          Q.     And I'll take him at his word that
 3     he needs it in case there's a change in
 4     employment position of my employees so that he
 5     can locate them at a time for trial and that's
 6     why I'm asking you.
 7          A.     14 Hilton Road, Hopewell Junction,
 8     New York 12533.
 9          Q.     Mr. DiSalvo, are you aware of any
10     fixture filing policy that GE has regarding
11     equipment that it leases to customers?
12          A.     I'm not involved in that, sir.
13          Q.     Do you have a college degree?
14          A.     No, I do not.
15          Q.     Okay.  Do you have any college
16     education?
17          A.     Yes, I do.
18          Q.     And where did you get your college
19     education?
20          A.     Pace University in Pleasantville,
21     New York.
22          Q.     And how close were you to
23     receiving a degree?
24          A.     Two years in.
25          Q.     Do you have any professional
```

JOSEPH DISALVO

```
 1                   J. DiSalvo/Geekie
 2     in selling the equipment to third parties?
 3           A.      We engaged our sales force that
 4     went to current customers that we have to
 5     solicit them to buy or re-lease the assets.
 6           Q.      When you say the sales force, are
 7     you speaking of specific persons or a group of
 8     people that were notified of the availability of
 9     the equipment?
10           A.      I wasn't really involved in that
11     part of it.  I don't want to speculate.
12           Q.      How long have you been employed by
13     GE?
14           A.      January will be twenty-two years.
15           Q.      What's your current position or
16     title?
17           A.      I'm remarketing team leader for
18     the asset management group.
19           Q.      And who is your immediate
20     supervisor right now?
21           A.      Michael Wood.
22           Q.      How long have you been a
23     remarketing team leader at GE?
24           A.      Two years.
25           Q.      What are your responsibilities as
```